BARRY J. PORTMAN
Federal Public Defender
STEVEN G. KALAR
Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant Craig

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 08-0329 JSW |
| Plaintiff, | |
| v. | DEFENDANT'S MOTION TO SUPPRESS EVIDENCE SEIZED IN VIOLATION OF THE FOURTH AMENDMENT |
| TIMOTHY CRAIG, | |
| Defendant. | **Hearing Date**: Thursday, September 25, 2008 at 2:30 p.m. |
| | **EVIDENTIARY HEARING REQUESTED** |

# Table of Contents

Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.      Summary of Factual Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.     The Ohio Investigation of Lee Sly . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        A.      The 2007 Investigation of Ohioan Lee Sly . . . . . . . . . . . . . . . . . . . . . . . . . 3

        B.      The Ohio AOL Warrant for Lee Sly's Account . . . . . . . . . . . . . . . . . . . . . 5

        C.       Evidence Obtained from Lee Sly's AOL Account . . . . . . . . . . . . . . . . . . . 6

III.    The Napa Search Warrant Application . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        A.      The Detective Jones Application and Affidavit . . . . . . . . . . . . . . . . . . . . . 8

        B.      Detective Jones Fails to Attach the Federal Materials to the Search Warrant
                Application . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

        C.      The Image Allegedly Attached to Message #223 . . . . . . . . . . . . . . . . . . . 12

IV.     The August 8, 2007 Search of Mr. Craig's Residence . . . . . . . . . . . . . . . . . . . . . 14

V.      Mr. Craig is Charged in Napa County Superior Court, and the Case is Then
        Brought to Federal Court Before this Suppression Motion Could Be Heard in State
        Court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Discussion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

I.      The Federal Materials Provided by ICE Were Not Attached to the Search Warrant
        Application and Cannot, Therefore, Buttress the Probable Cause Showing . . . . 15

II.     Detective Jones's Search Warrant Application and Affidavit Provide Insufficient
        Probable Cause to Support the Napa Search . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

        A.      Because No Image Was Shown to the Magistrate, and Because There Was
                No Detailed Description of the Image in Jones's Application, There Was
                Insufficient Probable Cause to Merit a Search Warrant . . . . . . . . . . . . . . 19

1
2

**Table of Contents (cont.)**

3    1.    Detective Jones's Reference to the # 223 Image Fell Far Short of the
4         "Terse" Description Held to Be Insufficient by the Ninth Circuit in
         *Battershell* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
5
6    2.    There is No Meaningful Difference in the Probable Cause Analysis
         Between the California Child Pornography Statute and the Federal
7         Statute . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
8
9    3.    There is No Basis to Support the Probable Cause Showing in the
         Search Warrant Application Because No Person is Identified as
         Having Reviewed the Image Attached to Message #223 . . . . . . . . 23
10
11  B.    One E-mail to Which is Attached One Image of Alleged Child Pornography
         is Insufficient to Establish Probable Cause . . . . . . . . . . . . . . . . . . . . . . . . 24
12
13  C.    The Fact that Mr. Craig Was a Sex Registrant Does Not Provide Sufficient
         Probable Cause . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30
14
15 III.    Even if the Federal Materials Were Attached to the Warrant Application, There
         Was Insufficient Probable Cause to Support the Search Warrant . . . . . . . . . . . 32
16
17 IV.    The Evidence in Support of the Probable Cause Showing Was Stale . . . . . . . . 33
18 V.    There Was Insufficient Probable Cause to Believe Evidence of Child Pornography
19        Would Be Found at the Napa Residence . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34
20 VI.    Because Detective Jones Intentionally Misstated Material Issues of Facts,
         Suppression is Warranted Under *Franks* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35
21
22  A.    Detective Jones Misrepresented the Returns of the Ohio AOL Warrant . . 36
23  B.    Detective Jones Misstated a Material Fact by Characterizing the Image
24        Attached to Message # 223 as "Child Pornography" . . . . . . . . . . . . . . . . 37
25 VII.    The *Leon* Good Faith Exception Can Not Salvage this Warrant . . . . . . . . . . . . 39
26 Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

27
28

1
2

**Table of Authorities**

3

**Federal Cases**

4

*Center Art Galleries-Hawaii, Inc. v. United States*, 875 F.2d 747 (9th Cir. 1989) . . . . . 17

5
6

*United States v. Brown*, 951 F.2d 999 (9th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . 40, 41

7

*Edgerly v. City and County of San Francisco*, 495 F.3d 645 (9th Cir. 2007) . . . . . . . . . 40

8

*Franks v. Delaware*, 438 U.S. 154 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

9
10

*United States v. Hay*, 231 F.3d 630 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . 29, 34, 35

11

*Illinois v. Gates*, 462 U.S. 213 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

12

*In re Property Belonging to Talk of the Town Bookstore, Inc.*,

13

    644 F.2d 1317 (9th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

14

*United States v. Anderson*, 453 F.2d 174 (9th Cir. 1971) . . . . . . . . . . . . . . . . . . . . . . . 15

15

*United States v. Battershell*, 457 F.3d 1048 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . *passim*

16
17

*United States v. Castillo*, 866 F.2d 1071 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . 15

18

*United States v. Crews*, 502 F.3d 1130 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . 41

19

*United States v. Dost*, 636 F. Supp. 828 (S.D. Cal. 1986) . . . . . . . . . . . . . . . . . . . . . . . 38

20
21

*United States v. Dozier*, 844 F.2d 701 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . 41

22

*United States v. Fowlie*, 24 F.3d 1059 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . 41

23

*United States v. Freitas*, 856 F.2d 1425 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . 42

24
25

*United States v. Gourde*, 440 F.3d 1065 (9th Cir. 2006) *en banc* . . . . . . . . . . . . 15, 24, 29

26

*United States v. Hayes*, 794 F.2d 1348 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . 17

27

*United States v. Hill*, 459 F.3d 966 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

28

**Table of Authorities (cont).**

*United States v. Hillyard*, 677 F.2d 1336 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . 17

*United States v. Hove*, 848 F.2d 137 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . 41, 42

*United States v. Kelley*, 482 F.3d 1047 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . *passim*

*United States v. Kow*, 58 F.3d 423 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39, 40, 42

*United States v. Lambert*, 887 F.2d 1568 (11th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . 16

*United States v. Leon*, 468 U.S. 897 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39, 41

*United States v. Luk*, 859 F.2d 667 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*United States v. Luong*, 470 F.3d 898 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

*United States v. Nance*, 962 F.2d 860 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

*United States v. Rowland*, 145 F.3d 1194 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . 35

*United States v. Rubio*, 727 F.2d 786 (9th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*United States v. Taylor*, 716 F.2d 701 (9th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . 15, 31, 32

*United States v. Towne*, 997 F.2d 537 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . 16, 18

*United States v. Weber*, 923 F.2d 1338 (9th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . *passim*

*United States v. Whitworth*, 856 F.2d 1268 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . 35

**State Cases**

*People v. Adinolfi*, 106 Cal. App. 261 (1930) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

*People v. Newton*, 9 Cal. App. 3d Supp. 24 (1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

**Table of Authorities (cont).**

**Federal Statutes**

18 U.S.C. §§ 2252(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 2256(8) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

U.S. Const. amend. IV . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

**State Statutes**

Cal Penal Code § 290 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

Cal. Penal Code § 311.11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Cal. Penal Code § 311.4(d)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

BARRY J. PORTMAN
Federal Public Defender
STEVEN G. KALAR
Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant Craig

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 08-0329 JSW |
| | ) | |
| Plaintiff, | ) | DEFENDANT'S MOTION TO |
| | ) | SUPPRESS EVIDENCE |
| v. | ) | SEIZED IN VIOLATION OF |
| | ) | THE FOURTH AMENDMENT |
| TIMOTHY CRAIG, | ) | |
| | ) | **Hearing Date**: Thursday, |
| Defendant. | ) | September 25, 2008 at 2:30 |
| | ) | p.m. |

**EVIDENTIARY HEARING
REQUESTED**

TO: UNITED STATES ATTORNEY, PLAINTIFF; AND KEVIN V. RYAN,
UNITED STATES ATTORNEY, NORTHERN DISTRICT OF CALIFORNIA;
AND DENISE BARTON, ASSISTANT UNITED STATES ATTORNEY

PLEASE TAKE NOTE that on September 24, 2008, defendant Tim Craig will
move this Court to suppress the fruits of an unlawful search undertaken in violation of the
Fourth Amendment. This motion is based on the constitution of the United States, all
relevant case law and statutory authority, the following memorandum of points and
authorities, and the argument of undersigned counsel at the motion hearing. The defense
requests an evidentiary hearing on this motion, should it be necessary.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Summary of Argument**

Mr. Timothy Craig stands before this Court charged in a two count indictment with receipt and possession of child pornography, in violation of 18 USC §§ 2252(a)(2) and 2252(a)(4)(B), respectively. *See Exh. A, Indictment*. In this motion Mr. Craig moves this Court to suppress all fruits of an unlawful search of an apartment in Napa, undertaken on August 8, 2007.

**Background**

**I.    Summary of Factual Background**

This case involves a very complicated factual background with multiple state and federal jurisdictions, and layers of search warrants. To orientate the Court, the factual background below is prefaced here with a brief summary of the factual chronology of the case.

All of the evidence against Mr. Craig in this prosecution arises from a computer and digital media seized from his Napa residence on August 8, 2007.[1] The search of that residence was pursuant to a search warrant obtained by Napa Detective Joseph Jones, and signed by (visiting) Napa Superior Court Judge John N. Anton.

As will be described in more detail below, there will likely be a factual dispute as to what materials were attached to this search warrant application by Detective Jones. The detective claims that he attached an ICE Report of Investigation and an Ohio federal AOL

_____

[1] As of this filing, the defense still has not seen the material seized from the residence, has not been given photographs of that evidence, has not had non-*Adam Walsh* material disclosed or returned, and has not had an opportunity to undertake any forensic review of any digital media or computers seized. As the parties have explained to the Court, discovery negotiations are underway and the parties hope to avoid discovery litigation. Nonetheless, because the defense has not received the bulk of the discovery at the time of this filing, it reserves the right to file additional pretrial challenges upon review of that evidence (such as a challenge to the breadth and scope of the warrant and search).

1    search warrant application to his own affidavit and application. Evidence from the Napa

2    County Clerk and a declaration from Judge Anton himself strongly undermine that claim.

3         To fully analyze the Napa search warrant it is therefore necessary to start at the

4    beginning of the investigation, in Ohio.

5    **II.    The Ohio Investigation of Lee Sly**

6         The case now before the Court illustrates the host of errors that arise when serious

7    investigations are casually punted to and fro between federal, state, and county law

8    enforcement agencies.[2] Mr. Craig's case began as an investigation by the Orland Park,

9    Illinois Police Department, was handed off to an ICE agent in Ohio, got farmed out to

10   local law enforcement in Napa who tacked (or rather, failed to tack) on federal paperwork

11   to a local search warrant application with little independent analysis, was first prosecuted

12   by the Napa County District Attorney and then – when a similar suppression motion was

13   filed there – was "federalized" and ultimately ended up before this Court. Amidst this

14   jurisdictional bouncing probable cause for the search of the Napa residence was lost.

15        While the tentacles of this investigation actually stretch back to 2004, Mr. Craig's

16   case effectively begins with a 2007 federal investigation in Ohio.

17       **A.    The 2007 Investigation of Ohioan Lee Sly**

18        Mr. Craig's case essentially began with an investigation in Ohio of a man named

19   Lee Sly. *See Exh. B, Materials Allegedly Submitted by Det. Jones* at D00010.[3] Mr. Sly

20

21   _____

22       [2] This is not meant to impugn AUSA Barton or the United States Attorney's Office

23   of the Northern District of California. From the discovery available to date, there is no

     evidence that the United States Attorney's Office was involved in the *Craig* investigation

24   until after state charges had been filed in Napa and the defense had filed this suppression

25   motion (although federal agents apparently did participate in the Napa search).

26       [3] As will be discussed in greater depth *infra*, there is a factual dispute as to what

27   materials were actually submitted in support of the search warrant application by

28   Detective Joseph Jones. Detective Jones has previously represented that he submitted *all*

had been the target of a previous investigation regarding child pornography, and in 2007 new information prompted law enforcement to obtain a search warrant from internet service provider America Online for the contents of Sly's e-mail account. *Id.*

Specifically, in early 2007 an Illinois man named Richard Darkey was discovered to have received an image of child pornography. *Id.* at D00012. That image was received from screen name "SIRIOUT3," identified as Lee Sly of Ohio. *Id.*

In March 2007, law enforcement agents served America Online with a federal search warrant for Mr. Sly's e-mail account. *Id.*; *see also Exh. B, Application and Affidavit for Search Warrant* 1:07 MJ 3005, N.D. Ohio, at D00023 (hereinafter, "AOL Warrant.") As noted in footnote one, *supra*, evidence from the Napa County Clerk and from the Honorable Judge Anton reveals that this AOL Warrant was *not* in fact attached to the search warrant application for Mr. Craig's residence in Napa. *See Exh. C, Frink*

---

of the materials included in Exhibit B. *See Exh. B* at D00001 (e-mail of Det. Jones to AUSA Danner, forwarded to AFPD Kalar). The materials allegedly submitted by Detective Jones have been Bates-stamped by the defense, with a "D" alpha.

The records of the Napa County Clerk flatly contradict the representations of Detective Jones. According to the Clerk's records, the ICE Report of Investigation (at *Exh. B,* D00010) through the AOL Summons Return (at *Exh. B,* D00076) were not included in the search warrant application presented by Detective Jones to the Honorable Judge N. Anton. *See Exh. C., Decl. Melissa Frink.*

Moreover, Judge Anton himself does not remember having been provided the federal materials at D00010 through D00076. He would have remembered this information because the size of the search warrant application would have been unusual for state practice and for Napa County, and because of the descriptions of child pornography movies within. *See Exh. D, Decl. Hon. John N. Anton.*

Mr. Craig objects to the government's reliance on materials from D00010 to D00067 in its defense of the search warrant, because that information was not submitted to the reviewing magistrate who authorized the search warrant. The defense discusses those materials in this motion only in this context of this explicit objection.

1  *Decl.; Exh. D., Hon. Anton Decl.* Despite this evidence, the government may nonetheless

2  contend that the AOL warrant was attached to the Napa search warrant application.

3  Because the AOL warrant may bear on the suppression motion now before the Court, it

4  merits detailed discussion.

5         **B. The Ohio AOL Warrant for Lee Sly's Account**

6         On March 1, 2007, the Honorable Magistrate Judge Patricia Hermann of the

7  Northern District of Ohio signed a search warrant application submitted by ICE Special

8  Agent Gabriel Hagan. *See Exh. B, AOL Warrant* at D00023. Agent Hagan sought data

9  from the AOL account of "SIROUT3" (Lee Sly), alleging probable cause that this data

10  was evidence of the possession and distribution of child pornography. *Id.* at D00025 ¶ 1.

11         The detail and specificity of Agent Hagan's affidavit in support of the AOL search

12  warrant application stands in stark contrast to the skeletal affidavit that would be later

13  submitted by Detective Jones in the Napa search warrant application. The two

14  applications deserve side-by-side comparison.

15         Special Agent Hagan had roughly fifteen years of experience in Customs and ICE

16  when she submitted the AOL warrant application. *Id.* at ¶ 2. She has been involved on

17  more than one hundred investigations involving the sexual abuse of children, and had

18  been the affiant on over seventy-eight search warrants in this field. *Id.* Agent Hagan

19  represented to the authorizing magistrate that she had "observed hundreds of thousands of

20  examples of child pornography," and explained that she investigated the production,

21  distribution, and receipt of child pornography "as defined in Title 18, United States Code,

22  Section 2256," and the transportation of any "visual depiction if such visual depiction

23  involves the use or a minor engaged in sexually explicit conduct." *Id.* at D00026 ¶ 2.

24         Agent Hagan's probable cause showing first focused on four 2004 e-mails sent

25  from a child pornography defendant in Fresno to "Omy1233@aol.com" – Lee Sly. *Id.* at

26  D00033. The agent described the attachments to each of those four e-mails in detail: each

27  image involved a prepubescent female engaged in explicit sexual contact with adults. *Id.*

28  at D00033-34. Agent Hagan described the sexual contact involved with specificity, as is

1    required to establish probable cause. *Id.* Lee Sly was not, however, prosecuted in 2004.

2    Two years later, a separate investigation of a man named Richard Darkey in

3    Orland Park, Illinois, produced evidence sent by Mr. Darkey to an undercover agent in a

4    chat room. *Id.* at D00037 ¶ 17. Mr. Darkey forwarded to the undercover agent a

5    December 4, 2006 e-mail from "SIROUT3" (Lee Sly) with two images attached. *Id.* One

6    of those images depicted a "pubescent female engaged in the lascivious exhibition of the

7    public/genital area. The naked pubescent female is leaning to the side, propped up on her

8    right elbow, with her right knee bent and out to the side, with her left leg straight,

9    exposing her vagina." *Id.*

10   Federal summons then revealed that Lee Sly was active on the SIROUT3 AOL

11   account at the time of the AOL warrant application. *Id.* at D00038-39.

12   **C. Evidence Obtained from Lee Sly's AOL Account**

13   The Ohio AOL search warrant was granted, AOL produced evidence from Mr.

14   Sly's account, and some unidentified person analyzed this data.[4] *See Exh. B, Report of*

15   *Investigation* #9 ("ROI #9") at D00012. It is important to note that the details of the AOL

16   search warrant return – and the analysis of the data from Mr. Sly's account – was

17   apparently memorialized in ICE Report of Investigation **Number 5** (ROI #5), under the

18   same case number. *Id.* There is no evidence – even in Detective Jones's version of the

19   alleged supporting materials – that ROI #5 was attached to the Napa Search Warrant

20   application. *See Exh. B.* ICE Report of Investigation #5 has not been produced in

21   discovery.

22   After the AOL data from Sly's account was analyzed, and presumably after ROI

23   #5 was written, Special Agent Hagan prepared a new Report of Investigation – ROI #9.

24   *See Exh. B.*, *ROI #9* at D00012. That ROI stated its purpose as follows:

25   
   _____

26   [4] As will be discussed, *infra*, the person who analyzed this AOL data from Mr.

27   Sly's account was not identified in *any* of the material allegedly presented to Judge Anton

28   before the Napa search.

1
2
3
4
5
6

    This report serves to identify the 125 other individuals engaged in trading child pornography and to refer investigative leads to various offices for action deemed appropriate. All investigative leads contain at least one image or movie file of child pornography received, forwarded and/or traded by each target in January and February 2007, located within SLY's e-mail account. Each investigative lead denotes the e-mail message(s) where at least one image or movie file of child pornography involving the target was involved; in some cases, more than one image or movie file was attached to the e-mail message.

7
8
9
10

    The screen names associated with the 125 other e-mail accounts were submitted to the National Center for Missing and Exploited Children (NCMEC) for queries in their system; in some cases, previous Cyber Tip Line Reports relating to the screen name were identified, and in others, partial or more complete online user profiles were located. Any affirmative NCMEC response will be noted in each target's investigative lead.

11
12
13
14
15

    All evidence (the search warrant on SLY's e-mail account and any NCMEC reports) will be forwarded to each office. To effect the transfer of evidence, please contact SSA Gabriel Hagan via e-mail (gabriel.hagan@dhs.gov) and reference your target's name along with the case agent's name, address and phone number. Please reference program code "1SN" (Operation Bulldog) when opening any cases.

16   *Id.*, *ROI #9* at D00012.

17     In sum, ROI #9 – which Detective Jones claims was attached to his Napa warrant

18 application, and which the defense vigorously contends was not – is a solicitation for

19 investigations, sent to law enforcement agencies in the locales where these 125 suspects

20 are located. Report #9 lists the identification information of the 125 e-mail accounts. *See*

21 *id.* at D00013 - 22. As promised, Agent Hagan notes when the National Center for

22 Missing and Exploited Children (NCMEC) has a report linked to the suspect's name. *See,*

23 *e.g., id.* at D00013 ("[**REDACTED**] . . . NCMEC response.")

24     The sum total of any reference or evidence relating to Mr. Craig in this report – or

25 in any of the lengthy and extensive investigations arising from Ohio – is a terse

26 paragraph:

27     "Limosdude"- Tim CRAIG, 3271 Beard Rd., Napa, CA 94558, (707) 257-1282. Message #223 in SLY's "sent" folder.

28

1    *Id.* at D00021.

2        There is no reference to any NCMEC response in relation to the "Limosdude"

3    address. ***There is no description in this report – or in any material actually or allegedly***

4    ***submitted in support of the Napa search warrant application – of the image associated***

5    ***with "Message #223" sent to "Limosdude."***

6        It has not been disclosed whether other law enforcement agencies accepted Agent

7    Hagan's invitation for investigation. What is clear is that one officer did: Napa County

8    Detective Joseph Jones.

9    **III.    The Napa Search Warrant Application**

10       **A.    The Detective Jones Application and Affidavit**

11       According to Napa Detective Joseph Jones he first received information relating to

12   this case in July 2007. *See Exh. B.* at D00006:6. In six short paragraphs Detective Jones

13   purported to lay out the probable cause for the search of the Napa residence on Beard

14   Road:

15       In July 2007 Your Affiant received information from the Department of Homeland
         Security, Immigration Customs Enforcement Division. In November 2005 special
16       agents with the Cleveland office of the Department of Homeland Security received
17       information related to the possession and/or distribution of child pornography.
         Agents were lead to believe that Lee Sly of North Royalton Ohio had received
18       child pornography via an e-mail.

19
         In January 20007 [sic], agents received additional information from the Orland
20       Park, IL Police Department. Officers discovered Richard Darkey was involved in
21       trading child pornography via the Internet. Darkey received an image of child
         pornography from the screen name "SIRIOUT3", identified as Lee Sly.
22

23       On March 1, 2007 agents served America Online with a federal search warrant for
         Sly's email account information. A further examination of his account revealed
24       125 other individuals engaged in trading child pornography (Reference
25       Attachment). All the investigative leads contained at least one image or movie file
         of child pornography received, forwarded, and/or traded by each target in January
26       and February of 2007. The America Online search warrant results indicated that
27       Timothy Craig was a suspect in this investigation. The records indicated the

28

following:[5]

"Limosdude"- Tim Craig, 3271 Beard Rd., Napa, CA, 94558, (707)257-1282, Message # 223 in Sly's "sent" folder.

Based on this information Special Agent Charles H. Demore summonsed records from Pacific Gas & Electric for records of service as [sic] 3271 Beard Road, Napa California 94015. Those records indicate a customer name of "Tim Craig" with a telephone number of (707)257-1282.

Your Affiant further conducted a records check and discovered Timothy Charles Craig (09.03.1958) residing at 3271 Beard Road, Napa, California is a PC290 registered sex offender with the California Department of Justice.

*Id.* at D000006.

At the end of the form search warrant application, the phrase "Items attached and incorporated by Reference" is listed in bold, followed by two boxes. *See id.* at D0008. As the graphic following this paragraph shows, both boxes have lines within them; it appears that the "No" box has a handwritten X inside of it. *Id.*

---

[5] This assertion by Detective Jones was a misstatement. The results from the AOL search warrant did *not* reveal that Tim Craig – residing on Beard Road, in Napa – was a recipient of "Message #223" from "Sly's 'sent' folder." That assertion posits that Sly sent Tim Craig an e-mail with child pornography and included Mr. Craig's real name and contact information on it – or at least, that the real name and contact information could be divined from the contents of Sly's AOL e-mail account. That is not the case.

*After* Mr. Sly's AOL account was analyzed, ICE Special Agent Hagan issued a summons to AOL for the subscriber information associated with the e-mail addresses. *See Exh. B* at D00040 (summons dated March 30, 2007). That summons then apparently produced information from AOL that linked the screen name, "Limosdude" to Tim Craig on Beard Road. *See id.* at D00044 "Account information for limosdude." As will be discussed in greater detail *infra*, this misstatement was *Franks* error and warrants suppression.



**B.     Detective Jones Fails to Attach the Federal Materials to the Search Warrant Application**

During early settlement discussions in the present federal case, AUSA Allison Danner e-mailed to undersigned counsel the entire packet that Detective Jones allegedly submitted to the Judge Anton. *See Exh. B* at D000001. Specifically, Ms. Danner forwarded an e-mail from Detective Jones, wherein he represented, "Here is exactly what I presented to Judge Anton." *Id.*[6]

In the packet that Detective Jones maintains that he submitted, there are six major parts:

1.     The Search Warrant (D000002);

2.     Jones's Statement of Probable Cause (D000005);

3.     Agent Hagan's Report of Investigation #9 (ROI #9) (D000010);

4.     The AOL Warrant (D000023);

5.     The later AOL Summons (D000040); and

6.     The (apparent) return to the AOL summons for "Limosdude" (among other names) (D000044).

Parts 3, 4, 5 and 6 above are all from the federal investigations in Ohio. With all of those materials attached, the search warrant application packet would have been seventy-five pages long; a thick sheaf of materials. *See Exh. B.* Without parts three through six, the search warrant packet would only be eight pages long. *Id.* at D000002-09.

_____

[6] As noted previously, Detective Jones's attachment to his e-mail has been Bates stamped by the defense and is found at Exhibit B.

1   Detective Jones did not, in fact, include the federal materials with the search

2   warrant application that he submitted to Judge Anton on August 7, 2007.

3        Judge Anton has also reviewed the packet that Detective Jones claims to have

4   submitted in support of the search warrant. *See Exh. D, Decl. of the Honorable John*

5   *Anton*. Judge Anton is a retired Superior Court judge who has sat in over twenty

6   California counties since his retirement. *Id.* at 1 ¶¶ 1, 3. On August 7, 2007, he was a

7   visiting Superior Court judge in Napa County, California. *Id.* at 1 ¶ 4.

8        Judge Anton's responsibilities in Napa included the review of search warrant

9   applications. *Id.* at 1 ¶ 5. The judge remembers the name, "Timothy Craig" and the

10  general nature of the child pornography allegations in that case. *Id.* at 1 ¶ 6.

11       Judge Anton remembers Detective Jones's search warrant application and the

12  detective's five-page statement of probable cause for the search of the Napa residence. *Id.*

13  at 2 ¶ 7. Judge Anton signed the search warrant found in Exhibit A of his declaration after

14  reviewing Jones's five-page probable cause statement. *Id.* at 2 ¶ 8.

15       The judge does not, however, remember the federal materials described as parts

16  three through six above – everything beyond Detective Jones's declaration. *Id.* at 2 ¶ 10.

17  Judge Anton does not remember that the search warrant that he signed for Beard Road

18  contained as many pages as a packet that contained those materials would have had. *Id.* at

19  2 ¶ 11. Moreover, Judge Anton believes that he would have remembered the federal

20  materials, because of the descriptions of movie files in that document. *Id.* at 2 ¶ 12. He

21  also believes that he would have remembered the federal materials, because they are very

22  lengthy – which stands in contrast to the typical short search warrant applications in state

23  practice. *Id.* at 2 ¶ 13.

24       Judge Anton's recollection is entirely accurate: Jones's brief affidavit *was* all that

25  was submitted in support of the Napa search warrant application. On March 12, 2008, the

26  clerk of the Superior Court of California, County of Napa, produced a certified copy of

27  *all* documents in the court's files relating to the *Craig* case, generated from computer

28  records. *See Exh. C, Frink Decl.; Exh. C, Attachment 1, Certified Records of Napa*

*County Clerk*. Precisely as Judge Anton remembered, the certified court file contains the affidavit of Detective Jones in support of the search warrant application – but the federal materials described in parts three through six above are conspicuously absent. *Id.* On July 1, 2008, the Napa court clerk again retrieved records relating to this search – this time, from a hard-copy folder. *Id.*, *Frink Decl. at* ¶¶ 8-10. Again, this set did not contain the federal materials described in parts three through six above. *Id.; see also Exh. C Attachment 2.*

### C.    The Image Allegedly Attached to Message #223

With or without the federal materials, the only allegation linking Timothy Craig to child pornography in the search warrant application is the following from Detective Jones's probable cause affidavit. This brief summary falsely reports the results of the federal investigation:

> All the investigative leads [from Sly's computer] contained at least one image or movie file of child pornography received, forwarded, and/or traded by each target in January and February of 2007. The America Online search warrant results indicated that Timothy Craig was a suspect in this investigation. The records indicated the following:

> "Limosdude"- Tim Craig, 3271 Beard Rd., Napa, CA, 94558, (707)257-1282, Message # 223 in Sly's "sent" folder.

*Exh. B* at D000006.

What was, in fact, the image allegedly attached to "Message # 223?" First, it should be emphasized that Judge Anton never saw the image attached to this message.[7] It is not, in fact, clear that *Detective Jones* saw this image before submitting the search

---

[7] In response to a defense discovery request, on March 27, 2008 at 9:50 a.m. AUSA Danner left a voice mail message for undersigned counsel that stated, "I've spoke with the agent from Napa and he did not show the Napa judge the picture from Sly's e-mail account."

warrant application.[8]

During a discovery review session on March 18, 2008, AUSA Allison Danner showed the picture allegedly attached to Message #223 to undersigned counsel (as of this filing neither a copy of the image itself nor the content of Message #223 have been provided to defense counsel in discovery.)

The defense hereby moves for disclosure of this image and the content Message #223, to be provided to the defense and to the Court for its review during this suppression motion and for inclusion in the record. Pending that disclosure, following is a description of the image based on undersigned counsel's review:

> The image represented as having been attached to Message #223 is a digital photograph with a beige backdrop. There are two females in the photograph. They are probably older than five and probably younger than teenagers. They are on their hands and knees, with their buttocks pointed towards the camera. They are shoulder to shoulder. They are both wearing red thongs. They are not wearing other clothing. Neither their genitalia nor their breasts are visible. Both females are looking back at the camera over their shoulders. There is fabric of some kind in the bottom left hand corner of the photograph. Digitally embedded on the bottom right corner of the image, in white font on a black square, are the letters "www.vladimages.ru."

The image creation date for this image (for the file on the disk viewed by undersigned counsel) is June 6, 2007.

---

[8] Agent Hagan apparently wrote to the officers interested in initiating investigations with a tip sheet and a packet of information. *See Exh. E, Memo of Gabriel Hagan re CL07QR06PT009 - Lee Sly.* From this memo, it appears that Special Agent Hagan sent California law enforcement officers a CD-rom disk with the relevant images from Mr. Sly's e-mail account. *See id.* at ¶ 1. Whether Detective Jones reviewed the image on the CD associated with Message # 223 – or even had this CD before the search warrant application was filed – is not clear from the discovery thus far. The defense has not been given or shown Agent Hagan's disk as of this filing, and moves for its disclosure.

1

### IV.   The August 8, 2007 Search of Mr. Craig's Residence

On August 8, 2007, Detective Jones, other Napa County Sheriff personnel, and federal ICE agents executed a search of the apartment on Beard Road. *Exh. F, Incident Report* at TC00047. The officers seized a wide variety of information and material, from kitchen cabinets, from the bedroom, and the carport. *Id.* at TC00048. The core evidence for the prosecution now before this Court was obtained from a Toshiba laptop computer and from CD-rom disk(s). *Id.*  These various electronic media allegedly contained child pornography. *Id.*

### V.   Mr. Craig is Charged in Napa County Superior Court, and the Case is Then Brought to Federal Court Before this Suppression Motion Could Be Heard in State Court

Four months after the search Mr. Craig was charged in Napa County Superior Court with "Possession of Control of Child Pornography with a Prior," a felony in violation of California Penal Code 311.11(b). *See Exh. G, Napa County Criminal Complaint*.

On January 18, 2008, Mr. Craig's defense counsel in Napa filed a lengthy Fourth Amendment motion to suppress. As in the present motion, Napa defense counsel asserted that the federal materials had not been attached to the search warrant application, and that the resulting thin affidavit of Detective Jones lacked probable cause. In response to this motion, the District Attorney filed a boilerplate, cut-and-paste response that occasionally borders on the nonsensical. *Exh. H, People's Points and Authorities in Opposition to Defendant's Motion to Suppress*. The District Attorney repeatedly asserts that the search warrant included the federal attachments – but does not claim that they were in the clerk's file. Notably the D.A. offered no declaration or affidavit from Detective Jones to back his claim that the federal materials were attached to the warrant application. *Id.*

Before the suppression motion could be heard (and granted) by the Napa Superior Court judge, the district attorney convinced the United States Attorney's Office to accept the case for prosecution. Mr. Craig (who was out of custody at the time) was arrested by

1    federal agents and made his initial appearance before the Honorable Maria-Elena James

2    on a federal complaint on February 25, 2008.

3                                      **Discussion**

4    **I.    The Federal Materials Provided by ICE Were Not Attached to the Search
         Warrant Application and Cannot, Therefore, Buttress the Probable Cause
5        Showing**

6            Before it can evaluate the legal question of the sufficiency of the probable cause

7    showing in the Napa search warrant, this Court must first resolve a factual issue: were the

8    federal materials provided by ICE Special Agent Hagan actually attached to Napa

9    Detective Jones's search warrant application? The Napa County clerk and Judge Anton

10   agree: they were not.

11           It is horn book law that the "validity of a search warrant depends upon the

12   sufficiency of what is found *within the four corners of the underlying affidavit.*" *United*

13   *States v. Taylor,* 716 F.2d 701, 705 (9th Cir. 1983) (emphasis added); *see also United*

14   *States v. Gourde,* 440 F.3d 1065, 1067 (9th Cir. 2006), *en banc* ("[a]ll data necessary to

15   show probable cause for the issuance of a search warrant must be contained within the

16   four corners of a written affidavit given under oath.") (quoting *United States v. Anderson,*

17   453 F.2d 174, 175 (9th Cir. 1971) (internal quotation and citation omitted)). The review

18   of the probable cause showing in a search warrant application has long been strictly

19   limited to the materials that were *actually before* the reviewing magistrate. "The

20   magistrate must be provided with sufficient facts from which he may draw the inferences

21   and form the conclusions necessary to a determination of probable cause. The facts upon

22   which the magistrate bases his probable cause determination *must appear within the four*

23   *corners of the warrant affidavit*; the warrant cannot be supported by outside information."

24   *United States v. Rubio*, 727 F.2d 786, 795 (9th Cir. 1984) (emphasis added); *see also*

25   *United States v. Castillo*, 866 F.2d 1071, 1077 (9th Cir. 1988) (explaining that the

26   appellate review of the probable cause determination in the search warrant is limited to

27   the information contained within the four corners of the underlying affidavit.)

28

1    In the present case, the four corners of Detective Jones's search warrant

2    application did not include the federal ICE materials. Those federal materials cannot,

3    therefore, be considered in this Court's probable cause review.

4    Of course, the first step in the "four corners" analysis is to determine where

5    exactly the four corners of the search warrant lie. This Court must accordingly determine

6    the actual content of the search warrant application that was before Judge Anton in

7    August of 2007. *See United States v. Towne,* 997 F.2d 537, 544 (9th Cir. 1993) ("Only

8    after the content of the 'search warrant' is established . . .  can the warrant be tested to see

9    if it meets [Fourth Amendment] requirements.") While extrinsic evidence may be

10   considered to determine whether a supporting affidavit was part of the search warrant,

11   "the *absence from the court records of an affidavit constitutes some evidence that one did*

12   *not exist* and, depending on the circumstances, *may preclude a determination that the*

13   *warrant was issued on probable cause.*"  *Id.* at 543 (quoting *United States v. Lambert*,

14   887 F.2d 1568, 1571-72 (11th Cir. 1989) (emphasis added). The absence of the federal

15   materials from the Napa County court records is strong evidence that these materials did

16   *not* in fact accompany Detective Jones's affidavit: "The records of that court [which

17   authorized the warrant] should receive . . . great respect and proper deference." *Id.* at 540.

18   When the absence of the federal materials from the court file is corroborated and

19   confirmed with Judge Anton's declaration this rises to essentially conclusive evidence

20   that Detective Jones did not attach the federal information to his search warrant

21   application. The federal materials were not simply not attached or presented to the

22   magistrate, and their absence "preclude[s] a determination that the warrant was issued on

23   probable cause." *Id.* at 543.

24   This outcome is supported by a parallel line of authority regarding missing

25   affidavits in "overbroad" search warrants. In this authority, the government relies on

26   warrant attachments to attempt to narrow the scope of a search. *See, e.g., United States v.*

27   *Luk*, 859 F.2d 667, 676 (9th Cir. 1988) (explaining that it is a "well-settled principle that a

28   warrant's overbreadth can be cured  by an accompanying affidavit that more particularly

1   describes the items to be seized."); *see also In re Property Belonging to Talk of the Town*

2   *Bookstore, Inc.*, 644 F.2d 1317, 1319 (9th Cir. 1981) ("the warrant may properly be

3   construed with reference to the affidavit . . . provided that a) the affidavit accompanies the

4   warrant, and b) the warrant uses suitable words of reference which incorporate the

5   affidavit therein."); *United States v. Hillyard*, 677 F.2d 1336, 1340 (9th Cir. 1982) ("the

6   search warrant may be construed with reference to the affidavit for purposes of satisfying

7   the particularity requirement if (1) the affidavit accompanies the warrant, and (2) the

8   warrant uses suitable words of reference which incorporate the affidavit therein."); *United

9   States v. Hayes*, 794 F.2d 1348, 1354 (9th Cir. 1986) ("an affidavit may be relied upon to

10  provide the requisite particularity in an otherwise overbroad warrant only if (1) the

11  affidavit accompanies the warrant, and (2) the warrant uses suitable words of reference

12  which incorporate the affidavit therein.")

13      Cases that discuss the "cure by affidavit" rule reveal that in order for an affidavit

14  to "cure" a deficient search warrant, the affidavit in question *should be attached* to the

15  warrant application when the application is reviewed by the issuing magistrate:

16      The purpose of the accompanying affidavit clarifying a warrant is both to limit the
        officer's discretion and to inform the persons subject to the search what items the
17      officers executing the warrant can seize.  If the needed affidavits are not attached
        to the warrants, then neither purpose is served. Consequently, in this case the
18      affidavits may not be considered in determining whether the warrant is facially
        [defective].
19

20  *Hayes,* 794 F.2d at 1355.

21      Applying this principle, the Ninth Circuit held that "an affidavit can cure the

22  [facial deficiency] of a warrant if the affidavit is 'attached to and incorporated by

23  reference in' the warrant."  *Center Art Galleries-Hawaii, Inc. v. United States,* 875 F.2d

24  747, 750 (9th Cir. 1989).

25      This "overbreadth" authority is an informative line of cases, and is an area of

26  jurisprudence that strongly suggests that materials to be considered in conjunction with a

27  search warrant should be attached to the application and incorporated by reference or – at

28

1  minimum – *must* have been *seen by the magistrate* and identified as "*that* set of papers

2  and *that* series of words [that serve as] . . . proof that proper precautions were taken to

3  prevent an unreasonably invasive search." *Towne*, 997 F.2d at 548 (emphasis added).

4  Note, moreover, that the primary concern with the overbreadth analysis is the role of

5  attached documents in limiting the ultimate scope of the search. The rationale that

6  requires materials to be attached or incorporated into a search warrant applies with even

7  greater force to the threshold question of whether the authorizing magistrate has been

8  presented with a sufficient showing of probable cause.

9      Judge Anton (the magistrate who issued the Napa warrant) could not have relied

10 upon that which he never saw. From his declaration, and from all available records in the

11 Napa Court Clerk's office, it is apparent that Detective Jones failed to attach the federal

12 materials to his search warrant application and affidavit. Because the federal ICE

13 materials were not within the four corners of the search warrant application, those

14 materials cannot be considered now in reviewing whether there was sufficient probable

15 cause for a search warrant to issue.

16 **II.    Detective Jones's Search Warrant Application and Affidavit Provide**

17        **Insufficient Probable Cause to Support the Napa Search**

18     "'[N]o Warrants shall issue, but upon probable cause, supported by Oath or

19 affirmation, and particularly describing the place to be searched, and the

20 persons or things to be seized.' U.S. Const. amend. IV. The Constitution is clear; a

21 magistrate may authorize a search of a location only if officers establish probable cause to

22 believe evidence of a crime may be found there." *United States v. Hill*, 459 F.3d 966, 970

23 (9th Cir. 2006).

24     In the present case, Detective Jones's search warrant application did not establish

25 sufficient probable cause to support the Napa search warrant.

26

27

28

**A.  Because No Image Was Shown to the Magistrate, and Because There Was No Detailed Description of the Image in Jones's Application, There Was Insufficient Probable Cause to Merit a Search Warrant**

The primary shortcoming of the Jones affidavit is both unsurmountable and fatal to the Napa search warrant: the detective failed to provide the sole offending image to the magistrate for his review, and failed to describe the image in detail to allow the neutral and detached magistrate the subjective determination of whether the image was, in fact, child pornography.

**1.  Detective Jones's Reference to the # 223 Image Fell Far Short of the "Terse" Description Held to Be Insufficient by the Ninth Circuit in *Battershell***

Because Detective Jones's application and affidavit failed to provide the image allegedly attached to Message #223 to the magistrate, and because it failed to describe the image in any detail whatsoever, there was insufficient probable cause to support the search warrant issued for the Napa residence.

One of the leading Ninth Circuit decisions on this issue is a 2006 decision by Judge Tallman. *See United States v. Battershell*, 457 F.3d 1048 (9th Cir. 2006). In *Battershell*, the warrant application did not include images seen on a computer that was the target of the search. *Id.* at 1049. The investigation was sparked when the defendant's girlfriend and her sister reported to law enforcement that they had seen pictures on the defendant's computer of "kids having sex." *Id.* at 1049. With the consent of these women, officers viewed pictures on the computer. The report of one of the officers described the images he saw: "the first picture showed "a young female (8-10 YOA) naked in a bathtub. The second picture showed another young female having sexual intercourse with an adult male. This confirmed that the pictures were illegal to obtain." *Id.*

The officer's report – with the descriptions of these two images – formed the basis of a search warrant application. *Id.* at 1050. The search of the computer revealed images involving the sexual abuse and exploitation of children and ultimately lead to a federal

1   indictment. *Id.*

2       The issue before the Ninth Circuit was akin to the issue presented in the instant

3   motion: "we must determine that the warrant application made a sufficient showing that

4   there was probable cause for the magistrate to believe that the pictures likely to be found

5   on Battershell's computer depicted: (1) sexually explicit conduct; and (2) a minor

6   engaged in that conduct." *Id.* at 1051.

7       Judge Tallman described five areas of "sexually explicit conduct" defined by the

8   federal statute. *Id.* (discussing 18 USC § 2256(A)(2)). As in the present case, the first four

9   categories do not apply. *See id.* It was the fifth category – the "lascivious exhibition of the

10  genitals or pubic area of any person" – that was at issue in the photos described in

11  *Battershell* (and is the category that is at issue in the present case). *Id.* (discussing 18 USC

12  § 2256(2)(A)(v)).

13      Judge Tallman observed that this "lascivious" category of "sexually explicit

14  conduct" is particularly challenging to define. As the Court explained, the identification

15  of lascivious images almost always involves a subjective and conclusory determination on

16  the part of the viewer. *Id.* (quoting *United States v. Brunette*, 256 F.3d 14, 18 (1st Cir.

17  2001)).

18      The Ninth Circuit's treatment of the first, "bathtub" image in *Battershell* fatally

19  undermines the search warrant at issue in the *Craig* case:

20      Officer Lobdell described the first photograph as "a young female (8-10 YOA)
        naked in a bathtub." The government correctly concedes that the description of the
21      first photograph *is insufficient to establish probable cause* because the first
        photograph falls within the fifth category of child pornography: "lascivious
22      exhibition of the genitals or pubic area." Officer Lobdell's terse description, absent
        an accompanying photograph, is insufficient to establish probable cause that the
23      photograph lasciviously exhibited the genitals or pubic area because *his conclusory
        statement is an inherently subjective analysis and it is unclear if the photograph
24      exhibited the young female's genitals or pubic area.*

25

26

27

28

*Id.*[9] (emphases added).

Turning back to the Napa warrant, Detective Jones's "description" of the image allegedly attached to Message # 223 falls far short of the detail given in the description of the first image in *Battershell*; an image that did *not* establish probable cause. The *Battershell* description provided the gender of the subject of the image; Jones's flat assertion that the Message #223 image was "child pornography" did not. The *Battershell* description gave the approximate age of the subject of the image; Jones's cribbed blurb from the Report of Investigation #9 did not. The *Battershell* description explained the setting of the image (a girl in a bathtub); the Jones reference to the # 223 image was completely devoid of detail. Finally, the *Battershell* description explained that the young girl was naked; Detective Jones, by contrast, provides no details as to the subjects's state of dress – indeed, no details or description of the image at all. Detective Jones's description of the image allegedly attached to Message # 223 is so cursory that it cannot fairly be described as a description: it is certainly far, far less than the "terse" description of the bathtub image in *Battershell*. Because the description of the bathtub image in *Battershell* did not establish probable cause, Detective Jones's reference to the attachment to Message #223 certainly failed to do so as well. *Battershell*, 457 F.3d at 1051; *see also United States v. Weber*, 923 F.2d 1338, 1344 (9th Cir. 1991) (holding that one delivery of materials that were "apparently child pornography" two years before the search warrant was a "bare bones" showing that did not provide a substantial basis to find probable cause for a search warrant).

**2.      There is No Meaningful Difference in the Probable Cause Analysis Between the California Child Pornography Statute and the Federal Statute**

In *Battershell*, the Court essentially combined the analysis of probable cause to

---

[9] The description of the second image – of a young female having sex with an adult male – was sufficient to satisfy the probable cause showing. *Id.* at 1053-54.

1  believe a *federal* child sex crime had been committed, with the analysis of probable cause

2  as to whether there had been a violation of a *Washington* state statute. 457 F.3d at 1051 &

3  n.2 (explaining that there was no meaningful difference in the probable cause analysis

4  between the Washington statute and the federal child pornography statutes). The same is

5  true in the present case, which involves California statutes.

6      California Penal Code Section 311.11 makes it a felony to possess an image "the

7  production of which involves the use of a person under the age of 18 years, knowing that

8  the matter depicts a person under the age of 18 years personally engaging in or simulating

9  sexual conduct, as defined in subsection (d) of Section 311.4." Cal. Penal Code § 311.11.

10     Subsection (d) of Section 311.4, in turn, defines various type of sexual conduct

11  (most of which is not at issue in the image allegedly attached to Message #223):

12  > "Sexual conduct" means any of the following, whether actual or simulated: sexual
13  > intercourse, oral copulation, anal intercourse, anal oral copulation, masturbation,
    > bestiality, sexual sadism, sexual masochism, penetration of the vagina or rectum
14  > by any object in a lewd or lascivious manner, exhibition of the genitals or pubic or
    > rectal area for the purpose of sexual stimulation of the viewer, any lewd or
15  > lascivious sexual act as defined in Section 288, or excretory functions performed
16  > in a lewd or lascivious manner, whether or not any of the above conduct is
    > performed alone or between members of the same or opposite sex or between
17  > humans and animals. An act is simulated when it gives the appearance of being
18  > sexual conduct.

19  Cal. Penal Code § 311.4(d)(1).

20     "Child pornography" is defined by federal statute in Section 2256(8) of Title 18:

21  > 18 U.S.C. § 2256(8) defines "child pornography" as any visual depiction,
22  > including any photograph, film, video, picture, or computer or computer-generated
    > image or picture, whether made or produced by electronic, mechanical, or other
23  > means, of sexually explicit conduct, where-

24  > (A) the production of such visual depiction involves the use of a minor
25  > engaging in sexually explicit conduct;

26  > (B) such visual depiction is a digital image, computer image, or
27  > computer-generated image that is, or is indistinguishable from, that of a
    > minor engaging in sexually explicit conduct; or
28

(C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

Section 2256(2)(B)(iii) defines "sexually explicit conduct" as "graphic or simulated lascivious exhibition of the genitals or pubic area of any person." Thus, the lascivious exhibition of the genitals or pubic area of a minor constitutes child pornography.

*Hill*, 459 F.3d at 969 & n.2.

The state and federal statutes thus overlap in the only area of significance in the present motion to suppress: in essence, they both include a "lascivious" category that prohibits the exhibition of the genitals or pubic area of a minor for the purpose of sexual stimulation of the viewer.

As in *Battershell*, there is no meaningful difference in the probable cause analysis between the federal child pornography statutes and California statutes. *Battershell*, 457 F.3d at 1051 & n.2  As in *Battershell,* under either statutory definition there was insufficient probable cause to support the search warrant.

### 3. There is No Basis to Support the Probable Cause Showing in the Search Warrant Application Because No Person is Identified as Having Reviewed the Image Attached to Message #223

There was insufficient probable cause in the Napa search warrant, because nowhere in Detective Jones's affidavit (or in the federal materials, for that matter) does it identify the person who reviewed the image allegedly attached to Message #223.

In his affidavit, Detective Jones does not reveal who made the "subjective and conclusory determination" that the Message # 223 image was "child pornography." *Battershell*, 457 F.3d at 1051. Indeed, from Jones's affidavit it remains a mystery *who* made this determination:

On March 1, 2007 agents served America Online with a federal search warrant for Sly's email account information. *A further examination of his account* revealed 125 other individuals engaged in trading child pornography (Reference Attachment). All the investigative leads contained at least one image or movie file of child pornography received, forwarded, and/or traded by each target in January and February of 2007.

1    *Exh. B*, *Jones Statement of Probable Cause at 2:16-21,* D00006 (emphasis added).

2          Detective Jones does not reveal who conducted the "further examination of this

3    account." *Id.* He does not identify who determined that the images in the Sly account

4    were evidence of "trading in child pornography." *Id.* He does not tell Judge Anton the

5    identity of the person who determined that at least one image or movie file of child

6    pornography was sent to the "Limosdude" screen name. *Id.*

7          This omission is important, because the government will undoubtedly tout the

8    (questionable) expertise of Detective Jones or the (more-extensive) expertise of Special

9    Agent Hagan in the identification of child pornography to shore up this facially deficient

10   warrant. This "expertise" is a red herring, for as *Battershell* teaches it is the responsibility

11   of the *magistrate* – and not the agent – to identify prohibited child pornography.

12   Moreover, there is no factual basis in the affidavit (or, for that matter, in the federal

13   materials found in Exhibit B) that either Detective Jones or Agent Hagan reviewed the

14   image and made the legal determination that it was "child pornography." Therefore,

15   whether those two law enforcement officials are "experts" in the field is doubly

16   irrelevant, for Judge Hagan was never told that either Jones or Hagan had even seen the

17   image – much less that they made the subjective determination that the image was child

18   pornography.

19   **B.    One E-mail to Which is Attached One Image of Alleged Child**
20   **Pornography is Insufficient to Establish Probable Cause**

21         The Jones affidavit did not contain "sufficient facts to support the magistrate

22   judge's finding that there was a 'fair probability' that [Craig's] computer contained

23   evidence that he violated [child pornography laws]." *Gourde*, 440 F.3d at 1069. As

24   discussed above, Detective Jones (or another, unidentified agent, paralegal, or computer

25   analyst) cannot usurp the role of a neutral and detached magistrate by making the

26   subjective, conclusory determination that the image attached to Message #223 was "child

27   pornography." *Battershell*, 457 F.3d at 1051.

28         Even if Detective Jones had provided a detailed description of an image of child

pornography, however, a single e-mail with a single image does not create a "fair probability" that the Napa residence contained child pornography.

The lead decision on probable cause arising from e-mailed child pornography is *United States v. Kelley*, 482 F.3d 1047 (9th Cir. 2007), *cert. denied sub nom. Kelley v. United States*, 128 S. Ct. 877 (2008). In *Kelley*, the defendant challenged the probable cause showing in an affidavit before the Honorable Phyllis J. Hamilton in the Northern District of California. *Id.* at 1048. Because of an "unusual situation" of a district court's redaction of the affidavit, *id.* at 1051, the legal issue for the Ninth was narrow – and similar to that now before this Court. In essence, the question for the Court in *Kelley* was whether the "totality of circumstances . . . allows the reasonable inference that [the defendant] wanted to receive the offending e-mails," when the probable cause showing was information discovered during "two unrelated computer searches for child pornography, demonstrating that Kelly had received nine e-mails with attachments depicting young boys in sexually explicit positions." *Id.* at 1048.

The government's defense of the probable cause showing in *Kelley* stands in marked contrast to the non-existent showing in Detective Jones's warrant affidavit:

> The government maintains that the totality of the circumstances allows the reasonable inference that Kelley wanted the offending e-mails, even though there was no direct evidence that he solicited them, because he was sent multiple e-mails with sexually explicit images of children, he was linked to two individuals known to possess or receive child pornography, the child pornography was of the same type and this shows Kelley's interest, the type of child pornography Kelley was sent is not the kind of material likely to be received by unwitting recipients, and he received the contraband on different occasions at two different screen names.

*Id.* at 1051. The defendant Kelley countered that the affidavit was deficient for a number of reasons:

- There was no evidence about who sent the small number of e-mails or when some of them were sent;

- There was no evidence that he solicited, desired, opened, or even received them as the e-mails could have been bounced back by a spam blocker;

1

2

3

● There was no evidence that connects him to the offender typology;

● There was no evidence that corroborates any interest or intent on his part to obtain or possess child pornography.

*Id.* In this motion, Mr. Craig adopts and advances each of these arguments as to the deficient probable cause showing in the Jones affidavit.

The government prevailed in *Kelley*. The Ninth Circuit first turned to the (then-recent) decision in *Gourde* for the analysis to be used in computer search warrants: "This means, as *Gourde* illustrates, that it can be 'fairly probable' that images of child pornography would be found on Kelley's computer without concrete evidence that Kelley actually solicited the e-mails if it appears likely that he did from the facts averred in the affidavit and reasonable inferences drawn from them." *Id.* at 1052.

The Court in *Kelley* used the cross-buttressing effect of e-mails from two different known sources of child pornography – and the fact that there were multiple e-mails containing clear child pornography – to support the inference that Kelley knowingly received these e-mails:

> Thus, the salient facts are that Kelley, using two different screen names, received nine different emails with numerous attachments containing the same type of illicit child pornography (depicting sexually graphic conduct by young boys) that two other, unrelated individuals also had on their computers. There is no question that at least one of these individuals, Mumenthaler, also distributes child pornography, and that Hutchings collects it. As the affidavit explains, those who collect child pornography often collect addresses of persons with similar interests as a means of referral, exchange, and profit. The reasonable inference from receipt of e-mails in care of different screen names that pertain to a discrete type of pornography – young boys in sexually explicit poses – and that also ended up on the computers of two unrelated people who were also receiving or distributing the same type of material, is that Kelley was part of network of persons interested in child pornography primarily involving young boys.

*Id.* at 1053.

*None* of these cross-buttressing facts are present in the case now before the Court. In *Kelley*, there were multiple e-mails. Here, there was one. In *Kelley*, there dozens of

1  image and video attachments. *Id.* at 1052-53. Here, there was one. In *Kelley*, the affiant

2  described the images in detail and those descriptions clearly were of child pornography.

3  *Id.* at 1053. Here, there was no description of the image. In *Kelley*, all of the images

4  involved young boys involved in sexually explicit conduct – reinforcing the inference that

5  Kelley had a specific interest in this type of image, and that this was not "spam." *Id.* at

6  1053. Here, the magistrate (and quite likely, Detective Jones) never actually saw the

7  Message # 223 image – and there were obviously no other images of like nature to

8  buttress an inference against Mr. Craig. In *Kelley*, the affidavit contained expert opinion

9  about child pornography collectors and networks of distribution. *Id.* at 1053. Here, there

10  was no expert opinion offered on these subjects, at all. In *Kelley*, the defendant received

11  child pornography from two different and unrelated known child pornography sources. *Id.*

12  at  1053. In the present case, "Limosdude" was sent Message #223 from a *single* source –

13  and was sent only one identified message, with one image labeled, "child porn." In

14  *Kelley*, the defendant was sent child porn to *several* of his screen names. *Id.* In the present

15  case, one image was sent to one screen name. In *Kelley*, the nine e-mails and dozens of

16  attachments were received over a time span of at least ten months. *Id.* at 1054. In the

17  present case, one e-mail was sent *on one occasion* (up to eight months before the search).

18      In a particularly compelling dissent, Judge Thomas in *Kelley* describes the plague

19  of "billions of email messages" that are sent as daily as "spam," and explains that "a

20  substantial proportion consists of pornographic images or links to pornographic

21  websites." *Id.* at 1055-56 (Thomas, C.J., dissenting). As Judge Thomas warns, "Spam

22  may also contain child pornography or links to illegal websites containing child

23  pornography." *Id.* at 1056. Indeed, in his dissent Judge Thomas collects documented

24  examples of child porn sent to unwitting email recipients. *Id.* at 1056 & n.3. Judge

25  Thomas vigorously questioned the majority's holding that the "mere transmission of

26  unsolicited pornographic emails creates probable cause to search the entire house of the

27  email recipient." *Id.* at 1056.

28      Responding to these criticisms, the decision's author, Judge Rymer, concedes that

the "spam argument" might be "forceful" in "different circumstances." *Id.* at 1053. She reassures the reader, however, that *Kelley* did not run afoul of this spam concern because the case did not involve a *single* e-mail:

> Kelley did not receive *an* e-mail containing illicit pornographic images, or even two or three, but nine such emails sent to more than one of his screen names. That he received the same kind of attachments on multiple occasions and in different screen names makes it more probable that the transmissions were not accidental.

*Id.* (emphasis in original).

The probable cause "showing" of Detective Jones is precisely what *Kelley* was not: a single e-mail, with a single attachment, sent to a single screen name, on a single occasion. There is no showing in the affidavit that Mr. Craig solicited this e-mail, that he ever actually received this e-mail, that he opened it on a home computer, or that he had any interest in receiving this type of image. It is, put simply, the spam nightmare described by Judge Thomas and acknowledged by Judge Rymer in *Kelley*. It is not probable cause.

Consider the Fourth Amendment ramifications if the Jones's affidavit was sufficient. Every federal practitioner in the Northern District of California must have an e-mail address to comply with ECF filing requirements. Those addresses are a matter of public record. If the *Craig* affidavit survives, any child pornographer could send a single unsolicited e-mail – with a single child porn attachment – to any and all of these attorney's addresses (including, incidently, to any court e-mail address). If that pornographer's computer ever is discovered, probable cause will suddenly blossom across the district and the government would have *carte blanche* to search every federal counsel's personal and work computers. Is this the point to which the Fourth Amendment has devolved?

This hypothetical is not a "parade of horribles" or a *reductio ad absurdum*: Mr. Craig's is the case that finally pushes up to – and beyond – the limits of the Fourth Amendment in computer searches. The Court is asked to reflect on unsolicited e-mails

that it has received on business or personal accounts. Is it prepared to concede that every one of those unsolicited e-mails fairly reflects the Court's interest in whatever subject the spam message is trying to hawk? Would a *single* one of those spam messages establish probable cause that the item or merchandise offered in the e-mail would be found in the Court's home, or in chambers?

It is conceded that in *Illinois v. Gates*, 462 U.S. 213 (1983), in *Gourde*, 440 F.3d at 1069, and in *Kelley*, the Supreme Court and the Ninth Circuit have been increasingly reluctant to "flyspeck" the determination of the magistrate judge, and have emphasized the "great deference" to be afforded to the reviewing magistrate. *Gourde*, 482 F.3d at 1050. The government will undoubtedly emphasize this trend at length in its Opposition, arguing that this Court's probable cause inquiry is now the "totality of the circumstances" and trumpeting the "preference to be afforded to warrants." *Id.* at 1050-51.

The defense flatly concedes that this language – and this legal trend – exists. If, however, the Jones affidavit is sufficient in *this* case, on *these* facts, then the Fourth Amendment responsibilities of this Court have been so minimized as to render the probable cause inquiry – and the Fourth Amendment itself – a nullity. As the Ninth Circuit warned in *Gourde*, "Given the current environment of increasing government surveillance and the long memories of computers, we must not let the nature of the alleged crime, child pornography, skew our analysis or make us 'lax' in our duty to guard the privacy protected by the Fourth Amendment." *Id.* at 1074. The *Craig* search takes *Hay*,[10] takes *Gourde*, takes *Kelley* to the Fourth Amendment breaking point – and far beyond. This Court should suppress.

---

[10] *United States v. Hay*, 231 F.3d 630, 633-34 (9th Cir. 2000) (upholding warrant for defendant's computer in light of information that his internet address had received transmission of nineteen images of child pornography from a known trader).

1
2

## C.    The Fact that Mr. Craig Was a Sex Registrant Does Not Provide Sufficient Probable Cause

3

The government will attempt to salvage the defective application by pointing out

4

that Jones's affidavit described Mr. Craig as a registered sex offender:

5

Your Affiant further conducted a records check and discovered Timothy Charles Craig (09.03.1958) residing at 3271 Beard Road, Napa, California is a PC290 registered sex offender with the California Department of Justice.

6

7

*Exh. B* at D000006. That fact does nothing, however, to advance the probable cause

8

showing, because so many offenses in California fall under the registration requirement –

9

and Detective Jones did *not specify the offense of conviction* for Mr. Craig.

10

The (California) Sex Offender Act is codified at California Penal Code § 290.[11] It

11

12

13

[11] § 290. Sex Offender Registration Act; lifetime duty to register within specified number of days following entrance into or moving within a jurisdiction; offenses requiring mandatory registration

14

15

(a) Sections 290 to 290.023, inclusive, shall be known and may be cited as the Sex Offender Registration Act. All references to "the Act" in those sections are to the Sex Offender Registration Act.

16

17

18

19

20

(b) Every person described in subdivision (c), for the rest of his or her life while residing in California, or while attending school or working in California, as described in Sections 290.002 and 290.01, shall be required to register with the chief of police of the city in which he or she is residing, or the sheriff of the county if he or she is residing in an unincorporated area or city that has no police department, and, additionally, with the chief of police of a campus of the University of California, the California State University, or community college if he or she is residing upon the campus or in any of its facilities, within five working days of coming into, or changing his or her residence within, any city, county, or city and county, or campus in which he or she temporarily resides, and shall be required to register thereafter in accordance with the Act.

21

(c) The following persons shall be required to register:

22

23

24

25

26

27

28

Any person who, since July 1, 1944, has been or is hereafter convicted in any court in this state or in any federal or military court of a violation of Section 187 committed in the perpetration, or an attempt to perpetrate, rape or any act punishable under Section 286, 288, 288a, or 289, Section 207 or 209 committed with intent to violate Section 261, 286, 288, 288a, or 289, Section 220, except assault to commit mayhem, Section 243.4, paragraph (1), (2), (3), (4), or (6) of subdivision (a) of Section 261, paragraph (1) of subdivision (a) of Section 262 involving the use of force or violence for which the person is sentenced to the state prison, Section 264.1, 266, or 266c, subdivision (b) of Section 266h, subdivision (b) of Section 266i, Section 266j, 267, 269, 285, 286, 288, 288a, 288.3, 288.4, 288.5, 288.7, 289, or 311.1, subdivision (b), (c), or (d) of Section 311.2, Section 311.3, 311.4, 311.10, 311.11, or 647.6, former Section 647a, subdivision (c) of Section 653f, subdivision 1 or 2 of Section 314, any offense involving lewd or lascivious conduct under Section 272, or any felony violation of Section 288.2; any statutory predecessor that includes all elements of one of the above-mentioned offenses; or any person

1  requires sex registration for literally dozens of state offenses, from rape, to sexual battery,
2  to incest, to indecent exposure. *See Exh. I, California Crimes Requiring Sex Registration*
3  *Chart.*

4  It is not a fair – or even a particularly logical – inference to assume that someone
5  convicted of the rape of an adult, or incest with an adult sibling,[12] or a female stripper
6  convicted of indecent exposure for dancing "bottomless" in a topless bar,[13] will have any
7  particular interest in child pornography. There is certainly no attempt by Detective Jones
8  to advance that inferential link. *See Exh. B.* at D000006.

9  The Ninth Circuit has forcefully rejected unsubstantiated inferences by "experts"
10  that opine as to the collection habits of "pedophiles." *See Weber*, 923 F.3d at 1341. In
11  *Weber*, the Court discounted an affiant's "expert opinion" about a class of persons. *Id.* at
12  1345. As the Court explained, "if the government presents expert opinion about the
13  behavior of a particular class of persons, for the opinion to have any relevance, the
14  affidavit must lay a foundation which shows that the *person subject to the search is a*
15  *member of the class*." *Id.* at 1345 (emphasis added).

16  Detective Jones's broad reference to Section 290 registration was not paired with
17  any expert opinion that this "class of persons" is more likely to receive child
18  pornography. The government cannot now, *nunc pro tunc*, spin inferences from Section
19  290 registration that were not before the authorizing magistrate. *Taylor,* 716 F.2d at 705
20  (explaining that the "validity of a search warrant depends upon the sufficiency of what is

21

22  who since that date has been or is hereafter convicted of the attempt or conspiracy to commit any of the
    above-mentioned offenses.
23  Cal Penal Code § 290.

24  [12] *See, e.g., People v. Adinolfi*, 106 Cal. App. 261, 262 (1930) ("The defendant was
25  convicted of the crime of incest accomplished with his adult sister, by whom four children
26  were born as a result of their illicit relationship.")

27  [13] *See, e.g., People v. Newton*, 9 Cal. App.3d Supp. 24 (1970) (upholding indecent
28  exposure conviction of bottomless-dancing women in a topless bar).

found within the four corners of the underlying affidavit.") Finally, there *are* no reasonable inferences that can be drawn from the fact that Mr. Craig belonged to the very large and diverse class of sex registrants. Because so many varied sex crimes require Section 290 registration, membership in that class does not increase the likelihood that Mr. Craig was in the possession of child pornography. Detective Jones's reference to Mr. Craig's sex registration status does not salvage this deficient probable cause showing.

**III.    Even if the Federal Materials Were Attached to the Warrant Application, There Was Insufficient Probable Cause to Support the Search Warrant**

In the face of certified court records and Judge Anton's declaration, the government will not meet its burden to show that the federal materials described in parts 3, 4, 5 and 6 above were included in Detective Jones's search warrant application.

Even if those materials *were* included, however, the warrant is still fatally deficient. The federal materials included in the packet that Detective Jones claims he submitted add nothing to the deficient probable cause showing. *See Exh. B, ROI #9, AOL Warrant, AOL Summons, AOL Summons Returns.* None of the defense challenges to the Napa search warrant are rebutted by evidence from the federal materials.

The defense challenges probable cause because the image attached to Message #223 was not provided to the magistrate or described in detail in Detective Jones's affidavit. That image was not, however, contained in the federal materials in the packet and was not described in any more detail than is found in Jones's affidavit: he simply copied and pasted text from ROI #9. *See id.* Moreover, the federal materials do not identify the person who identified the image as child pornography, or describe that person's expertise or lack thereof. *Id.*

The defense challenges probable cause because there was only a single e-mail to the screen name "Limosdude," with a single image of alleged child porn described in Jones's affidavit. The federal materials do not, however, describe any additional e-mails or images sent to "Limosdude."

The defense challenges the probable cause that the single e-mail and image would

be found at the Napa residence. Nothing in the federal materials, however, add any additional showing that Mr. Craig actually received this e-mail, or that he received it on a home computer, or that it would be stored there.

In the following section, the defenses challenges probable cause because the evidence in Detective Jones's affidavit was stale. That evidence, however, was simply cribbed from the federal materials (which long predated the Napa affidavit). There is nothing in the federal materials – no expert opinion about child porn storage, example – that saves the affidavit from a staleness attack.

As a factual matter the federal materials were not provided to Judge Anton and this Court should disregard them. Even if they *were* attached to the affidavit, however, they do nothing to bolster the patently insufficient probable cause showing in the warrant.

**IV.    The Evidence in Support of the Probable Cause Showing Was Stale**

According to Detective Jones, Message # 233 and its attached image were sent to the "Limosdude" screen name in January or February of 2007. *See Exh. B, Jones Affidavit* at D00012. The search warrant application, however, was not submitted until August 7, 2007: seven or eight months later. Because the information regarding Lee Sly's transmission of Message #223 was stale, there was no probable cause that the search at the Napa residence would produce fruits of a crime.

The test for the staleness of a search warrant focuses on the likelihood that the items to be seized will be in the place to be searched.  "[A] search warrant is not stale where there is sufficient basis to believe, *based on a continuing pattern or other good reasons,* that the items to be seized are still on the premises." *United States v. Nance*, 962 F.2d 860, 864 (9th Cir. 1992) (emphasis added) (citation omitted). There were no good reasons articulated in the Jones affidavit why Message # 223 – and the image allegedly attached to it – would exist at the Napa residence seven or eight months after it was sent by Lee Sly.

The Ninth Circuit has admittedly rejected staleness challenges to search warrants in child pornography cases when a similar time period has elapsed. *See, e.g., United*

1  *States v. Hay*, 231 F.3d 630, 636 (9th Cir. 2000) (rejecting staleness challenge after six

2  month delay). Critically, however, in *Hay* – and every other case that has rejected similar

3  staleness challenges – there is expert opinion in the affidavit that explains why child

4  pornography may be found in collectors' computers long after a message has been

5  transmitted. *See id.* at 636 (describing holding in *Lacy* that affiant's opinion about the

6  storage of child porn undermined staleness challenge after delay of ten months, and

7  holding the same in light of affiant's opinion in *Hay* case); *see also Weber*, 923 F.3d at

8  1341 ("The affidavit also contains [Detective] Dworin's opinion that 'pedophiles and/or

9  child pornography collectors' do not destroy photographs but retain them for 'many

10  years.'")

11  Nothing in Detective Jones's affidavit offers any opinion or any data that a single

12  image of child porn would survive six months (for that matter, the federal materials are

13  equally devoid of any such opinions).

14  This Court cannot take retrospective judicial notice on behalf of Judge Anton that

15  images of child pornography are often collected and stored for long periods. Viewing the

16  four corners of the Napa search warrant application, there is no evidence or opinion from

17  which Judge Anton could reasonably infer that a single image of (alleged) child

18  pornography would still exist seven to eight months after it was transmitted. The

19  incriminating information in Detective Jones's affidavit was, therefore, too stale to serve

20  as probable cause for the Napa search.

21  **V.    There Was Insufficient Probable Cause to Believe Evidence of Child**
22  **Pornography Would Be Found at the Napa Residence**

23  The inferences that the government will argue from Detective Jones's affidavit are

24  that Lee Sly sent (alleged) child porn to "Limosdude," that Tim Craig was "Limosdude,"

25  that Tim Craig lived at this Napa address, and that there was therefore probable cause for

26  the search. There is, however, insufficient probable cause to support the search *at that*

27  *address*.

28  In *Hay*, the defendant challenged the probable cause for the search of his particular

1  apartment. *Hay*, 231 F.3d at 635-36. The Court rejected that challenge, because there

2  were FTP[14] transmissions directly to an IP address that was associated with Hay's

3  computer *in that apartment*, and because the defendant told the government that he used

4  this apartment computer exclusively. *Id.* at 635. The Ninth Circuit in *Hay* distinguished

5  *United States v. Rowland*, 145 F.3d 1194, 1205 (9th Cir. 1998), where there was

6  insufficient evidence that the subject of investigation would keep pornographic files at

7  home. *Id.* at 635.

8      Mr. Craig's case is more akin to *Rowland* than to *Hay*. Detective Jones only opines

9  that "individuals engaged in the possession, and distribution of child pornography will

10  store those files in various locations, and on various forms of digital media including

11  computer hard drives, and external storage locations." *Exh. B.* at D000008. Unlike *Hay*,

12  there is no evidence that the "Limosdude" e-mail was ever received or opened by Tim

13  Craig on a computer at the Napa residence (instead of, for example, a work computer or a

14  library computer). Instead, there is an "expert" opinion that actually explains that child

15  porn can be stored all over, including "external storage locations." *Id.*

16      Because the affidavit lacks sufficient probable cause that this *single* e-mail, with

17  this *single* attachment would be recovered at the specific location of the Napa residence,

18  the search warrant was fatally flawed and the fruits of the search must be suppressed.

19  **VI.  Because Detective Jones Intentionally Misstated Material Issues of Facts,**
20  **Suppression is Warranted Under *Franks***

21      Mr. Craig challenges the search of the Napa residence on the grounds that

22  Detective Jones's warrant affidavit contained misstatement of fact or omissions which

23  affected the issuing magistrate's determination. *See Franks v. Delaware*, 438 U.S. 154

24  (1978) (factual misstatements); *see also United States v. Whitworth*, 856 F.2d 1268, 1280

25  (9th Cir. 1988) (omissions).

26  

27      [14] "FTP" stands for "File Transfer Protocol," "a method of directly transferring

28  files between two computers." *Hay*, 231 F.3d 630, 632 & n.2.

A.    **Detective Jones Misrepresented the Returns of the Ohio AOL Warrant**

As described in detail in footnote three, *supra*, Detective Jones misstated the returns of the Ohio AOL Warrant in his search warrant application. In his affidavit, Detective Jones stated the following:

> On March 1, 2007 agents served America Online with a federal search warrant for Sly's email account information. A further examination of his account revealed 125 other individuals engaged in trading child pornography (Reference Attachment). All the investigative leads contained at least one image or movie file of child pornography received, forwarded, and/or traded by each target in January and February of 2007. The **America Online search warrant results indicated that Timothy Craig was a suspect** in this investigation. **The records indicated the following**:
>
> "Limosdude"- **Tim Craig, 3271 Beard Rd., Napa, CA, 94558, (707)257-1282,** Message # 223 in Sly's "sent" folder.

*Exh. B., Det. Jones Affidavit at 2*, D00006:16-24 (emphases added). The fair inference from this assertion is that Lee Sly send child pornography to Tim Craig under the screen name, "Limosdude." Another fair inference is that Lee Sly – a child pornography distributor – knew Mr. Craig well enough to have actual, real name, his address and his phone number in his e-mail "sent" folder on AOL. A third fair inference (akin to the inferences found in *Kelley*) is that if a known child pornography distributor has all of this personal information – including a real name – then it is unlikely that the child porn e-mail to Mr. Craig was simply spam. This evidence – and inferences from it – were therefore central to Judge Anton's evaluation of the warrant application.

The problem with these inferences is that Detective Jones lied in his affidavit. The AOL Search Warrant returns of data in Lee Sly's AOL account did *not* reveal that Mr. Craig's name, address, and phone number were in Sly's AOL "sent e-mail" records. Instead, some (unidentified) person presumably associated with ICE reviewed the e-mails in Sly's AOL account and culled a list of 125 screen names involved with "child pornography." *See Exh. B, ROI #9 at 3*, D000012. The AOL warrant produced just screen names from Sly's account: not personal information. There is nothing in any report that

1   suggests that those screen names had personal, actual names associated with them – or

2   addresses, or phone numbers.

3          Once ICE had these screen names further investigation was required. Special

4   Agent Hagan went back to AOL with a summons. *See id.* at D000040. That summons was

5   for IP logins and subscriber information for these 125 screen names. *Id.* AOL complied

6   with the summons and produced the requested data, which included Mr. Craig's name and

7   the Napa address and phone number. *Id.* at D00044. Of course, had all of this data been in

8   Lee Sly's AOL e-mail account originally, Agent Hagan would not have had to issue this

9   AOL summons.

10         Detective Jones misrepresented a material fact when he reported that the warrant

11  for the AOL information from Lee Sly's e-mail account produced Tim Craig's actual

12  name, address, and phone number. This fact was material because it inaccurately

13  bolstered the relationship between Sly and Craig (when, in fact, there was no

14  relationship). If Sly had all of Craig's actual, personal information in his AOL account, it

15  made it significantly less likely that this e-mail and image were a one-off spam message

16  that was blast broadcast to random screen names. This misstatement thus bore directly on

17  the probable cause inquiry. This Court should accordingly suppress the search arising

18  from this false affidavit in light of this *Franks* misstatement.

19         **B.    Detective Jones Misstated a Material Fact by Characterizing the Image
20                 Attached to Message # 223 as "Child Pornography"**

21         This case before the Court starkly illustrates the dangers of permitting law

22  enforcement officials – instead of neutral, detached magistrates – to make the subjective,

23  conclusory legal findings that any particular image is "child pornography." *See generally*

24  *Hill*, 459 F.3d at 971 & n.6 (discussing shortcomings of computer search warrants when

25  the magistrate is given only a written description and not the images themselves, and

26  emphasizing the suppression remedy when the agent does not describe the image in good

27  faith); *Battershell*, 457 F.3d at 1053 ("It would have been preferable in the affiant in this

28  case had included copies of the photographs [to which the affiant had access] in the

1    warrant application.") The issue is of particular import here, because the image allegedly

2    attached to Message #223 was not child pornography.

3    The Ninth Circuit has described the familiar *Dost* factors as a "starting point for

4    judges to use in determining whether a particular image is likely so presented by the

5    photographer as to arouse or satisfy the sexual cravings of a voyeur." *Hill*, 459 F.3d at

6    972 (internal citations and quotation omitted). The *Dost* factors, arising from a Southern

7    District court decision, ask six questions about an image:

8        (1) whether the focal point of the visual depiction is on the child's genitalia or
9        pubic area;

10       (2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place
11       or pose generally associated with sexual activity;

12       (3) whether the child is depicted in an unnatural pose, or in inappropriate attire,
13       considering the age of the child;

14       (4) whether the child is fully or partially clothed, or nude;

15       (5) whether the visual depiction suggests sexual coyness or a willingness to engage
16       in sexual activity;

17       (6) whether the visual depiction is intended or designed to elicit a sexual response
18       in the viewer.

19   *Id.* (citing *United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986), *aff'd sub nom.*

20   *United States v. Wiengand*, 812 F.2d 1239 (9th Cir. 1987)).

21   In *Hill*, the Ninth Circuit found that detailed descriptions in an affidavit of images

22   satisfied the probable cause requirement for child pornography, "when the girls' clothing

23   was opened so as to reveal their breasts and pubic areas, with the girls appearing in

24   sexually suggestive poses." *Id.* at 972-73. As described above, the present case falls far

25   short of *Hill*, because in Detective Jones affidavit there was *no* description of the image

26   attached to Message #223.

27   This failure is fatal: it matters not to the probable cause analysis whether the image

28   *not* described to the magistrate was a particularly repulsive image of actual sexual contact

1    with minors, or – as here – an image that is not child pornography at all, but instead child

2    erotica protected by the First Amendment.

3        The significance of the actual content of #223 image goes to *Franks* misstatements

4    in the affidavit. The fact that the image (allegedly) attached to Message #223 was actually

5    child erotica is a *Franks* omission. Detective Jones's flat assertion that this image was

6    child pornography assured the magistrate that at least one e-mail with a *clearly unlawful*

7    *image* made its way to the "Limosdude" e-mail address from known child pornography

8    distributor Lee Sly. That is not the case if this Court agrees with the defense that this

9    image – that displays no breasts or genitalia – is not clearly child pornography. By failing

10   to describe the contents of this image, and by flatly asserting that it was child

11   pornography, Detective Jones overstated the evidentiary significance of the picture. If the

12   detective ever saw the image (a fact not yet established)[15] this overstatement was a

13   material misstatement that fatally undermines the probable cause showing and that

14   warrants suppression.

15   **VII.    The *Leon* Good Faith Exception Can Not Salvage this Warrant**

16       The only refuge of the government from an affidavit so thoroughly riddled with

17   flaws is to cry, "good faith" and seek the protection of *United States v. Leon*, 468 U.S.

18   897, 926 (1984). Even *Leon*, however, cannot save the search in this case.

19       Under *Leon*, "[e]vidence seized pursuant to a facially valid search warrant which

20   later is held to be invalid may nevertheless be admissible if officers conducting the search

21   acted in good faith and in reasonable reliance on the warrant." *United States v. Kow*, 58

22   F.3d 423, 428 (1995). "The *government bears the burden* of proving that reliance upon

23   the warrant was objectively reasonable." *Id.* (emphasis added).

24       Because the government bears the burden of proving that reliance on the warrant

25

26       [15] If Detective Jones did *not* see the image before the application, then this is a

27   *Franks* omission. He would have then falsely represented that the image was child

28   pornography, without revealing that he had never, in fact, actually seen the image.

was objectively reasonable, this argument is a burden that must first be shouldered by the government in its Opposition. Mr. Craig will, however offer some observations that will help focus the inquiry.

First, there can be no question that the law on probable cause for child pornography search warrants was clearly established when Detective Jones sought his search warrant. The *Battershell* decision – rejecting a non-specific description of an image as sufficient to establish probable cause for a child pornography search – was decided August 10, 2006. *See Battershell*, 457 F.3d at 1051. This was the controlling law of the Ninth Circuit on Fourth Amendment probable cause for a year before Detective Jones sought his warrant. Moreover, the Ninth Circuit had characterized the analysis of the Court in *Battershell* as a *holding* a year before the search warrant application in the present case. *See Hill*, 459 F.3d at 973 ("*Cf. Battershell*, 457 F.3d at 1048 (**holding** that an affidavit describing a 'young female (8-10 YOA) naked in a bathtub' is insufficient to establish probable cause to believe the image is lascivious.") (emphasis added) (decided August 11, 2006).

Similarly, the *Kelley* decision – disclaiming probable cause based on *one* e-mail – was decided five months before the search warrant application. *See Kelley*, 482 F.3d at 1053.

The present case is not a situation where there was any ambiguity in the law, or where the law was not "clearly established" at the time of the search warrant application. *Cf. United States v. Brown*, 951 F.2d 999, 1006 (9th Cir. 1991) ("We hold that, because the law was not clearly established at the time the search warrants were issued, the affiants could have entertained a good faith belief in their validity.") Moreover, it is the Fourth Amendment law *in the Ninth Circuit* that should control the inquiry – and Circuit law was clearly established well before August 7, 2007. *See, e.g., Edgerly v. City and County of San Francisco*, 495 F.3d 645, 657 (9th Cir. 2007) (holding in civil rights action, "it is clearly established *in the Ninth Circuit* that post-booking strip searches without reasonable suspicion are unconstitutional.") (emphasis added); *see also Brown*,

1    951 F.2d at 1006 (holding that the test established by the Supreme Court in civil rights

2    actions can serve as a guide in search warrant analysis).

3        It also bears emphasis that the *Leon* good faith exception does *not* apply "where an

4    affiant misleads the issuing magistrate or judge by making a false statement or recklessly

5    disregarding the truth in making a statement," and "where the affidavit upon which the

6    warrant is based is so lacking in indicia of probable cause that no reasonable officer could

7    rely upon it in good faith." *United States v. Crews*, 502 F.3d 1130, 1136 (9th Cir. 2007)

8    (discussing *Leon*, 486 U.S. at 923-26). Both of those scenarios occurred in the present

9    case. As discussed in the *Franks* section, *supra*, Detective Jones mislead the issuing

10   magistrate by misrepresenting the returns of the Ohio AOL search warrant, and by not

11   accurately describing the image allegedly attached to Message # 223.

12       Moreover, the affidavit of Jones is so lacking in indicia of probable cause that no

13   reasonable officer could rely on it in good faith. The test for whether a warrant is so

14   deficient as to preclude *Leon* good faith "is whether the affidavit was sufficient to create

15   disagreement among thoughtful and competent judges as to the existence of probable

16   cause." *United States v. Hove*, 848 F.2d 137 (9th Cir. 1988) (quoting *Leon*, 468 U.S. at

17   926). The Jones affidavit flatly fails this test. It does not describe the offending image, it

18   rests entirely upon a sole e-mail to a sole screen name, its evidence is stale, there is no

19   showing the image would be preserved, and there was no showing the image would be

20   recovered on a computer at the Napa address. *See United States v. Fowlie*, 24 F.3d 1059,

21   1067 (9th Cir. 1994) ("An officer does not manifest objective good faith in relying on a

22   warrant based on an affidavit that is so lacking in indicia of probable cause that official

23   belief in its existence is entirely unreasonable.").

24       The Court should also note that there has been no showing thus far that Detective

25   Jones relied on the advice of an attorney when he crafted his affidavit. *See United States

26   v. Dozier*, 844 F.2d 701, 708 (9th Cir. 1988) (acknowledging decision that had found

27   good faith when affidavit had undergone four levels of attorney review, but rejecting

28   good faith when only one United States Attorney had reviewed the warrant); *see also*

1  *United States v. Freitas*, 856 F.2d 1425, 1431 (9th Cir. 1988) (holding that advice of

2  AUSA on warrant application supported good faith showing); *but see Kow*, 58 F.3d 423,

3  427 (rejecting reliance on AUSA's advice as a basis for applying the good faith exception

4  in a facially invalid, overbroad warrant).

5       Finally, Detective Jones cannot now, in retrospect, bootstrap facts into the

6  application process to avail himself of the *Leon* good faith exception:

7       *Leon* does not extend . . . to allow the consideration of facts known only to an
        officer and not presented to a magistrate. The *Leon* test for good faith reliance is
8       clearly an objective one and it is based solely on facts presented to the magistrate .
        . . An obviously deficient affidavit cannot be cured by an officer's later testimony
9       on his subjective intentions or knowledge.

10

11  *Hove*, 848 F.2d at 140 (internal quotations and citation omitted); *see also United States v.*

12  *Luong,* 470 F.3d 898, 905 (9th Cir. 2006) ("[W]hen the affidavit itself lacks "*all indicia*

13  of probable cause, it would unduly undermine the [four corners requirement] to permit

14  extrinsic indicia of probable cause to be presented.") (emphasis in original).  In *Luong*,

15  the government conceded that the issuing warrant was not supported by probable cause. It

16  nonetheless sought the protection of the good faith exception because of additional

17  evidence that the officer had orally conveyed to the magistrate, but failed to include in the

18  affidavit.  *Id.* at 903.  The Ninth Circuit rejected this approach. Because probable cause

19  must be established "by Oath or affirmation" the Court refused to apply the good faith

20  exception.  *Id.* at 905. As the Court explained, "[i]f unsworn, unrecorded oral colloquies,

21  which may not be used to establish probable cause, *are* admissible to establish good faith,

22  the constitutional and prudential standards for showing probable cause will be

23  undermined." *Id.* (emphasis in original).  Consequently, the Court only considered the

24  affidavits submitted at the time the magistrate made the probable cause determination.

25       Ultimately, Detective Jones's search warrant for the Napa address was "the kind of

26  'bare bones' affidavit that is deficient under *Leon*." *Weber*, 923 F.3d at 1346. In *Weber*,

27  the Ninth rejected a search warrant for child pornography that – like the warrant at issue

28  here – was so deficient in probable cause that the government acted entirely unreasonably

1  in obtaining it. *Id.* The Court in *Weber* stressed the fact that there were no time pressures

2  on the agents who sought the search warrant, and therefore no mitigating explanation for

3  the plainly deficient search warrant application. *Id.*

4        This is precisely the situation in the present case. The (allegedly) offending e-mail

5  from Lee Sly to Limosdude was sent in *January or February* of 2007. *See Exh. B* at

6  D00012. Agent Hagan obtained the AOL Warrant in Ohio in March, 2007. *See Exh. B,*

7  *AOL Warrant* at D00023. ICE Special Agent Hagan didn't distribute her solicitation to

8  local law enforcement agencies until at least June of 2007 – judging by the "creation

9  date" of the image attached to Message # 223. Detective Jones claims that he first

10  received information relating to this case in July 2007. *See Exh. B.* at D00006:6. His did

11  not, however, seek a warrant until August 7, 2007.

12        Given this seven to eight month delay from transmission of the e-mail to the

13  warrant, there is no showing in this record – and there can be no credible argument – that

14  Detective Jones was laboring under any "time pressure . . . when he prepared the warrant

15  application." *Weber*, 923 F.3d at 1346. As in *Weber*, the *Leon* "good faith" exception

16  cannot salvage the "bare bones" probable cause showing that is fatal to the search warrant

17  before this Court.

18

19

20

21

22

23

24

25

26

27

28

1

2                                **Conclusion**

3        For the foregoing reasons, the defendant Timothy Craig respectfully asks that this

4   Court suppress all fruits of an unlawful search conducted of the Beard Road residence in

5   Napa on August 8, 2007.

6

7   Dated: July 31, 2008

8                                        Respectfully submitted,

9                                        BARRY J. PORTMAN

10                                       Federal Public Defender

11                                       /s

12

13                                       STEVEN G. KALAR

                                         Assistant Federal Public Defender

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☐ SUPERSEDING

### OFFENSE CHARGED

18 U.S.C. § 2252(a)(2)– Receipt of
Child Pornography; 18 U.S.C. §
2252(a)(4)(B)– Possession of Child
Pornography

E-filing

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:

See Attached Penalty Sheet

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

DEFENDANT - U.S.

► TIMOTHY CRAIG

DISTRICT COURT NUMBER

**JSW**

### PROCEEDING

Name of Complaintant Agency, or Person (&Title, if any)
ICE Special Agent Greg Pokalski / Napa Sheriff Deputies Todd Hancock and Joe Jones

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y ☐ Defense

**SHOW DOCKET NO.**

☐ this prosecution relates to a pending case involving this same defendant

☒ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

**MAGISTRATE CASE NO.**

08-70096 MEJ

Name and Office of Person
Furnishing Information on
THIS FORM    Joseph P. Russoniello

☒ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    Denise Marie Barton

### DEFENDANT

**IS NOT IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding.
If not detained give date any prior summons
was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☒ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges    } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?    ☐ Yes } If "Yes"
☐ No    give date filed

**DATE OF ARREST**    2/25/08    Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY**    Month/Day/Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

## PENALTY SHEET

### UNITED STATES V. TIMOTHY CRAIG

*Count 1:     18 U.S.C. § 2252(a)(2): Receipt of Child Pornography*

Class B Felony
Maximum Prison Term of Forty Years
**Mandatory Minimum Prison Term of Fifteen Years**
Maximum Fine of $250,000
Supervised Release of Not Less Than 5 years
Maximum of Lifetime Supervised Release
Registration as a Sex Offender
Mandatory Special Assessment of $100

*Count 2:     18 U.S.C. § 2252(a)(4)(B): Possession of Child Pornography*

Class C Felony
Maximum Prison Term of Twenty Years
Mandatory Minimum Term of 10 Years
Maximum Fine of $250,000
Supervised Release of Not Less Than 5 years
Maximum of Lifetime Supervised Release
Registration as a Sex Offender
Mandatory Special Assessment of $100

# United States District Court

### FOR THE
### NORTHERN DISTRICT OF CALIFORNIA
### CRIMINAL DIVISION
### VENUE: SAN FRANCISCO

## UNITED STATES OF AMERICA,

E-filing

### v.

CR 08 0329



TIMOTHY CRAIG

JSW

### DEFENDANT.

# INDICTMENT

Title 18 U.S.C. § 2252(a)(2) - Receipt of Child
Pornography
Title 18 U.S.C. § 2252(a)(4)(B) - Possession of Child
Pornography

_INDICT_

A true bill.

_____
Foreman

Filed in open court this _15_ day of _MAY 2008_

_____

BETTY FONG
Clerk

EDWARD M. CHEN
UNITED STATES MAGISTRATE JUDGE

Bail, $ _____

No Process

JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

*FILED*

08 MAY 15 PH 12: 56

*E-filing*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No: |
| Plaintiff, | ) | **JSW** |
| v. | ) | VIOLATIONS: 18 U.S.C. § 2252(a)(2) – Receipt of Child Pornography; 18 U.S.C. § 2252(a)(4)(B) – Possession of Child Pornography |
| TIMOTHY CRAIG, | ) | |
| Defendant. | ) | SAN FRANCISCO VENUE |

INDICTMENT

The Grand Jury charges:

COUNT ONE:   (18 U.S.C. § 2252(a)(2) - Receipt of Child Pornography)

Beginning on or about March 1, 2007 and continuing until on or about August 8, 2007, in the Northern District of California, the defendant,

TIMOTHY CRAIG,

did knowingly receive at least one visual depiction that had been mailed, shipped, and transported in interstate and foreign commerce, by computer, knowing that the production of such visual depiction involved a minor engaging in sexually explicit conduct and that such visual depiction was of such conduct, in violation of Title 18, United States Code, Section 2252(a)(2).

INDICTMENT

1   COUNT TWO: (18 U.S.C. § 2252(a)(4)(B) - Possession of Child Pornography)

2       On or about August 8, 2007, in the Northern District of California, the defendant,

3                               TIMOTHY CRAIG,

4   did knowingly possess at least one matter, namely a Toshiba laptop computer, which contained at

5   least one visual depiction that had been shipped and transported in interstate and foreign

6   commerce, by computer, knowing that the production of such visual depiction involved a minor

7   engaging in sexually explicit conduct and that such visual depiction was of such conduct, in

8   violation of Title 18, United States Code, Section 2252(a)(4)(B).

9

10  FORFEITURE ALLEGATIONS: (18 U.S.C. §§ 2253(a)(1) and (a)(3) - Criminal Forfeiture)

11      Upon conviction of the offenses alleged in Counts One and Two, the defendant,

12                              TIMOTHY CRAIG,

13  shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 2253(a)(1)

14  and (a)(3), all visual depictions described in Title 18, United States Code Section 2252, and all

15  property, real or personal, used or intended to be used to commit or promote the commission of

16  the offenses of conviction, including but not limited to the following item that was obtained

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

INDICTMENT                          2

1    from defendant on August 8, 2007:

2       a.      Toshiba Laptop Computer, Serial Number X6104930Q

3

4

5

6    DATED: May 15, 2008                    A TRUE BILL.

7

8                                        FOREPERSON

9

10    JOSEPH P. RUSSONIELLO
       United States Attorney

11

12

13    Gregg W. Lowder
       Chief, Major Crimes Section

14

15    (Approved as to form: _____

16                  AUSA Barton

17

18

19

20

21

22

23

24

25

26

27

28

INDICTMENT                              3

EXHIBIT B

1  BARRY J. PORTMAN
   Federal Public Defender
2  STEVEN G. KALAR
   Assistant Federal Public Defender
3  450 Golden Gate Avenue
   San Francisco, CA 94102
4  Telephone: (415) 436-7700

5  Counsel for Defendant Craig

6

7

8                IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,          )   No. CR 08-0329 JSW
                                      )
12        Plaintiff,                  )   DEFENDANT'S MOTION TO
                                      )   SUPPRESS EVIDENCE
13     v.                             )   SEIZED IN VIOLATION OF
                                      )   THE FOURTH AMENDMENT
14 TIMOTHY CRAIG,                     )
                                      )   NOTICE OF UNDER-SEAL
15        Defendant.                  )   FILING OF EXHIBIT B
                                      )
16 ─────────────────────────────────

17                                        **Hearing Date**: Thursday,
                                          September 25, 2008 at 2:30
18                                        p.m.

19

20

21        Exhibit B in Mr. Craig's motion to suppress is a packet that Napa Detective Jones

22 claims to have submitted in support of his application for a Napa search warrant on

23 August 7, 2007. Within the packet is ICE Report of Investigation #9. Because of sensitive

24 information within that Report, it has been filed under seal.

25

26

27

28

---

# EXHIBIT C

1  BARRY J. PORTMAN
   Federal Public Defender
2  STEVEN G. KALAR
3  Assistant Federal Public Defender
   450 Golden Gate Avenue
4  San Francisco, CA 94102
5  Telephone: (415) 436-7700

6  Counsel for Defendant Craig

7              IN THE UNITED STATES DISTRICT COURT
8
9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10  UNITED STATES OF AMERICA,          )   No. CR 08-0329 JSW
11                                     )
            Plaintiff,                 )   DECLARATION OF
12                                     )   MELISSA FRINK
13           v.                        )
                                       )   **Hearing Date**: Thursday,
14  TIMOTHY CRAIG,                     )   September 25, 2008 at 2:30
15                                     )   p.m.
            Defendant.                 )
16  ─────────────────────────────────)

17  I, Melissa Frink, declare the following to be true under the penalty of perjury:

18  1.  I am and investigator employed by the Office of the Federal Public Defender,
19      Northern District of California;
20
21  2.  I have been employed as an investigator by this office for twenty years;

    3.  I have been assigned as the investigator to the above-entitled case;
22
23  4.  On March 12, 2008, I went to the clerk's office for the Napa County Superior Court in
        Napa, California;
24
25  5.  I spoke to the clerk, and requested a copy of all court materials relating to the August
        7, 2007 search warrant of 3271 Beard Road, Napa California, and a copy of all court
26      materials relating to the CR 110080 (Timothy Craig) file;
27
28  6.  The clerk turned to a computer and printed out documents. She then stamped these

    *Craig*, CR 08-0329 JSW
    DECL. MELISSA FRINK

1    printed documents with a purple court seal to certify them;

2    7.   The documents found at Attachment 1 are the original court-certified documents

3         provided to me by the Superior Court of California, County of Napa clerk;

4    8.   On July 1, 2008, I returned to the clerk's office of the Superior Court of California,

5         County of Napa;

6    9.   On July 1, 2008, I spoke to a different clerk, and requested a copy of all court

7         materials relating to the August 7, 2007 search warrant of 3271 Beard Road, Napa

8         California;

9    10.  The clerk retrieved a hard-copy folder and copied the contents within. The

10        documents found at Attachment 2 are the materials provided to me by the Napa

11        County court clerk on the July 1, 2008 visit.

12

13   *7.29.08*

14   _____              _____
     DATED                           MELISSA FRINK

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Craig*, CR 08-0329 JSW
DECL. MELISSA FRINK                         2

# Superior Court of California
# County of Napa

THE WITHIN INSTRUMENTS ARE A TRUE AND CORRECT
COPY OF THE ORIGINALS IN THIS OFFICE

ATTEST:_____3/12/08_____

STEPHEN A. BOUCH
COURT EXECUTIVE OFFICER
SUPERIOR COURT OF CALIFORNIA
COUNTY OF NAPA

BY:_____
DEPUTY COURT EXECUTIVE OFFICER

UNLESS ACCOMPANIED BY A PURPLE COURT SEAL
CERTIFICATION IS VOID

GARY LIEBERSTEIN
DISTRICT ATTORNEY
931 Parkway Mall
Napa, CA 94559
(707) 253-4211
FAX: (707) 253-4041

# FILED

JUL 2 6 2002

Clerk of the Napa Superior Court
By: _____
*Deputy*

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF NAPA

THE PEOPLE OF THE STATE OF CALIFORNIA,

Plaintiff,

vs.

TIMOTHY CHARLES CRAIG

Defendant.

NSC NUMBER: CRI00080

NDA NUMBER:    198602021-03

## CRIMINAL COMPLAINT

The undersigned is informed and believes that:

### COUNT ONE
POSSESSION OR CONTROL OF CHILD PORNOGRAPHY
PC311.11(a)
MISDEMEANOR

On or about January 30, 2002 in the County of Napa, State of California, the crime of POSSESSION OR CONTROL OF CHILD PORNOGRAPHY in violation of section 311.11(a) of the Penal Code, a Misdemeanor, was committed by TIMOTHY CHARLES CRAIG, who did unlawfully and knowingly possess and control matter depicting a person under the age of 18 years personally engaging in and simulating sexual conduct as defined in Penal Code Section 311.4(d).

### COUNT TWO
POSSESSION OR CONTROL OF CHILD PORNOGRAPHY
PC311.11(a)
MISDEMEANOR

Page 1

On or about January 30, 2002 in the County of Napa, State of California, the crime of POSSESSION OR CONTROL OF CHILD PORNOGRAPHY in violation of section 311.11(a) of the Penal Code, a Misdemeanor, was committed by TIMOTHY CHARLES CRAIG, who did unlawfully and knowingly possess and control matter depicting a person under the age of 18 years personally engaging in and simulating sexual conduct as defined in Penal Code Section 311.4(d).

### COUNT THREE
POSSESSION OR CONTROL OF CHILD PORNOGRAPHY
PC311.11(a)
MISDEMEANOR

On or about January 30, 2002 in the County of Napa, State of California, the crime of POSSESSION OR CONTROL OF CHILD PORNOGRAPHY in violation of section 311.11(a) of the Penal Code, a Misdemeanor, was committed by TIMOTHY CHARLES CRAIG, who did unlawfully and knowingly possess and control matter depicting a person under the age of 18 years personally engaging in and simulating sexual conduct as defined in Penal Code Section 311.4(d).

### COUNT FOUR
POSSESSION OR CONTROL OF CHILD PORNOGRAPHY
PC311.11(a)
MISDEMEANOR

On or about January 30, 2002 in the County of Napa, State of California, the crime of POSSESSION OR CONTROL OF CHILD PORNOGRAPHY in violation of section 311.11(a) of the Penal Code, a Misdemeanor, was committed by TIMOTHY CHARLES CRAIG, who did unlawfully and knowingly possess and control matter depicting a person under the age of 18 years personally engaging in and simulating sexual conduct as defined in Penal Code Section 311.4(d).

### COUNT FIVE
POSSESSION OR CONTROL OF CHILD PORNOGRAPHY
PC311.11(a)
MISDEMEANOR

On or about January 30, 2002 in the County of Napa, State of California, the crime of POSSESSION OR CONTROL OF CHILD PORNOGRAPHY in violation of section 311.11(a) of the Penal Code, a Misdemeanor, was committed by TIMOTHY CHARLES CRAIG, who did

unlawfully and knowingly possess and control matter depicting a person under the age of 18 years personally engaging in and simulating sexual conduct as defined in Penal Code Section 311.4(d).

## COUNT SIX
POSSESSION OR CONTROL OF CHILD PORNOGRAPHY
PC311.11(a)
MISDEMEANOR

On or about January 30, 2002 in the County of Napa, State of California, the crime of POSSESSION OR CONTROL OF CHILD PORNOGRAPHY in violation of section 311.11(a) of the Penal Code, a Misdemeanor, was committed by TIMOTHY CHARLES CRAIG, who did unlawfully and knowingly possess and control matter depicting a person under the age of 18 years personally engaging in and simulating sexual conduct as defined in Penal Code Section 311.4(d).

## COUNT SEVEN
POSSESSION OR CONTROL OF CHILD PORNOGRAPHY
PC311.11(a)
MISDEMEANOR

On or about January 30, 2002 in the County of Napa, State of California, the crime of POSSESSION OR CONTROL OF CHILD PORNOGRAPHY in violation of section 311.11(a) of the Penal Code, a Misdemeanor, was committed by TIMOTHY CHARLES CRAIG, who did unlawfully and knowingly possess and control matter depicting a person under the age of 18 years personally engaging in and simulating sexual conduct as defined in Penal Code Section 311.4(d).

## COUNT EIGHT
POSSESSION OR CONTROL OF CHILD PORNOGRAPHY
PC311.11(a)
MISDEMEANOR

On or about January 30, 2002 in the County of Napa, State of California, the crime of POSSESSION OR CONTROL OF CHILD PORNOGRAPHY in violation of section 311.11(a) of the Penal Code, a Misdemeanor, was committed by TIMOTHY CHARLES CRAIG, who did unlawfully and knowingly possess and control matter depicting a person under the age of 18 years personally engaging in and simulating sexual conduct as defined in Penal Code Section 311.4(d).

## COUNT NINE
POSSESSION OR CONTROL OF CHILD PORNOGRAPHY
PC311.11(a)
MISDEMEANOR

On or about January 30, 2002 in the County of Napa, State of California, the crime of POSSESSION OR CONTROL OF CHILD PORNOGRAPHY in violation of section 311.11(a) of the Penal Code, a Misdemeanor, was committed by TIMOTHY CHARLES CRAIG, who did unlawfully and knowingly possess and control matter depicting a person under the age of 18 years personally engaging in and simulating sexual conduct as defined in Penal Code Section 311.4(d).

## COUNT TEN
POSSESSION OR CONTROL OF CHILD PORNOGRAPHY
PC311.11(a)
MISDEMEANOR

On or about January 30, 2002 in the County of Napa, State of California, the crime of POSSESSION OR CONTROL OF CHILD PORNOGRAPHY in violation of section 311.11(a) of the Penal Code, a Misdemeanor, was committed by TIMOTHY CHARLES CRAIG, who did unlawfully and knowingly possess and control matter depicting a person under the age of 18 years personally engaging in and simulating sexual conduct as defined in Penal Code Section 311.4(d).

Complainant therefore prays that a warrant be issued and that said defendant(s) be dealt with according to law. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: July 25, 2002

GARY LIEBERSTEIN
DISTRICT ATTORNEY

By: ~~Michelle Rollins~~
    Michelle Rollins
    Deputy District Attorney
mr

> **NOTICE**
>
> PLEASE TAKE NOTICE THAT COUNSEL FOR THE PEOPLE HEREBY MAKE
> AN INFORMAL DEMAND FOR DISCOVERY (PURSUANT TO PC 1054.3)
> WITHIN FIFTEEN DAYS

## SUMMARY OF CHARGES AND PUNISHMENT
### TIMOTHY CHARLES CRAIG
### ( DOB : 09/03/1958 )

| COUNT | CHARGE | PUNISHMENT | EFFECT |
|-------|--------|------------|--------|
| ONE | PC311.11(a) | 1 Yr. | |
| TWO | PC311.11(a) | 1 Yr. | |
| THREE | PC311.11(a) | 1 Yr. | |
| FOUR | PC311.11(a) | 1 Yr. | |
| FIVE | PC311.11(a) | 1 Yr. | |
| SIX | PC311.11(a) | 1 Yr. | |
| SEVEN | PC311.11(a) | 1 Yr. | |
| EIGHT | PC311.11(a) | 1 Yr. | |
| NINE | PC311.11(a) | 1 Yr. | |
| TEN | PC311.11(a) | 1 Yr. | |

DA ADF (REV 11/5/95) Arrest/Detention/Complaint Form

**NAPA COUNTY CRIMINAL JUSTICE SYSTEM ARREST/DETENTION/COMPLAINT FORM**

Page 1 of 1

| ARRESTING AGENCY | NCIC # | AGENCY CASE # | PID # |
|---|---|---|---|
| Napa Police Dept. | CA028 | 02-0494 | |

| TYPE OF ARREST | | REQUEST FOR COMPLAINT & WARRANT (NOT IN CUSTODY) X | ☐ DETENTION ONLY RELEASED, PC 849(b) | ☐ DOMESTIC VIOLENCE |
|---|---|---|---|---|
| ☐ ON VIEW | X ADULT | | CII # | ☐ WEAPONS USED |
| ☐ CITIZEN'S ARREST | ☐ JUVENILE | DATE OF OFFENSE  04/24/02 | A12405256 | ☐ NARCOTICS OFFENSE |
| ☐ WARRANT ARREST | | | | |

| SUSPECT NAME (FIRST, MIDDLE, LAST) | BUSINESS/SCHOOL NAME | DL# N4589759 | STATE CA | DOB 9/3/58 |
|---|---|---|---|---|
| Timothy Craig | | | | |

WHITE | SEX M

| HOME ADDRESS (STREET, CITY, COUNTY, STATE, ZIP) | BUSINESS/SCHOOL ADDRESS | HT 6'4 | WT 230 |
|---|---|---|---|
| 4095 FAIRFAX, NAPA | | HAIR Hlz | EYES Brn |

| HOME PHONE | YEAR | COLOR | SUSPECT'S CAR | TYPE | STYLE | VEHICLE LOCATION |
|---|---|---|---|---|---|---|
| ( ) | | | | | | |
| WORK PHONE | MAKE | MODEL | LICENSE # | STATE | ADDITIONAL DESCRIPTION | |
| ( ) | | | | | | |

| NAME (PARENT/GUARDIAN, IF JUVENILE) | RELATIONSHIP | EMERGENCY NOTIFICATION (MUST BE COMPLETED IF JUVENILE) | NOTIFIED BY | DATE/TIME OF ARREST /23:59 |
|---|---|---|---|---|
| ADDRESS | | DATE | TIME 23:59 | DATE/TIME OF BOOKING /23:59 |

| LOCATION OF ARREST | ARRESTING OFFICER | TRANSPORTING OFFICER | RECEIVING OFFICER | ☐ JAIL ☐ JUV HALL |
|---|---|---|---|---|

**CHARGES**

| CODE | SECTION | OFFENSE DESCRIPTION | WARRANT/EVENT # | COURT | BAIL AMT | F/M/I |
|---|---|---|---|---|---|---|
| PC | 311.11 | Poss of Child Pornography | | Napa County | | M |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| WARRANT CHECK | HOLDS? | CONFIRMED BY | CUSTODY ALERT | | |
|---|---|---|---|---|---|
| ☐ LOCAL | ☐ YES | | ☐ PROTECTIVE CUSTODY | ☐ ESCAPE RISK | ☐ MEDICAL RISK (EXPLAIN): |
| ☐ DMV | ☐ NO | | ☐ ASSAULT/COMBATIVE | ☐ SUICIDE RISK | |
| ☐ DOJ/NCIC | | | ☐ KEEP SEPARATE FROM (NAME): | | |

EVIDENCE/COMPLAINT OF ILLNESS/INJURY: ☐ YES    ☐ NO    TREATED BY:                     DATE/TIME: /12:00

**BOOKING AUTHORITY**

☐ FELONY ARREST
MISDEMEANOR ARRESTS – CHECK ONE OR MORE BELOW
PC853.6 CITATION RELEASE EXCEPTIONS

COPIES TO:
X DA

| ☐ Intoxicated state may result in danger to self or others | ☐ Arrested for VC23152(a) or VC23152(b) | ☐ ADULT PROBATION |
|---|---|---|
| ☐ Arrestee required medical exam or care or could not care for own safety | ☐ There are additional outstanding arrest warrants | ☐ JUVENILE PROBATION |
| ☐ The immediate release would jeopardize prosecution | ☐ Arrestee had no personal identification | ☐ NSIB |
| ☐ Arrested for one or more offenses listed under VC40302/40303 | ☐ Release would increase likelihood of offense continuing | ☐ DETECTIVES |
| ☐ Demanded immediate appearance or refused to sign written promise to appear | ☐ WIC626 | ☐ STATE PAROLE |
| ☐ Imminent danger to safety of other persons or property | ☐ Reason to believe arrestee would fail to appear (state reason): | ☐ CYA |
| PC674(g) EXCEPTIONS | | ☐ ADMINISTRATION |
| ☐ Under the influence of any drug or under the combined influence of any drug and alcohol | | ☐ OTHER |
| ☐ Probable cause to believe arrestee has committed a felony, or misdemeanor other than PC647(f) | | |
| ☐ Good faith belief arrestee will attempt escape or is unreasonably difficult for medical personnel to control | | |

**NARRATIVE**                                                   ☐ CONTINUATION PAGE ATTACHED

DESCRIBE PROBABLE CAUSE FOR ARREST/DETENTION OR CIRCUMSTANCES LEADING TO WARRANT ARREST (DO NOT USE CONTINUATION PAGE UNLESS ABSOLUTELY NECESSARY)

A search warrant was served upon Timothy Craig's 4095 Fairfax residence.   Child pornography in violation of 311.11 (a) P.C. was found.

☐ CITIZEN'S ARREST – I HEREBY ARREST THE ABOVE PERSON AND DEMAND HE/SHE BE TAKEN INTO CUSTODY    ARRESTING CITIZEN'S NAME (Print)

ARRESTING CITIZEN'S SIGNATURE:

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA, AND UPON INFORMATION AND BELIEF, THAT THE FOREGOING IS TRUE AND CORRECT.

OFFICER'S SIGNATURE: *R. Appel*    OFFICER'S NAME (Print):  R. Appel    DATE: 4/24/02

REVIEWED BY (Signature):                     REVIEWED BY (Print Name):                     DATE:



| NAPA SUPERIOR COURT | **FILED** |
|---|---|

**NAPA SUPERIOR COURT**

Plaintiff

THE PEOPLE OF THE STATE OF CALIFORNIA

Defendant  *Craig, Timothy*

Case Number  *CR 110080*     Pid & Event Number

**OWN RECOGNIZANCE & BAIL AGREEMENT**

**FILED**

AUG 2 2 2002

Clerk of the Napa Superior Court

By: *Simona*        Deputy

## INSTRUCTIONS

Read this form, and then **sign and date the form on page 2**. If you have any questions about your case, or the information on this form, ask your attorney or the judge.

## MANDATORY CONDITIONS FOR "OR" RELEASE

1. I promise to appear at all times and places as ordered by any Court before whom this case is pending.
2. I promise not to leave this state without permission of this Court.
3. I agree to waive extradition if I fail to appear as required and am apprehended outside the State of California.
4. I understand that a violation of any condition of my release on my own recognizance will result in the revocation of my release agreement and the issuance of a bench warrant for my arrest.
5. I understand that if I willfully fail to appear as ordered, then I can be charged with a new crime. If I am charged with a misdemeanor, the maximum punishment for the new crime is 6 months in jail plus a $1000 fine (plus penalty assessments). If I am charged with a felony, the maximum punishment for the new crime is 3 years in state prison and a $5000 fine (plus penalty assessments).
6. I promise to obey all laws.

## OTHER CONDITIONS ☐ FOR BAIL ☐ FOR "OR"

7. ☐ I promise to report to the Napa Probation Department by _____ and follow any reasonable orders of the Probation Officer.
8. ☐ I promise not to consume or possess alcoholic beverages.
9. ☐ I promise not to consume or possess any illegal drugs.
10. ☐ I promise not to drive a motor vehicle.
11. ☐ I promise not to own or possess any knives, firearms, or weapons of any kind.
12. ☐ I agree to submit to chemical testing of my blood, breath, or urine, at any time of the day or night, by any probation officer or law enforcement officer (or NCDC staff if I am on Electronic OR), with or without a warrant or probable cause.
13. ☐ I agree to submit to a search and seizure of my person, property, vehicle, and residence at any time of the day or night, by any probation officer or law enforcement officer (or NCDC staff if I am on Electronic OR), with or without a warrant or probable cause.
14. ☐ I agree to attend Anger Management Counseling and enroll by: _____
    ☐ I agree to provide written proof of attendance by: _____
15. ☐ I agree to attend AA at least _____ times each week.
    ☐ I agree to provide written proof of attendance by: _____
16. ☐ I agree to attend NA at least _____ times each week.
    ☐ I agree to provide written proof of attendance by: _____

17. ☐ I promise not to contact the following people by any means, either directly or indirectly, and to remain at least 100 yards away from them, and the following places:

_____

_____

18. ☐ I promise not to annoy, molest, strike, threaten, harass, sexually abuse, batter, stalk, or disturb the peace of: _____

19. ☐ I promise to obey all the following orders imposed by the Court as a condition of my release:

_____

_____

## OTHER CONDITIONS FOR NCDC ELECTRONIC "OR" PROGRAM

20. ☐ I agree to follow all the rules of the NCDC Electronic Supervised OR Program. I will keep NCDC informed of my schedule, any changes to my schedule, and provide proof as requested. I understand that NCDC has the authority to return me to custody and set bail pursuant to the uniform bail schedule if it appears that I have violated any rule or condition of this OR Agreement. I will report to NCDC whenever requested by NCDC staff. I understand I may be charged a fee for this program.

21. ☐ I agree to remain in my home at all times, except as authorized, in advance, by NCDC staff. If requested, authorization will be given for the following types of events: court hearings, probation officer appointments, attorney appointments, necessary medical appointments, court-ordered programs, and:

_____
Employer & Work Schedule

_____
School & School Schedule

_____
Other

I have read this form and I understand each paragraph I have initialed.

DEFENDANT'S SIGNATURE: *Timothy Craig*          DATE: 8-22-08

4095 FAIRFAX DR.    NAPA    94558          255-3495
Home Address                                    Home Phone

## INTERPRETER'S STATEMENT

I, having been sworn, or having a written oath on file, certify that I truly translated this form, and any attachments, to the defendant in the language indicated below. The defendant stated that (s)he understood the contents of the form, and then (s)he initialed and signed the form.

Language: ☐ Spanish  ☐ Other (specify) _____

SIGNATURE: _____     DATE: _____

COPY TO: ☐ DEF  ☐ DA  ☐ PROB  ☐ JAIL  ☐ DEF ATTY  ☐ DDP  ☐ NSO  ☐ PCS  ☐ CSB  ☐ _____

SUPERIOR COURT OF CALIFORNIA

COUNTY OF NAPA

_____
Plaintiff

COURT NO. CR

vs.

DISCLOSURE

_Tim Craig_
Defendant(s)

You are about to appear in front of Commissioner
Kelly Boyd. Commissioner Boyd is married to a
prosecutor in the Napa County District Attorney's
Office.

_____
DEFENDANT

_____
COUNSEL FOR DEFENDANT

NOTE: This is an Appearance Bond and cannot be construed as a guarantee for failure to provide payments, back alimony payments, FINES or Wage Law Claims, nor can it be used as a Bond on Appeal.

**American Contractors Indemnity Company**
9841 Airport Blvd., 9th Floor
Los Angeles, CA 90045
(310) 649-2663

**ALDRIDGE BAIL BONDS**
P.O. Box 517
Napa, CA 94559

*exonerated JUL 23 2008*

BAIL BOND No. A30-2035039
(POWER OF ATTORNEY WITH THIS NUMBER MUST BE ATTACHED.)

IN THE Superior COURT OF THE NAPA JUDICIAL DISTRICT
COUNTY OF NAPA , STATE OF CALIFORNIA
THE PEOPLE OF THE STATE OF CALIFORNIA

Plaintiff,         Case No. CR-110080

vs.

Timothy Charles Craig
Defendant.         Div. No.

Defendant Timothy Charles Craig         198602021-03
(Name of Defendant)         Booking No.

having been admitted to bail in the sum of Twenty Five Thousand

Dollars ($ 25,000 — ) and ordered to appear in the above-entitled court
on 7/7  830 AM 20 03 , on 311.11 (a) PC , 978.5 PC charge/s:
(Date of Appearance)         (State "misdemeanor" or "felony")

Now the AMERICAN CONTRACTORS INDEMNITY COMPANY, a California corporation, hereby undertakes that the above-named defendant will appear in the above-named court on the date above set forth to answer any charge in any accusatory pleading based upon the acts supporting the complaint filed against him/her and all dully authorized amendments thereof, in whatever court it may be prosecuted, and will at all times hold him/herself amenable to the orders and process of the court, and, if convicted, will appear for pronouncement of judgment or grant of probation; or, if he/she fails to perform either of these conditions, that the AMERICAN CONTRACTORS INDEMNITY COMPANY, a California corporation, will pay to the people of the State of California, the sum of Twenty Five Thousand

Dollars ($ 25,000 — ).

If the forfeiture of this bond be ordered by the Court, judgement may be summarily made and entered forthwith against the said AMERICAN CONTRACTORS INDEMNITY COMPANY, a California Corporation, for the amount of its undertaking herein, as provided by Sections 1305 and 1306 of the California Penal Code.

THIS BOND IS VOID IF WRITTEN FOR AN AMOUNT GREATER THAN THE POWER OF ATTORNEY ATTACHED HERETO. IF MORE THAN ONE SUCH POWER IS ATTACHED, OR IF WRITTEN AFTER THE EXPIRATION DATE SPECIFIED ON THE ATTACHED POWER OF ATTORNEY.

**AMERICAN CONTRACTORS INDEMNITY COMPANY**

By _Scott D. Buschultz_
Attorney-in-Fact

I certify under penalty of perjury that I am a licensed bail Agent of the AMERICAN CONTRACTORS INDEMNITY COMPANY and that I am executing this bond on June 10 2003 (date)
at Napa Jail (location)

_Stephen Dehl_
(signature of licensed agent)

The Premium Charged for this Bond is
$ 2,515 Per Annum.

Approved this 10th day of June 2002
_E. L. Wasdon Sgt_
Title

ACIC-CACD-11
(Rev. 10/99)

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF NAPA SUPERIOR COURT**
**PROMISE TO APPEAR/CSB REFERRAL**

# FILED

Name _Timothy Craig_    Ct 1 _____    Ct 2 _____    JUL 2 2 2003

Case # _CR 110080_    Ct 3 _____    Ct 4 _____

Clerk of the Napa Superior Court
By: _O.Medina_
Deputy

### For Court Use only/Distribution of fine by account type

| | |
|---|---|
| **VICTIM RESTITUTION** Victim Name: Address:                    Phone Number: | $ ☐ To be determined |
| **AIDS Education PC1463.23 AIDS** | $ |
| **State Restitution PC1202.4(b) Misdemeanor Min. $100 CRRF51** | $ |
| **State Restitution PC1202.4(b) Felony Min $200 CRRF51** | $ |
| **Domestic Violence Fund PC1203.097(e)/1203.097(a)(5) DVFUND** | $ |
| **Napa Emergency Women's Shelter PC1203.097(f)/1203.097a(11)a NEWS** | $ |
| **Diversion Fee PC1001.90 DIVFEE** | $ |
| **Drug Program Fee HS11372.7 DPFEE** | $ |
| **Crim Lab Fees HS 11372.5 CRMLAB** | $ |
| **Booking Fee** | $ |
| **Fine** | $ 1500.00 |
| **Indigent Defense Fee PDFEES** | $ |
| **Admin Fee** | $ 35.00 |
| **TOTAL** | $ 153500 |

The undersigned, being the defendant in the above entitled matter, hereby promises and agrees to the above listed amount and the following:

To appear at the **California Services Bureau (707) 251-0724** located at 1111 Third Street, Room 100, Napa, **immediately or no later than 4PM the next business day** to complete any and all required financial forms; provide current financial information; and furnish written verification of my financial status for the purpose of establishing an installment payment plan. I further understand that if I fail to contact CSB as ordered, or complete all required forms, a civil assessment/warrant fee totaling $250 will be imposed against me pursuant to penal Code Section 1214.1 or Penal Code section 853.7 for failure to pay in addition to the fine as ordered by the court. Your privilege to drive may also be suspended pursuant to Vehicle Code section 40509.5.

Date: _7-23-03_    Signature: _Timothy Craig_

Address: _4095 Fairfax Dr._
_Napa Ca 94558_
City            State            Zip

Telephone: _707-255-3495_

White: Court    Yellow: Defendant    Pink: CSB

October 2002

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF NAPA
## MINUTE ORDER

| | |
|---|---|
| **Case:** People vs. Craig, Timothy Charles (M)<br>**Judge:** Richard A. Bennett<br>**Courtroom:** Department E<br>**Event:** Hearing: Plea/Setting<br>**PID # :** 198602021-03 | **Case #** CR110080<br>**Event Date:** July 23, 2003<br>**Clerk:** V. Kollin<br>**Reporter:** Benita Duncan<br>**Cite/Report #:** 02-0494 |

Appearances:
L. Hafenstein, Deputy District Attorney
T. Gil, Attorney for Defendant
Defendant present

### PLEA

☒   Counsel provides the Court with a Plea form at this time.

☒   Defendant enters a plea of :

|  | **Count** | **Section Violated** |
|---|---|---|
| ☒ No Contest | 1 | PC 311.11(a)  (Peo. v. West) |
| ☒ As set forth in the Plea Form. | | |
| ☒ with concurrence of counsel | | |

☒   Court finds that defendant's plea was freely and voluntarily entered; there was a factual basis for said plea; and that the defendant made an intelligent waiver of his/her trial rights.

☒   Counts:  2 –10 are dismissed upon motion of the District Attorney

### SENTENCING

☒   Probation is ordered   ☒Denied

☒   **Fine**
☒Defendant to pay a fine in the amount of $1,500.00.

☒   Defendant ordered to report to Post Court Services

Bail Bond exonerated.

–o0o–

| NAPA SUPERIOR COURT | PLEA FORM |
|---|---|

| Defendant | Case Number |
|---|---|
| Tim CRAIG | CR1100 80 |

## INSTRUCTIONS

Fill out this form if you wish to plead guilty or no contest (or admit a violation of probation). **Initial the box for each item that applies to you**, but only if you understand it, and **sign and date the form on page 3.** If you have any questions about your case, the possible sentence, or the information on this form, ask your attorney or the judge.

**YOU MUST READ AND INITIAL SECTIONS 1 AND 2**

INITIALS

1.  **Right To A Trial** - I understand that I have the right to a speedy, public jury trial or court trial. At a trial, I would be presumed innocent, and I could not be convicted unless 12 impartial jurors (or the judge at a court trial) were convinced of my guilt beyond a reasonable doubt. (For a probation violation, I understand that I have a right to a hearing in front of a judge who would decide if I violated conditions of my probation.) I give up my right to a jury trial and my right to a court trial (or probation hearing).

    _T.C._

    **Right To Confront And Cross-Examine Witnesses** - I understand that I have a right to see and hear all witnesses who may testify against me at the trial. I understand that I have a right to ask them questions during the trial. I give up my right to confront and cross-examine witnesses.

    **Right To Produce Evidence** - I understand that I have a right to present evidence, to testify in my own behalf, and to have the Court issue subpoenas to bring into court all witnesses and evidence favorable to me, at no cost to me. I give up my right to produce evidence.

    **Right To Remain Silent** - I understand that I have a right to remain silent and not incriminate myself. I understand that by pleading guilty or no contest I am incriminating myself. I give up my right to remain silent.

    **Penalty For Charges I Am Pleading Guilty Or No Contest To (Or Admitting A Violation Of Probation To)** - I understand the possible consequences of my plea(s) include the following: WEST PLEA

| Count No. | Charge (code & section no.) | Minimum Penalty (jail & fine) | Maximum Penalty (jail & fine) |
|---|---|---|---|
| • CT 1 | PC 311.11 (a) | One CJ. | 1K (MISD.) |

Other consequences

| Count No. | Charge (code & section no.) | Minimum Penalty (jail & fine) | Maximum Penalty (jail & fine) |
|---|---|---|---|
| • | | | |

Other consequences

| Count No. | Charge (code & section no.) | Minimum Penalty (jail & fine) | Maximum Penalty (jail & fine) |
|---|---|---|---|
| • | | | |

Other consequences

| Count No. | Charge (code & section no.) | Minimum Penalty (jail & fine) | Maximum Penalty (jail & fine) |
|---|---|---|---|
| • | | | |

Other consequences

| Count No. | Charge (code & section no.) | Minimum Penalty (jail & fine) | Maximum Penalty (jail & fine) |
|---|---|---|---|
| • | | | |

Other consequences

**I understand** that a 170% penalty assessment will be added to any penalty fine.
**I understand** that a plea of guilty or no contest (or an admission to a violation of probation) may be grounds for violating probation or parole which has been previously granted to me in any other case.
**I understand** that, if I am not a United States citizen, a plea of guilty or no contest could result in my deportation, exclusion from admission to this country, or denial of naturalization.

| | INITIALS |
|---|---|

2. **I understand** that I may be ordered to pay restitution to the victim(s), if any.

**I understand** that I will be ordered to pay a restitution fine. The fine is $100 to $1000 for one or more misdemeanors and $200 to $10,000 for one or more felonies (if I am sent to prison, I will pay an additional, identical restitution fine which will be suspended unless parole is revoked).

**I stipulate** there is a factual basis for my plea(s).

**I understand** that a plea of no contest has exactly the same effect in this case as a plea of guilty, but it cannot be used against me in a civil lawsuit unless the offense is a felony.

**I understand** the nature of the charge(s) against me and the possible pleas and defenses.

**No one** has used any threats, force, violence, duress or undue influence of any kind on me, or anyone close to me, in order to get me to plead guilty or no contest.

**I declare** I am of sound mind and I am not under the influence of alcohol, drugs, or medication of any kind.

**I hereby** freely and voluntarily *(circle one)*

| | | |
|---|---|---|
| PLEAD GUILTY | (PLEAD NO CONTEST) | ADMIT A VIOLATION OF PROBATION |

to the charges listed in section(s) 1 (and 10).

**INITIAL SECTIONS 3 THROUGH 16 ONLY IF THEY APPLY TO YOUR CASE**

3. **Plea Bargain** - The following promises have been made to me as a condition of my plea(s). No other promises have been made. I understand that if the Court refuses to follow this plea bargain then I will be allowed to withdraw my plea(s) of guilty or no contest and enter a not guilty plea.

a) NO PROBATION, NO JAIL
b) FINE ONLY
c) DISMISS CTS 2-10
d) " CR 108192
e) CONTINGENT ON NO PAROLE REVOCATION

4. **Harvey Waiver** - I understand that ordinarily dismissed charges cannot be considered by the Court in deciding punishment for this case, or in ordering victim restitution. I agree the Court can consider the following dismissed charges when I am sentenced in this case and may order restitution for them:

_____
*List Counts and/or Cases Dismissed*

5. **Right To A Preliminary Hearing** - I understand that I have a right to a preliminary hearing if I am charged with a felony.
I give up my right to a preliminary hearing.

6. **Parole Period** - I understand that if I am sent to state prison I will be placed on parole when released. The maximum parole period is for the remainder of my life if I am sentenced to a life term for first or second degree murder. The maximum parole period is five years if I am sentenced to a life term for any other offense, or if I am sentenced for PC261(a)(2), PC261(a)(6), PC262(a)(1), PC262(a)(4), PC286(c)(2), PC288a(c)(2), PC288, PC288.5, or PC264.1. The maximum parole period is ten years if I am sentenced to a life term under PC667.61. The maximum parole period is three years in all other cases.

7. **Mandatory Registration** - I understand that I will be required to register as a *(circle one)*

✓ sex offender          drug offender          arson offender

with the police or sheriff of any city or county where I live.

8. **Presumptive State Prison** - I understand that I will not be eligible for probation unless the Court finds my case involves unusual circumstances.

9. **Mandatory State Prison** - I understand that I will not be eligible for probation.

10. **Attachment One (Additional Charges)** lists additional charges I am pleading guilty or no contest to.

11. **Attachment Two (Dui Offenses)** contains additional consequences.

12. **Attachment Three (Suspended License)** contains additional consequences.

13. **Attachment Four (Deferred Entry Of Judgment)** contains additional consequences.

| | |
|---|---|
| 2. | J.C. |
| 3. | J.C. |
| 4. | |
| 5. | |
| 6. | |
| 7. | J.C. |
| 8. | |
| 9. | |
| 10. | |
| 11. | |
| 12. | |
| 13. | |

|   | INITIALS |
|---|---|
| 14. **Arbuckle Waiver** - I understand that I may have a right to be sentenced by the judge who accepts my plea(s). I give up that right and agree to be sentenced by another judge. | 14. |
| 15. **Temporary Judge** - I understand that I have the right to enter my plea(s) before, and to be sentenced by, a judge. I give up this right and agree to enter my plea(s) before, and be sentenced by: <br><br> _____ <br> Temporary Judge's Name | 15. |
| 16. **Right To An Attorney** - I understand that I have the right to be represented by an attorney in this case. I understand that the Court will appoint a free attorney for me if I cannot afford to hire one, but, at the end of the case, I may be asked to pay all or part of the cost of that attorney, if I can afford to. I understand that there are dangers and disadvantages to giving up my right to an attorney, and that it is almost always unwise to represent myself. <br> I give up my right to an attorney, and I choose to represent myself. | 16. |

**DEFENDANT'S SIGNATURE:** _Timothy Craig_     **DATE:** 7-23-03

### ATTORNEY'S STATEMENT

I am the attorney of record for the defendant. I have gone over this form, and any attachments, with my client. I have explained each of the defendant's rights to the defendant and answered all of the defendant's questions about this form and the plea(s). I have discussed the facts of the case with the defendant and have explained the nature of the charges, the elements of the offense(s), any possible defenses, and the consequences of the plea(s). I join in the waivers, stipulate there is a factual basis, and consent to the plea(s).

**SIGNATURE:** _O'Neill_ (Signature)   Tom Gill (Print Name)   **DATE:** 7-23-03

### INTERPRETER'S STATEMENT

I, having been sworn, or having a written oath on file, certify that I truly translated this form, and any attachments, to the defendant in the language indicated below. The defendant stated that (s)he understood the contents of the form, and then (s)he initialed and signed the form.

Language: ☐ Spanish   ☐ Other (specify) _____

**SIGNATURE:** _____   **DATE:** _____

### PROSECUTOR'S STATEMENT

I am the prosecutor in this case. I have reviewed the information above and consent to the plea(s) being entered on the terms and conditions indicated. I stipulate there is a factual basis for the plea(s).

**SIGNATURE:** _____   **DATE:** 7/23/03

### COURT'S FINDINGS AND ORDER

The Court, having reviewed this form, together with any attachments, and having questioned the defendant concerning his or her constitutional and statutory rights, finds that the defendant understands his or her rights and that the defendant expressly, knowingly, voluntarily, and intelligently waived those rights. The Court finds that the defendant understands the nature of the charges and the consequences of the plea(s) and admission(s). The Court finds the plea(s) and admission(s) have been made freely and voluntarily. The Court finds there is a factual basis for the plea(s) and admission(s). The Court accepts the plea(s) and admission(s) and orders this form filed and incorporated in the docket by reference as though fully set forth therein.

**SIGNATURE:** _____   **DATE:** 7/23/03

# EXHIBIT C -ATTACHMENT 1

**MODIFY Court Event [C CR110080] -- July 15, 2003 at 8:30 am for Hearing: Plea/Setting in Courtroom Department E**

| File ID | CR110080 |
|---|---|
| Caption | People vs. Craig, Timothy Charles (M) |
| PID Number | 198602021-03 |
| Sched Date | 07-15-2003 |
| Type | Hearing: Plea/Setting [412190] |
| Sched Time | 08:30am |
| Sched Room | Department E [22E] |
| Judge/Official | Richard A. Bennett [J21110] |
| Estim Duration/Hours | 0.05 |
| Est. Days | |
| Hearing Information | |
| Interpreter Flag | |
| Interpreter | |
| Interpreter Status | |
| Result | Cont. Party's Motion-After Hrng. [421210] |
| Court Clerk | K. Koen [GLRK32] |
| Court Reporter | Cynthia Lomeli [1CR6] |
| Defendant or Minor | Present |
| Memo | Atty: L. Hafenstein & T. Gill.  Cont: 7/23/03 at 8:30 a.m. in Dept. E for Plea/Setting. |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF NAPA**
**MINUTE ORDER**

| | |
|---|---|
| **Case:** People vs. Craig, Timothy Charles (M) | **Case #** CR110080 |
| **Judge:** Kelly Boyd | **Event Date:** July 7, 2003 |
| **Courtroom:** Department D | **Clerk:** D. Harry |
| **Event:** Return/Surrender on Warrant | **Reporter:** Cynthia Lomeli |
| **PID # :** 198602021-03 | **Cite/Report #:** 02-0494 |

Appearances:
T. Gill, Counsel for Defendant
Defendant IS present

The Court hears comments of Counsel with regard to Defendant's failure to appear for Trial Setting Conference.

**CONTINUANCES**

The Court, pursuant to request of the Defendant, orders this matter shall be continued as follows:

| DATE | TIME | DEPT | PURPOSE | TIME EST |
|---|---|---|---|---|
| 7-15-03 | 8:30 a.m. | E | Plea/Setting | .05 |
| | | | | |
| | | | | |

Further orders: **Defendant** is continued at liberty on the bail bond previously posted.

–o0o–

## SUPERIOR COURT FOR THE COUNTY OF NAPA
### 1111 Third Street/825 Brown Street
### Napa, CA 94559

| THE PEOPLE OF THE STATE OF CALIFORNIA | Case No. CR110080 | PID: 198602021-03 |
|---|---|---|

Plaintiff,
vs.

☑ **Misdemeanor**    ☐ **Felony**

| Sex | Hair | Eyes | HT. | WT. | Race |
|---|---|---|---|---|---|
| M | BRO | HAZ | 604 | 230 | W |

Craig, Timothy
4095 Fairfax
Napa, CA 94558

DOB: 9/3/1958    Driver's License No:N4589759    CA
Violation Date: 1/30/02

Defendant.

**THE PEOPLE OF THE STATE OF CALIFORNIA, TO ANY PEACE OFFICER OF THIS STATE:**

**The above named and described defendant was convicted in this court of the offense set forth above; or an order was issued; or an accusation was filed charging the defendant with the offense set forth and the above named defendant subsequently failed to obey the order of the court or other requirements of the law, to wit:**

| Charges | Status |
|---|---|
| PC311.11(A) | Charge Pending |

☐ Released on Bail - FTA (979 PC)

☐ Signed Promise to Appear; Did Not Post Bail; Failed to Appear (40515 VC/853.8 PC)

☐ Violated Terms of Probation (1203.2 PC)

☐ Failed to Pay Fine (1205 PC)

☑ Released on Own Recognizance: Failed to Appear/ (978.5 PC)

☐ Failed to Comply with Court Order or Failed to Complete Work Program

☐ Failed to Appear for Judgment (1193/1195 PC)

SERVED 3-9-03

**You are ordered to arrest the defendant forthwith and bring him/her before me, or in the case of my absence or inability to act, before the nearest accessible magistrate in the county.**

FILED

NAPA COUNTY NOV 4 2002

JUN 17 2008 SHERIFF'S DEPARTMENT

Clerk of the Napa Superior Court

By: _____ Deputy

☑ Defendant is to be Admitted to Bail $25,000.00.

☐ Bail May be Forfeited

☐ Defendant May be Released on Signed Promise to Appear (818/853.6 PC)
If Initialed for Release _____

☐ This Misdemeanor Warrant May be Served at Night (840PC)

☐ **Do Not Cite Release**

☑ Mandatory Appearance Required

By: _____    11/1/02
Deputy Court Executive Officer    Date

Responsible Law Enforcement Agency:    Napa Police Department

DA ADC (REV 11/5/96) Arrest/Detention/Complaint Form

PAGE _1_ of _1_

**NAPA COUNTY
CRIMINAL JUSTICE SYSTEM
ARREST/DETENTION/COMPLAINT
FORM**

| ARRESTING AGENCY | NCIC # | AGENCY CASE # | PID # |
|---|---|---|---|
| C.D.C. | CA028 | 03-2723 | 198602021 |

| TYPE OF ARREST | | |
|---|---|---|
| ☐ ON VIEW | ☒ ADULT | |
| ☐ CITIZENS ARREST | ☐ JUVENILE | |
| ☒ WARRANT ARREST | | |

☐ REQUEST FOR COMPLAINT & WARRANT (NOT IN CUSTODY)
☐ DETENTION ONLY RELEASED, PC 849(b)
DATE OF OFFENSE

☐ DOMESTIC VIOLENCE
☐ WEAPONS USED
☐ NARCOTICS OFFENSE

SUSPECT NAME (FIRST, MIDDLE, LAST)
TIMOTHY CRAIG

BUSINESS/SCHOOL NAME
NAPA SEWING VAC
BEL-AIR PLAZA NAPA

DL # N4589759 CA STATE DOB 9-3-58
RACE W SEX M
HT 6-4 WT 230
HAIR RED EYES HZL

HOME ADDRESS (STREET, CITY, COUNTY, STATE, ZIP)
4095 FAIRFAX DR. NAPA CA.

BUSINESS/SCHOOL ADDRESS NAPA

HOME PHONE (707) 256-3496
WORK PHONE

| YEAR | COLOR | SUSPECT'S CAR | TYPE | STYLE | VEHICLE LOCATION |
|---|---|---|---|---|---|
| MAKE | MODEL | LICENSE # | STATE | ADDITIONAL DESCRIPTION | |

NAME (PARENT/GUARDIAN, IF JUVENILE)  RELATIONSHIP
LUCILLE CRAIG  MOTHER
ADDRESS  SAME AS ABOVE

EMERGENCY NOTIFICATION (MUST BE COMPLETED IF JUVENILE)

NOTIFIED BY        DATE      TIME

DATE/TIME OF ARREST 6-9-03 0830
DATE/TIME OF BOOKING 6-10-03 1300

| LOCATION OF ARREST | ARRESTING OFFICER | TRANSPORTING OFFICER BORGO/MACDONALD | RECEIVING OFFICER | ☐ JAIL ☐ JUV HALL |
|---|---|---|---|---|

**CHARGES**

| CODE | SECTION | OFFENSE DESCRIPTION | WARRANT/EVENT # | COURT | BAIL AMT | F/M |
|---|---|---|---|---|---|---|
| P.C. | 12316(B)(1) | POSSESSION OF AMMUNITION | VR108182 | NAPA | 25K | F |
| H&S | 11364 | POSSESSION OF DRUG PARA. | CR110080 | NAPA | 5K | M |
| P.C. | 978.5 | FAILED TO APPEAR | | | | |

| WARRANT CHECK | HOLDS? | CONFIRMED BY | CUSTODY ALERT | |
|---|---|---|---|---|
| ☒ LOCAL | ☒ YES | N.S.O. RECORDS | ☐ PROTECTIVE CUSTODY ☐ ASSAULT/COMBATIVE ☐ KEEP SEPARATE FROM (NAME): | ☐ ESCAPE RISK ☐ SUICIDE RISK |
| ☐ DMV | ☐ NO | | | ☐ MEDICAL RISK (EXPLAIN): |
| ☐ DOJ/NCIC | | | | |

| EVIDENCE/COMPLAINT OF ILLNESS/INJURY: | ☐ YES ☒ NO | TREATED BY: | DATE/TIME: |
|---|---|---|---|

**BOOKING AUTHORITY**

☒ FELONY ARREST
MISDEMEANOR ARRESTS - CHECK ONE OR MORE BELOW
PC853.6 CITATION RELEASE EXCEPTIONS
☐ Intoxicated state may result in danger to self or others
☐ Arrestee required medical exam or care or could not care for own safety
☐ The immediate release would jeopardize prosecution
☒ Arrested for one or more offenses listed under VC40302/40303
☐ Demanded immediate appearance or refused to sign written promise to appear
☐ Imminent danger to safety of other persons or property
PC647(g) EXCEPTIONS
☐ Under the influence of any drug or under the combined influence of any drug and alcohol
☐ Probable cause to believe arrestee has committed a felony, or misdemeanor other than PC647(f)
☐ Good faith belief arrestee will attempt escape or is unreasonably difficult for medical personnel to control

☐ Arrested for VC23152(a) or VC23152(b)
☐ There are additional outstanding arrest warrants
☐ Arrestee had no personal identification
☐ Release would increase likelihood of offense continuing
☐ WIC626
☐ Reason to believe arrestee would fail to appear (state reason):

COPIES TO:
☒ DA
☐ ADULT PROBATION
☐ JUVENILE PROBATION
☐ NSIB
☐ DETECTIVES
☐ STATE PAROLE
☐ CYA
☐ ADMINISTRATION
☐ OTHER

**NARRATIVE**                                    ☐ CONTINUATION PAGE ATTACHED

DESCRIBE PROBABLE CAUSE FOR ARREST/DETENTION OR CIRCUMSTANCES LEADING TO WARRANT ARREST (DO NOT USE CONTINUATION PAGE UNLESS ABSOLUTELY NECESSARY)

TRANSPORTED FROM AVENAL STATE PRISON TO NAPA COUNTY JAIL.

☐ CITIZEN'S ARREST - I HEREBY ARREST THE ABOVE PERSON AND DEMAND HE/SHE BE TAKEN INTO CUSTODY
ARRESTING CITIZEN'S SIGNATURE:                DATE:

ARRESTING CITIZEN'S NAME (Print)

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA, AND UPON INFORMATION AND BELIEF, THAT THE FOREGOING IS TRUE AND CORRECT.
OFFICER'S SIGNATURE:          OFFICER'S NAME (Print): LARRY R. BORGO   DATE: 6-10-03

REVIEWED BY (Signature):          REVIEWED BY (Print Name):          DATE:

BENCH WARRAN

## SUPERIOR COURT FOR THE COUNTY OF NAPA
### 1111 Third Street/825 Brown Street
### Napa, CA 94559

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA<br><br>vs.<br><br>Craig, Timothy<br>4095 Fairfax<br>Napa, CA 94558 | Plaintiff, |

Defendant.

Case No.  CR110080          PID:   198602021-03

☑ Misdemeanor          ☐ Felony

| Sex | Hair | Eyes | HT. | WT. | Race |
|-----|------|------|-----|-----|------|
| M | BRO | HAZ | 604 | 230 | W |

DOB: 9/3/1958          Driver's License No:N4589759    CA

Violation Date: 1/30/02

## THE PEOPLE OF THE STATE OF CALIFORNIA, TO ANY PEACE OFFICER OF THIS STATE:

**The above named and described defendant was convicted in this court of the offense set forth above; or an order was issued; or an accusation was filed charging the defendant with the offense set forth and the above named defendant subsequently failed to obey the order of the court or other requirements of the law, to wit:**

| Charges | Status |
|---------|--------|
| PC311.11(A) | Charge Pending |

☐ Released on Bail - FTA (979 PC)

☐ Signed Promise to Appear; Did Not Post Bail; Failed to Appear (40515 VC/853.8 PC)

☐ Violated Terms of Probation (1203.2 PC)

☐ Failed to Pay Fine (1205 PC)

☒ Released on Own Recognizance: Failed to Appear/ (978.5 PC)

☐ Failed to Comply with Court Order or Failed to Complete Work Program

☐ Failed to Appear for Judgment (1193/1195 PC)

**You are ordered to arrest the defendant forthwith and bring him/her before me, or in the case of my absence or inability to act, before the nearest accessible magistrate in the county.**

☒ Defendant is to be Admitted to Bail $25,000.00.

☐ Bail May be Forfeited

☐ Defendant May be Released on Signed Promise to Appear (818/853.6 PC)<br>If Initialed for Release _____

☐ This Misdemeanor Warrant May be Served at Night (840PC)

☐ **Do Not Cite Release**

☒ Mandatory Appearance Required

By: _Jolyn Gleeson_

Deputy Court Executive Officer          Date   11/1/02

Responsible Law Enforcement Agency:   Napa Police Department

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF NAPA
## MINUTE ORDER

| | |
|---|---|
| **Case:** People vs. Craig, Timothy Charles (M) | **Case #** CR110080 |
| **Judge:** Richard A. Bennett | **Event Date:** October 31, 2002 |
| **Courtroom:** Department E | **Clerk:** K. Tonascia |
| **Event:** Conference: Trial Setting | **Reporter:** Cynthia Lomeli |
| **PID # :** 198602021-03 | **Cite/Report #:** 02-0494 |

Appearances:
L. Hafenstein, Deputy D.A.
Tom Gill, Counsel for Defendant
Defendant NOT present

### BENCH WARRANTS

Defendant having failed to appear, the Court orders:

☒      Bench Warrant to issue, bail set at $25,000.00
            ☐ Service withheld to
☐      Bench Warrant previously issued on          is ordered vacated and recalled
☐      Own Recognizance agreement revoked.

☐      Bail Bond is ordered:    ☐ Forfeited.    ☐ Reinstated.

Further orders:

-o0o-

**MODIFY Court Event [C CR110080] - October 10, 2002 at 8:30 am for Conference: Trial Setting in Courtroom Department E**

| | |
|---|---|
| File ID | CR110080 |
| Caption | People vs. Craig, Timothy Charles (M) |
| PID Number | 198602021-03 |
| Sched Date | 10-10-2002 |
| Type | Conference: Trial Setting [411410] |
| Sched Time | 08:30am |
| Sched Room | Department E [22E] |
| Judge/Official | Richard A. Bennett [J21110] |
| Estim Duration/Hours | 0.05 |
| Est. Days | |
| Hearing Information | |
| Interpreter Flag | |
| Interpreter | |
| Interpreter Status | |
| Result | Cont. Party's Motion-After Hrng. [421210] |
| Court Clerk | K. Koen [CLRK32] |
| Court Reporter | Barrie Hart [1CR24] |
| Defendant or Minor | Present |
| Memo | Atty: L. Hafenstein & T. Gill.   Cont: 10/31/02 at 8:30 a.m. in Dept. E for Trial Setting Conference. |



| | |
|---|---|
| **NAPA SUPERIOR COURT** | |
| Plaintiff | |
| THE PEOPLE OF THE STATE OF CALIFORNIA | **FILED** |
| Defendant | |
| *Craig, Timothy* | AUG 2 2 2002 |
| Case Number | Clerk of the Napa Superior Court |
| *CR110080* | By: *O. Molina* |
| **ARRAIGNMENT FORM** | Deputy |
| (Statement of Rights) | |

## INSTRUCTIONS

Read this form. If you understand it, sign and date the form on page 2. If you have any questions about your case, or the information on this form, ask your attorney or the judge.

1.  **RIGHT TO BE ADVISED OF CHARGES** - You have the right to be told what crimes you are charged with and the right to receive a copy of the Complaint or Information.

2.  **RIGHT TO BE CHARGED BY TRUE NAME** - You have the right to be charged by your true name. Tell the judge if your name is incorrect.

3.  **RIGHT TO AN ATTORNEY** - You have the right to be represented by an attorney in this case. If you are charged with a felony or misdemeanor, the Court will appoint a free attorney for you if you cannot afford to hire one, but, at the end of the case, you may be asked to pay all or part of the cost of that attorney, if you can afford to.

4.  **RIGHT TO REPRESENT YOURSELF** - You have the right to represent yourself if you wish. There are dangers in, and disadvantages to, giving up your right to an attorney, and it is almost always unwise to represent yourself. You will be bound by all legal rules and procedures and by the rules of evidence. The People are represented by an experienced prosecutor and you will receive no special help from the judge if you represent yourself.

5.  **RIGHT TO REASONABLE BAIL** - You have the right to have reasonable bail set by the judge or to be released on your own recognizance ("O.R."), without the need for posting bail, if you qualify.

6.  **RIGHT TO A PRELIMINARY HEARING** - You have the right to a preliminary hearing within 10 court days of the day you enter your plea(s), if you are charged with a felony. This case will be dismissed if the preliminary hearing is not held within 60 days, unless you agree otherwise.

7.  **RIGHT TO A TRIAL** - You have the right to a speedy and public jury trial or court trial. (The right to a jury trial does not apply to infractions or probation violations.) At a trial, you would be presumed innocent, and you could not be convicted unless 12 impartial jurors (or the judge at a court trial) were convinced of your guilt beyond a reasonable doubt. For misdemeanors, the trial must be held within 30 days of the day you enter your plea, if you are in custody at the time, or within 45 days of the day you enter your plea, if you are not in custody then. For felonies, the trial must be held within 60 days of the day the information is filed. If a trial is not held within these time periods, then your case may be dismissed.

8. **RIGHT TO PRODUCE EVIDENCE** - You have the right to present evidence, to testify in your own behalf, and to have the Court issue subpoenas to bring into court all witnesses and evidence favorable to you, at no cost to you.

9. **RIGHT TO REMAIN SILENT** - You have the right to remain silent and not incriminate yourself. If you plead guilty or no contest, you are incriminating yourself.

10. **RIGHT TO INFORMAL TRIAL** - If you are charged with an infraction and wish to plead not guilty, you have the right to an informal trial. This means the judge will decide your case based on a written statement provided by you and by the arresting officer. You will be notified of the verdict by mail. You would not need to return to court. If you are not satisfied with the results of the informal trial, you have the right to request a formal trial.

11. **PLEAS** - You may plead GUILTY, NOT GUILTY, NO CONTEST (which has the same effect in this case as a guilty plea), FORMER CONVICTION OR ACQUITAL, ONCE IN JEOPARDY, or NOT GUILTY BY REASON OF INSANITY.

12. **SENTENCING** - If you are charged with a misdemeanor and plead Guilty or No Contest, then you have the right to have your sentencing postponed for at least 6 hours and not more than 5 days. You may give up that right and be sentenced immediately, so that you do not have to return to court on another day for sentencing.

13. **DIVERSION (OR DEFERRED ENTRY OF JUDGMENT)** - You may be eligible for these programs if you are charged with certain offenses. The charges may eventually be dismissed if you successfully complete the program. Ask the judge to see if you are eligible.

14. **CITIZENSHIP** - If you are not a United States citizen, a plea of Guilty or No Contest could result in your deportation, exclusion from admission to this country, or denial of naturalization.

I have read this form and I understand each paragraph.

DEFENDANT'S SIGNATURE: _____     DATE: _8·20e02_

## INTERPRETER'S STATEMENT

I, having been sworn, or having a written oath on file, certify that I truly translated this form, and any attachments, to the defendant in the language indicated below. The defendant stated that (s)he understood the contents of the form, and then (s)he initialed and signed the form.

Language: ☐ Spanish   ☐ Other (specify) _____

SIGNATURE: _____     DATE: _____

**SUPERIO... COURT OF CALIFORNIA, COUN... OF NAPA**
**MINUTE ORDER**

| | |
|---|---|
| **Case:** People vs. Craig, Timothy Charles (M)<br>**Judge:** Richard A. Bennett<br>**Courtroom:** Department E<br>**Event:** Hearing: Letter to Appear<br>**PID # :** 198602021-03 | **Case #** CR110080<br>**Event Date:** August 22, 2002<br>**Clerk:** T. Smith<br>**Reporter:** Karen Kronquest<br>**Cite/Report #:** 02-0494 |

Appearances:
   L. Hafenstein, Deputy District Attorney
   T. Gill, Representing Defendant who is present

**ARRAIGNMENT**

☒   Copy of ☒Complaint ☐ Information ☐Amended Information
     ☐ Petition for Revocation of Probation ☐Indictment given to Defendant and Counsel.

☒   Counsel/Defendant acknowledges receipt, waives formal reading/arraignment and ☐confirms Defendant is
     charged by true and correct name ☐ advises the Court the Defendant's true and correct name is

☒   Defendant enters a Not Guilty plea to all Counts of the Complaint.
     ☐ Defendant denies the enhancements.

☐   Court ☐confirms ☐ appoints ☐Re-appoints ☐ Public Defender ☐Counsel:

☐   Defendant to retain private counsel.

☐   Court relieves *Choose One* and appoints*Choose One*

☒   Discovery is provided to the ☐ Defendant ☐ Public Defender ☒ Mr. Gill ☐ placed in the attorney folders
in

   the criminal division of the Napa Superior Court.

☐   Information/ Complaint/ Petition is read. ☒ Reading is waived.
       ☐Court informs defendant of legal rights and possible penalty.

☒   The Court orders this matter shall be continued as follows:

| DATE | TIME | DEPT | PURPOSE | TIME EST |
|---|---|---|---|---|
| 10/10/02 | 8:30 a. m. | E | Trial Setting Conference | .05 |
| | | | | |
| | | | | |

☒   Defendant does waive time.    ☐ Defendant enters a 10 day time waiver.

☒ Defendant is ordered to appear at the next scheduled hearing(s).

Further orders:

-o0o-



# NAPA COUNTY DISTRICT ATTORNEY'S OFFICE
## MEMORANDUM

---

**TO:**     NAPA COUNTY COURT CLERK/CRIMINAL DIVISION

**FROM:**   MICHELLE ROLLINS/JH

**DATE:**   July 26, 2002

**RE:**     PEOPLE VS. TIMOTHY CHARLES CRAIG/198602021-03

---

Please place the above named matter on calendar as an LTA to be heard at the same date and time as CR108182 (event 02) which is already scheduled for hearing on August 22, 2002 at 8:30 a.m. in Department E.  Thank you.

### SUPERIOR COURT OF CALIFORNIA
### COUNTY OF NAPA

**Case Name:** People vs. Craig, Timothy Charles (M)
**Case Number:** CR110080        ☐ Amended Notice (If checked)

**TO:**    Timothy Charles Craig
4095 Fairfax
Napa, CA 94558

**DATE:** August 22, 2002            **TIME:** 8:30 am

**ROOM:** Department E    **LOCATION:** 1111 Third St., Second Floor, Napa

### ORDER TO APPEAR

A Complaint upon oath having made and filed before this Court by the District Attorney of the County of Napa, a copy of which is attached hereto, you are now ordered to personally appear before this court at the time and date listed above, with or without counsel to answer said charges.

### FAILURE TO APPEAR WILL RESULT IN A WARRANT FOR YOUR ARREST

#### Certificate of Mailing

I certify that I am over age 18, not a party to this action, and am employed as a clerk by the Superior Court of California, County of Napa in the Criminal Courthouse, 1111 3rd Street, Napa, CA 94559 Historic Courthouse, 825 Brown Street, Napa, CA 94559. On, following the ordinary business practices, I placed for collection and mailing at the above named courthouse, a copy of the attached *Order to Appear* in a sealed envelope, with postage fully prepaid, addressed as stated below.

I am readily familiar with the Court's standard practice for collection and processing of correspondence for mailing with the United State's Postal Service and, in the ordinary course of business, the correspondence would be deposited with the United States Postal Service on the day on which it is collected at the Courthouse.

Date:  7/29/2002                    Stephen A. Bouch, Court Executive Officer

By: _____
Deputy Court Executive Officer

*An Assistive listening system is available upon request pursuant to Section 54.8(a) of the Civil Code

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF NAPA**

| | |
|---|---|
| **Case Name:** People vs. Craig, Timothy Charles (M) | |
| **Case Number:** CR110080 | ☐ Amended Notice (If checked) |

**TO:**    Gary A. Lieberstein
         District Attorney 931 Parkway Mall
         Napa, CA 94559

**DATE:** August 22, 2002             **TIME:** 8:30 am

**ROOM:** Department E    **LOCATION:** 1111 Third St., Second Floor, Napa

**ORDER TO APPEAR**

A Complaint upon oath having made and filed before this Court by the District Attorney of the County of Napa, a copy of which is attached hereto, you are now ordered to personally appear before this court at the time and date listed above, with or without counsel to answer said charges.

## FAILURE TO APPEAR WILL RESULT IN A WARRANT FOR YOUR ARREST

### Certificate of Mailing

I certify that I am over age 18, not a party to this action, and am employed as a clerk by the Superior Court of California, County of Napa in the Criminal Courthouse, 1111 3rd Street, Napa, CA 94559 Historic Courthouse, 825 Brown Street, Napa, CA 94559. On, following the ordinary business practices, I placed for collection and mailing at the above named courthouse, a copy of the attached *Order to Appear* in a sealed envelope, with postage fully prepaid, addressed as stated below.

I am readily familiar with the Court's standard practice for collection and processing of correspondence for mailing with the United State's Postal Service and, in the ordinary course of business, the correspondence would be deposited with the United States Postal Service on the day on which it is collected at the Courthouse.

Date:   7/29/2002                Stephen A. Bouch, Court Executive Officer

By: _____
Deputy Court Executive Officer

*An Assistive listening system is available upon request pursuant to Section 54.8(a) of the Civil Code

104

# STATE of CALIFORNIA - COUNTY of NAPA

# RETURN TO SEARCH WARRANT

**FILED**
AUG 16 2007
Clerk of the Napa Superior Court
By: _____
Deputy

Police Officer / Investigator **Joseph Jones**, being sworn, says that he/she conducted a search pursuant to the

Search Warrant described below:

Issuing Magistrate **Judge John Anton**

Magistrate's Court : **Superior Court of California, County of Napa.**

Date of Issuance : **August 7th, 2007**                    Date of Service : **August 7th, 2007**

and searched the following **location(s), vehicle(s), and person(s):**

THE PREMISES at **3271 Beard Road, Napa, California, 94558**; further described as a two-story apartment complex with peach colored, stucco exterior, and off white wood trim, and the numbers 3271 affixed on the outside of the residence, to the left of the off white wood front door; including all rooms, attics, basements, and other parts therein, the surrounding grounds and any garages, storage rooms, trash containers, and outbuildings of any kind located thereon.

THE VEHICLE described as a **2006, Jeep, Lerado, silver** bearing California license # **5PSH633** including containers of any kind within the vehicle.

THE VEHICLE described as a **2005, Ford** bearing California license # **5TMV102** including containers of any kind within the vehicle.

THE PERSON of **Timothy Charles Craig**, described as a **male, white, 6 ft 4 inches tall, weighing approximately 255 pounds, with red hair, hzl eyes,** born on **09.03.1958**, with California drivers license #: N45~~~~~

I hereby certify the document herein to be a true and correct copy of the original on file with this court.

and **Seized the items***

☒    described in the attached and incorporated inventory.

☐    described below :

Dated: __3/21/08__

Clerk of the Napa Superior Court

BY: _____

I further swear that this is a true and detailed account of all the property taken by me pursuant to the search warrant, and the pursuant to Penal Code Sections 1528 and 1536 this property will be retained in my custody, subject to the order of this court or of any other court in which the offense in respect to which the seized property is triable.

_____ (Signature of Affiant)

Sworn to and Subscribed before me this __16__ day of __August__, __2007__, at __2:38__ A.M./P.M.

_____ (Signature of Magistrate)

Judge of the **Superior Court of California, County of Napa.**

_____
(Magistrate's Printed Name)

* List all items seized, including those not specifically listed on the Search Warrant

# NAPA COUNTY SHERIFF'S DEPARTMENT
# PROPERTY RECORD

| 2 DATE OF THIS REPORT | 3 CRIME CODE | | | | 5 | PAGE | 1 OF 3 | PROPERTY ROOM ONLY |
|---|---|---|---|---|---|---|---|---|
| 8-8-07 | 311.11 PC | | | | | | | |

6 LOCATION PROPERTY COLLECTED
**3271 Beard Road**

7 ☐ FELONY  ☐ ADULT  ☐ ARREST  ☐ CITATION
☐ MISD.  ☐ JUVENILE  ☐ FOUND PROPERTY  ☐ OTHER

| 8 VICTIM/OWNER/SUSPECT/FINDER/OTHER | 9 D.O.B. | 10 ADDRESS | 11 PHONE | 12 PID |
|---|---|---|---|---|
| 1. Craig, Timothy | | 3271 Beard, Napa | | |
| 13 VICTIM/OWNER/SUSPECT/FINDER/OTHER 2. | 14 D.O.B. | 15 ADDRESS | 16 PHONE | 17 PID |
| 18 VICTIM/OWNER/SUSPECT/FINDER/OTHER 3. | 19 D.O.B. | 20 ADDRESS | 21 PHONE | 22 PID |
| 23 VICTIM/OWNER/SUSPECT/FINDER/OTHER 4. | 24 D.O.B. | 25 ADDRESS | 26 PHONE | 27 PID |

| 27 1. PROPERTY CODE | 28 2. PROPERTY TYPE | 29 COMMENTS: FIREARMS WANTS (10-29) HISTORY (10-28) TO BE ATTACHED BY OFFICER |
|---|---|---|
| E = EVIDENCE | A = ASSET FORFEITURE   O = OTHER | |
| | C = CONTRABAND   R = RECOVERED | |
| C = IN CUSTODY | E = EVIDENCE   S = STOLEN | |
| | F = FOUND   W = SEARCH | |
| N = NOT IN STORAGE | K = SAFEKEEPING   WARRANT | |
| | H = 8102 W & I (5150 GUNS) | |

### 3. PROPERTY CATEGORIES

| | | | |
|---|---|---|---|
| A = AUTOMOTIVE | F = FIREARMS/WEAPONS | K = PHYSIOLOGICAL FLUIDS | P = PERSONAL ACCESSORY | V = PHOTO LINE UP/PHOTOS |
| B = BICYCLE | G = TRACE EVIDENCE | L = CLOTHING | R = RADIO/STEREO/SOUND | W = WALLET/PURSE |
| C = CAMERA/PHOTO EQUIP | H = HOUSEHOLD GOODS | M = MUSICAL EQUIP | S = SPORT/CAMPING EQUIP | X = MONEY |
| D = DRUG/PARAPHERNALIA | I = INDICIA | N = CASSETTES | T = TELEVISION/VCR/VIDEO | Y = OTHER |
| E = EQUIPMENT/TOOLS | J = JEWELRY/WATCH/PRECIOUS METALS | O = OFFICE/COMPUTER EQUIP | U = CONSUMABLES | Z = CREDIT CARDS |

| | | | |
|---|---|---|---|
| 1 | E | E | VHS Tape Kitchen Counter |
| 2 | E | E | Blow Up Doll, Child Sized - Found in Kitchen Cabinet Above Flume |
| 3 | | | 3 CD Roms Found On Kitchen Counter |
| | | | "Nickelback" CD Rom - Kitchen Table |
| | | | Nikon Camera |
| | | | Canon Digital Camera |
| | | | JVC Compact VHS Camera |

☐ NOTIFICATION OF RIGHTS    This form constitutes notification of your rights according to law. Your signature is not an admission of responsibility, but indicates that you have received a copy of this notice. Please review the back of this sheet for an explanation of your rights.

☐ FOUND PROPERTY    (Required by Cal. Civil Code 2080) I declare under penalty of perjury, that the listed items are found, that all items found have been surrendered and I do not know the identity of the true owner. Finder wishes to claim found property after 90 days: ☐ YES ☐ NO. X

SIGNATURE                                           DATE

WHITE - PROPERTY ROOM          CANARY - MASTER FILE          PINK - PROPERTY ROOM          GOLDENROD - RECEIPT / NOTIFICATION OF RIGHTS.

# NAPA COUNTY SHERIFF'S DEPARTMENT
## CONTINUATION
## PROPERTY RECORD

| 45 DATE OF THIS REPORT 8/8/07 | 46 CRIME CODE | | | | 47 PAGE 2 of 3 | | PROPERTY ROOM ONLY |
|---|---|---|---|---|---|---|---|
| 48 VICTIM/OWNER/SUSPECT (circle one) | | | | 49 D.O.B. | 50 PHONE | | |
| 51 ADDRESS  3271 BEARD RD. | | | | | 52 PID # | | |

| EVID # CODE | TYPE | CAT. | ARTICLE | BRAND | MODEL | SERIAL NO. | | PROP. ROOM ONLY |
|---|---|---|---|---|---|---|---|---|
| 9 | | | TOSHIBA SATELITE M115 S/N X61099308 LIVING ROOM STAND - W/ WIRELESS CARD | | | | | |
| 10 | | | MISC CD'S  LIVING ROOM FLOOR | | | | | |
| 10 | | | MISC 3¼" FLOPPY DISCS  L/R FLOOR | | | | | |
| 11 | | | GLOSSY PRINTS "JETSONS" UNDER 4R TABLE | | | | | |
| 12 | | | PORNOGRAPHY CATALOGUE - BLACK BAG D/R | | | | | |
| 13 | | | ROLL 35mm FILM EXPOSED COFFEE TABLE | | | | | |
| 14 | | | MISC TEEN RELATED PORNOGRAPHY  L/R FLOOR NEAR OR UNDER COUCH | | | | | |
| 15 | | | WOOD CONTAINER W/ MARIJUANA | | | | | |
| 16 | | | CD SPOOL W/ MISC CD-R's  4R SHELVE | | | | | |
| 17 | | | BOXES W/ PORN DVD'S  BEDROOM CLOSET | | | | | |
| 18 | | | PORNOGRAPHY  BEDROOM FLOOR | | | | | |
| 19 | | | GIRLS PANTIES & HAT | | | | | |

WHITE - PROPERTY ROOM      CANARY - MASTER FILE      PINK - PROPERTY ROOM      GOLDENROD - RECEIPT

**NAPA COUNTY SHERIFF'S DEPARTMENT**
**CONTINUATION**
# PROPERTY RECORD

| 46 DATE OF THIS REPORT<br>8-8-07 | 46 CRIME CODE | | 47<br>PAGE 3 OF 3 | PROPERTY ROOM ONLY |
| --- | --- | --- | --- | --- |
| 48 VICTIM/OWNER/SUSPECT (circle one) | | 49 D.O.B. | 50 PHONE | |
| 51 ADDRESS<br>3271 Beard Road | | | 52 PID # | |

| ITEM # | CODE | TYPE | CAT. | ARTICLE | BRAND | SER. | MODEL# | SERIAL NO. | SEE | PROP. ROOM ONLY |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| H20 | | | | GLASS MARIJUANA PIPE W/ BURNT VEG 4R COFFEE TABLE | | | | | | |
| H21 | | | | 2 WOOD BOXES, 2 BAGGIES LOOSE MARIJUANA CONT MARIJUANA, PIPES, WHITE RESIDUE 4R COUCH | | | | | | |
| H22 | | | | 2 VHS TAPES BEDROOM & CLOSET | | | | | | |
| H23 | | | | SONY PS 1   S/N PO227491766 W/MEM CARD 4R BY TV | | | | | | |
| H24 | | | | RED BOX CONT DIGITAL MEDIA, CD RS 4R TV | | | | | | |
| H25 | | | | VHS TAPES, DVD'S   TV STAND 4R | | | | | | |
| H26 | | | | INDICIA   KITCHEN | | | | | | |
| H27 | | | | "GRASSROOTS" CD- CONT BLANK CD-R 4R TABLE | | | | | | |
| H28 | | | | POLAROID NAKED BOY - NEGATIVES KITCHEN TABLE | | | | | | |
| H29 | | | | SONY CD-R 4R FISHTANK | | | | | | |
| H30 | | | | YELLOW PAD W/ HANDWRITTEN STORY CARPORT #8 STORAGE | | | | | | |

SW NO. 104

STATE of CALIFORNIA, COUNTY of NAPA

# SEARCH WARRANT AND AFFIDAVIT
## (AFFIDAVIT)

FILED
AUG 16 2007
Clerk of the Napa Superior Court

**Detective Joseph Jones** declares under penalty of perjury that the facts expressed by him/her in the attached and incorporated **Statement of Probable Cause** are true and that based thereon he/she has probable cause to believe and does believe that the articles, property, and persons described below are lawfully seizable pursuant to Penal Code Section 1524, as indicated below, and are now located at the locations set forth below. Wherefore, Affiant requests that this Search Warrant be issued.

_____, NIGHT SEARCH REQUESTED: YES ☐ NO ☒
(Signature of Affiant)

# (SEARCH WARRANT)

THE PEOPLE OF THE STATE OF CALIFORNIA TO ANY SHERIFF, POLICEMAN OR PEACE OFFICER IN THE COUNTY OF NAPA: proof by affidavit, under penalty of perjury, having been made before me by **Police Officer / Investigator Detective Joseph Jones** that there is probable cause to believe that the property or person described herein may be found at the location(s) set forth herein and that it is lawfully seizable pursuant to Penal Code Section 1524 as indicated below by "x"(s) in that it:

☐ was stolen or embezzled.
☐ was used as the means of committing a felony.
☒ is possessed by a person with the intent to use it as means of committing a public offense or is possessed by another to whom he or she may have delivered it for the purpose of concealing it or preventing its discovery.
☐ tends to show that a felony has been committed or that a particular person has committed a felony.
☒ tends to show that sexual exploitation of a child, in violation of Penal Code Section 311.3, or possession of matter depicting sexual conduct of a person under the age of 18 years, in violation of Section 311.11, has occurred or is occurring.
☐ there is a warrant to arrest the person.

## You are Therefore COMMANDED to SEARCH:    (premises, vehicles, persons)

THE PREMISES at **3271 Beard Road, Napa**, California, 94558; further described as a two-story apartment complex with peach colored, stucco exterior, and off **white wood** trim, and the numbers 3271 affixed on the outside of the residence, to the left of the off white wood front door; including all rooms, attics, basements, and other parts therein, the surrounding grounds and any garages, storage rooms, trash containers, and outbuildings of any kind located thereon.

THE VEHICLE described as a **2006, Jeep, Lerado, silver** bearing California license # **5PSH633** including containers of any kind within the vehicle.

THE VEHICLE described as a **2005, Ford** bearing California license # **5TMV102** including containers of any kind within the vehicle.

THE PERSON of **Timothy Charles Craig**, described as a **male, white, 6 ft 4** inches tall, weighing approximately **255** pounds, with **red hair, hzl** eyes, born on **09.03.1958**, with California drivers license #: **N4589759**.

## For the FOLLOWING PROPERTY or PERSON(s):

Child pornography, including message # 223, in Craig's inbox, including records, images, and videos whether stored on paper, on magnetic media such as tape, cassette, disk, diskette or on memory storage devices such as optical disks, programmable instruments such as telephones, "electronic calendar\address books" calculators, or any other storage media, together with indicia of use, ownership, possession, or control of such records.

Electronic data processing and storage devices, computers and computer systems, such as central processing units, internal and peripheral storage devices such as fixed disks, external hard disks, floppy disk drives and diskettes, tape drives and tapes, optical storage devices or other memory storage devices; peripheral input/output devices such as keyboards, printers, video display monitors, optical readers and related communication devices such as acoustic or electrical modems, associated telephone sets, speed dialers, or other controlling devices, plotters, software to run programs, connecting cables and plugs, peripherals such as joysticks, or other input devices, scanners, writing pads, manuals, power backup devices, connecting switches, power sources, telephones and telephone cables, and interface devices.

All of the above records, whether stored on paper, on magnetic media such as tape, cassette, disk, diskette or on memory storage devices such as optical disks, programmable instruments such as telephones, "electronic calendar\address books" calculators, or any other storage media, together with indicia of use, ownership, possession, or control of such records.

Computing or data processing software, stored on any type of medium such as: hard disks, floppy disks, CD-R's, CD-RW's, DVD's, cassette tapes, integral RAM or ROM units, or other permanent or transient storage medium.

Computer or data processing literature, such as instruction books, manuals or listed computer programs in whole or in part.

Examination and search of computers and computer system components such as; CPU central processing units, internal and peripheral storage devices such as internal or external hard drives, removable storage devices and disks/hard drives, floppy disk drives and diskettes, CD-R, CD-RW, DVD drives and disks, tape drives and tapes, optical storage devices or other memory storage devices, integral RAM or ROM devices; peripheral input/output devices such as keyboards, touch pads, printers, scanners, plotters, cameras, video display monitors, modems, external data storage devices, optical readers and related communication devices such as acoustic or electrical modems, or other controlling devices such as diskettes, CD-R, CD-RW, DVD disks, power back-up devices, connecting switches, interface devices, software to run programs, connecting cables, switches, power sources, and plugs.

Examination and search of all of the above components is for files, data, images, software, operating systems, deleted files, system configurations, drive and disk configurations, date and time, unallocated and slack space, for evidence.

It is your Affiant's experience that computer system forensic examinations and searches cannot be completed within the ten days in which the Search Warrant must be served and the Return to Search Warrant filed with the Search Warrant. It is requested that the 10-day requirement be waived to provide your Affiant ample time to have it processed and comply with the Search Warrant in a timely manner. The Return to Search Warrant and Search Warrant will be filed promptly upon completion of the computer system forensic examination and search.

Any articles of personal property tending to establish the identity of persons who have dominion and control over the premises, automobiles, or items to be seized, including rent receipts, utility bills, telephone bills, miscellaneous addressed mail, personal letters, personal identification, keys, purchase receipts, sales

receipts, tax statements, payroll check stubs, photographs, vehicle ownership certificates or "pink slips," and vehicle registration slips.

**AND TO SEIZE IT / THEM IF FOUND** and bring it / them forthwith before me, or this court, at the courthouse of this court. **This Search Warrant and Affidavit and attached and incorporated Statement of Probable Cause** were sworn to as true under penalty of perjury and subscribed before me on this _____ day of _____, 2007, at 11:15 (A.M.) P.M. Wherefore, I find probable cause for the issuance of this Search Warrant and do issue it.

KNOCK - NOTICE EXCUSED: YES ☐ NO ☒

NIGHT SEARCH APPROVED: YES ☐ NO ☒

_____
(Signature of Magistrate)

Judge of the Superior Court of California, County of Napa

_____
JOHN N. ANTON
(Magistrate's Printed Name)

Reviewed by: _____ Date: _____ at _____ A.M. / P.M.

_____

**STATE of CALIFORNIA, COUNTY of NAPA,**
ATTACHED and INCORPORATED

# STATEMENT OF PROBABLE CAUSE

Affiant declares under penalty of perjury that the following facts are true and that there is probable cause to believe, and Affiant does believe, that the designated articles, property, and persons are now in the described locations, including all rooms, buildings, and structures used in connection with the premises and buildings adjoining them, the vehicles and the persons:

Your affiant, Detective Joseph Jones, is employed as a full-time, sworn law enforcement officer for The Napa County Sheriff's Department and has been for the past 5 years. Your affiant has a total of 7 years of Law Enforcement experience.

During Your Affiant's tenure, Your Affiant has investigated numerous cases involving violent crimes, financial crimes, thefts, burglaries, computer- and communications-related crimes, and identity theft related crimes. On May 12, 1995 your affiant graduated from the Butte College Basic Law Enforcement Academy, your affiant has also obtained a basic and intermediate P.O.S.T. Certificate. Your Affiant has received 40 hours of training in the examination of subjects under the influence of narcotics and drugs. In addition Your Affiant completed an 8 hour course from the California Narcotics Officers Association in Narcotic Street Development, and 32 hours of instruction from the California Department of Justice in Informant Development and Maintenance. Your Affiant has received 60 hours of P.O.S.T. training from the Sacramento County Sheriff's Department in, Basic Crime Scene Investigation and Reconstruction. Your Affiant holds an Associate of Science Degree, in Administration of Justice from Napa Valley College.

Your Affiant has received 160 hours of P.O.S.T. training from the Contra Costa County Sheriff's Department training facility in Advanced Accident Reconstruction. Your Affiant also received an additional 80 hours of training from the California Highway Patrol in, Commercial Vehicle Enforcement.

Additionally, your affiant has received training in electronic crimes from the California Department of Justice and the Northern California Computer Crimes Task Force, including High Technology Computer Crime Investigation, and the investigation of Internet crimes. In November of 2000 Your Affiant received 8 hours of training from the Search Foundation in the Introduction to Internet Crime Investigations. In December of 2003 Your Affiant received 36 hours of instruction in High Technology and Computer Crime Investigations, from The California Department of Justice. In October of 2004, Your Affiant received 80 hours of instruction from The California Department of justice in Computer Digital Evidence Recovery. In February of 2005 Your Affiant received 80 hours of instruction from the California Department of Justice in, Computer Forensics. In August, 2005 Your Affiant received 84 hours of training from the California State University, Sacramento and the Institute of Criminal Investigations.

1   Your affiant is currently assigned to the Napa County Sheriff's Department, Investigations Division, and is

2   tasked with the investigation of crimes as they relate to the illegal use, abuse or theft of electronic service,

3   technology, online fraud, computer equipment theft, general thefts/burglaries, crimes against persons, child

4   pornography, and identity theft.

5

6   In July, 2007 Your Affiant received information from the Department of Homeland Security, Immigration

7   Customs Enforcement Division. In November 2005 special agents with the Cleveland office of the

8   Department of Homeland Security received information related to the possession and/or distribution of child

9   pornography. Agents were lead to believe that Lee Sly of North Royalton Ohio had received child

10   pornography via an email.

11

12   In January 20007, agents received additional information from the Orland Park, IL Police Department.

13   Officers discovered Richard Darkey was involved in trading child pornography via the internet. Darkey

14   received an image of child pornography from the screen name "SIRIOUT3", identified as Lee Sly.

15

16   On March 1, 2007 agents served America Online with a federal search warrant for Sly's email account

17   information. A further examination of his account revealed 125 other individuals engaged in trading child

18   pornography (Reference Attachment). All the investigative leads contained at least one image or movie file

19   of child pornography received, forwarded, and/or traded by each target in January and February of 2007.

20   The America Online search warrant results indicated that Timothy Craig was a suspect in this investigation.

21   The records indicated the following:

22

23   "Limosdude"- Tim Craig, 3271 Beard Rd., Napa, CA, 94558, (707)257-1282.

24   Message # 223 in Sly's "sent" folder.

25

26   Based on this information Special Agent Charles H. Demore summonsed records from Pacific Gas &

27   Electric for records of service as 3271 Beard Road, Napa, California, 94015. Those records indicate a

28   customer name of "Tim Craig" with a telephone number of (707)257-1282.

29

30   Your Affiant further conducted a records check and discovered Timothy Charles Craig (09.03.1958)

31   residing at 3271 Beard Road, Napa, California is a PC290 registered sex offender with the California

32   Department of Justice.

33

34   Your Affiant requests a warrant be issued for the following:

35   THE PREMISES at **3271 Beard Road, Napa**, California, **94558**; further described as a two-story apartment

36   complex with peach colored, stucco exterior, and off **white wood** trim, and the numbers 3271 affixed on the

37   outside of the residence, to the left of the off white wood front door; including all rooms, attics, basements, and

38   other parts therein, the surrounding grounds and any garages, storage rooms, trash containers, and

39   outbuildings of any kind located thereon.

1

2   THE VEHICLE described as a **2006, Jeep, Lerado, silver** bearing California license # **5PSH633** including

3   containers of any kind within the vehicle.

4

5   THE VEHICLE described as a **2005, Ford** bearing California license # **5TMV102** including containers of any

6   kind within the vehicle.

7

8   THE PERSON of **Timothy Charles Craig**, described as a **male, white, 6 ft 4** inches tall, weighing

9   approximately **255** pounds, with **red** hair, **hzl** eyes, born on **09.03.1958**, with California drivers license #:

10  **N4589759**.

11

12  Child pornography, including message # 223, in Craig's inbox, including records, images, and videos

13  whether stored on paper, on magnetic media such as tape, cassette, disk, diskette or on memory storage

14  devices such as optical disks, programmable instruments such as telephones, "electronic calendar\address

15  books" calculators, or any other storage media, together with indicia of use, ownership, possession, or

16  control of such records.

17

18  Electronic data processing and storage devices, computers and computer systems, such as central

19  processing units, internal and peripheral storage devices such as fixed disks, external hard disks, floppy

20  disk drives and diskettes, tape drives and tapes, optical storage devices or other memory storage devices;

21  peripheral input/output devices such as keyboards, printers, video display monitors, optical readers and

22  related communication devices such as acoustic or electrical modems, associated telephone sets, speed

23  dialers, or other controlling devices, plotters, software to run programs, connecting cables and plugs,

24  peripherals such as joysticks, or other input devices, scanners, writing pads, manuals, power backup

25  devices, connecting switches, power sources, telephones and telephone cables, and interface devices.

26

27  All of the above records, whether stored on paper, on magnetic media such as tape, cassette, disk, diskette or

28  on memory storage devices such as optical disks, programmable instruments such as telephones, "electronic

29  calendar\address books" calculators, or any other storage media, together with indicia of use, ownership,

30  possession, or control of such records.

31

32  Computing or data processing software, stored on any type of medium such as: hard disks, floppy disks, CD-

33  R's, CD-RW's, DVD's, cassette tapes, integral RAM or ROM units, or other permanent or transient storage

34  medium.

35

36  Computer or data processing literature, such as instruction books, manuals or listed computer programs in

37  whole or in part.

38

39  Examination and search of computers and computer system components such as; CPU central processing

40  units, internal and peripheral storage devices such as internal or external hard drives, removable storage

41  devices and disks/hard drives, floppy disk drives and diskettes, CD-R, CD-RW, DVD drives and disks, tape

42  drives and tapes, optical storage devices or other memory storage devices, integral RAM or ROM devices;

43  peripheral input/output devices such as keyboards, touch pads, printers, scanners, plotters, cameras, video

1   display monitors, modems, external data storage devices, optical readers and related communication devices

2   such as acoustic or electrical modems, or other controlling devices such as diskettes, CD-R, CD-RW, DVD

3   disks, power back-up devices, connecting switches, interface devices, software to run programs, connecting

4   cables, switches, power sources, and plugs.

5

6   Examination and search of all of the above components is for files, data, images, software, operating systems,

7   deleted files, system configurations, drive and disk configurations, date and time, unallocated and slack

8   space, for evidence.

9

10   It is your Affiant's experience that computer system forensic examinations and searches cannot be completed

11   within the ten days in which the Search Warrant must be served and the Return to Search Warrant filed with

12   the Search Warrant.  It is requested that the 10-day requirement be waived to provide your Affiant ample time

13   to have it processed and comply with the Search Warrant in a timely manner.  The Return to Search Warrant

14   and Search Warrant will be filed promptly upon completion of the computer system forensic examination and

15   search.

16

17   Any articles of personal property tending to establish the identity of persons who have dominion and control

18   over the premises, automobiles, or items to be seized, including rent receipts, utility bills, telephone bills,

19   miscellaneous addressed mail, personal letters, personal identification, keys, purchase receipts, sales

20   receipts, tax statements, payroll check stubs, photographs, vehicle ownership certificates or "pink slips,"

21   and vehicle registration slips.

22

23   Your Affiant requests that during the execution of this search warrant that law enforcement officers or

24   assigned representatives are authorized to video tape and / or photograph / digital image the site, evidence

25   at the site and / or people or persons at the site.

26

27   Through experience and training, your affiant knows those individuals engaged in the possession, and

28   distribution of child pornography will store those files in various locations, and on various forms of digital

29   media including computer hard drives, and external storage locations.  These individuals will often obtain,

30   trade, and distribute these pornographic images via an internet connection, provided by an Internet Service

31   Provider.

32

33   YOUR AFFIANT requests that a Search Warrant be issued based upon the aforementioned facts, for the

34   seizure of said property, or any part thereof, between the hours of 7:00 A.M. and 10:00 P.M., good cause

35   being shown thereof, and the same be brought before this Magistrate or retained subject to the order of the

36   court, or of any court in which the offense(s) in respect to which the property of things taken, triable,

37   pursuant to Section 1536 of the Penal Code,

38

39   **Items attached and incorporated by Reference: YES** ☒     **NO** ☒

40   YOUR AFFIANT certify (declare) under penalty of perjury that the foregoing is true and correct.

41

42   Executed at **Napa** , California _____

(Signature of Affiant)

Date: __8/7/2007__ at __1115__ (A.M.)/P.M.

Reviewed by: _____ Date: _____ at _____ A.M. / P.M.

_____

# MODIFY Court Event [C CR108182] - July 23, 2003 at 8:30 am for Hearing: Plea/Setting in Courtroom Department E

| | |
|---|---|
| File ID | CR108182 |
| Caption | People vs. Craig, Timothy Charles (M) |
| PID Number | 198602021-02 |
| Sched Date | 07-23-2003 |
| Type | Hearing: Plea/Setting [412190] |
| Sched Time | 08:30am |
| Sched Room | Department E [22E] |
| Judge/Official | Richard A. Bennett [J21110] |
| Estim Duration/Hours | 0.05 |
| Est. Days | |
| Hearing Information | |
| Interpreter Flag | |
| Interpreter | |
| Interpreter Status | |
| Result | Case Dismissed [461110] |
| Court Clerk | V. Kollin [CLRK5] |
| Court Reporter | Benita Duncan [1CR3] |
| Defendant or Minor | present |
| Memo | Hafenstein, DDA; T. Gil, Atty. for Def. -- Upon Motion of the District Attorney, Court orders matter DISMISSED in the interest of justice. |



I hereby certify the document herein
to be a true and correct copy of the
original on file with this court.

Dated: 3/13/06

Clerk of the Napa Superior Court

By: _____

# EXHIBIT C -ATTACHMENT 2

STATE of CALIFORNIA, COUNTY or NAPA

# SEARCH WARRANT AND AFFIDAVIT
# (AFFIDAVIT)

**FILED**

AUG 16 2007

Clerk of the Napa Superior Court

Detective Joseph Jones declares under penalty of perjury that the facts expressed by him and in the attached and incorporated Statement of Probable Cause are true and that based thereon he/she has probable cause to believe and does believe that the articles, property, and persons described below are lawfully seizable pursuant to Penal Code Section 1524, as indicated below, and are now located at the locations set forth below. Wherefore, Affiant requests that this Search Warrant be issued.

NSD # ............

_(Signature of Affiant)_                                , NIGHT SEARCH REQUESTED: YES ☐ NO ☒

07003262

# (SEARCH WARRANT)

J JONES, #175

THE PEOPLE OF THE STATE OF CALIFORNIA TO ANY SHERIFF, POLICEMAN OR PEACE OFFICER IN THE COUNTY OF NAPA: proof by affidavit, under penalty of perjury, having been made before me by Police Officer / Investigator Detective Joseph Jones that there is probable cause to believe that the property or person described herein may be found at the location(s) set forth herein and that it is lawfully seizable pursuant to Penal Code Section 1524 as indicated below by "x"(s) in that it:

- ☐ was stolen or embezzled.
- ☐ was used as the means of committing a felony.
- ☒ is possessed by a person with the intent to use it as means of committing a public offense or is possessed by another to whom he or she may have delivered it for the purpose of concealing it or preventing its discovery.
- ☐ tends to show that a felony has been committed or that a particular person has committed a felony.
- ☒ tends to show that sexual exploitation of a child, in violation of Penal Code Section 311.3, or possession of matter depicting sexual conduct of a person under the age of 18 years, in violation of Section 311.11, has occurred or is occurring.
- ☐ there is a warrant to arrest the person.

You are Therefore COMMANDED to SEARCH:    (premises, vehicles, persons)

THE PREMISES at 3271 Beard Road, Napa, California, 94558; further described as a two-story apartment complex with peach colored, stucco exterior, and off white wood trim, and the numbers 3271 affixed on the outside of the residence, to the left of the off white wood front door; including all rooms, attics, basements, and other parts therein, the surrounding grounds and any garages, storage rooms, trash containers, and outbuildings of any kind located thereon.

THE VEHICLE described as a 2006, Jeep, Lerado, silver bearing California license # 5PSH633 including containers of any kind within the vehicle.

THE VEHICLE described as a 2005, Ford bearing California license # 5TMV102 including containers of any kind within the vehicle.

THE PERSON of Timothy Charles Craig, described as a male, white, 6 ft 4 inches tall, weighing approximately 255 pounds, with red hair, hzl eyes, born on 09.03.1958, with California drivers license #: N4589759.

For the FOLLOWING PROPERTY or PERSON(s):

Child pornography, including message # 223, in Craig's inbox, including records, images, and videos whether stored on paper, on magnetic media such as tape, cassette, disk, diskette or on memory storage devices such as optical disks, programmable instruments such as telephones, "electronic calendar/address books" calculators, or any other storage media, together with indicia of use, ownership, possession, or control of such records.

Electronic data processing and storage devices, computers and computer systems, such as central processing units, internal and peripheral storage devices such as fixed disks, external hard disks, floppy disk drives and diskettes, tape drives and tapes, optical storage devices or other memory storage devices; peripheral input/output devices such as keyboards, printers, video display monitors, optical readers and related communication devices such as acoustic or electrical modems, associated telephone sets, speed dialers, or other controlling devices, plotters, software to run programs, connecting cables and plugs, peripherals such as joysticks, or other input devices, scanners, writing pads, manuals, power backup devices, connecting switches, power sources, telephones and telephone cables, and interface devices.

All of the above records, whether stored on paper, on magnetic media such as tape, cassette, disk, diskette or on memory storage devices such as optical disks, programmable instruments such as telephones, "electronic calendar\address books" calculators, or any other storage media, together with indicia of use, ownership, possession, or control of such records.

Computing or data processing software, stored on any type of medium such as: hard disks, floppy disks, diskettes, CD-RW's, DVD's, cassette tapes, integral RAM or ROM units, or other permanent or transient storage medium.

Computer or data processing literature, such as instruction books, manuals or listed computer programs in whole or in part.

Examination and search of computers and computer system components such as CPU central processing units, internal and peripheral storage devices such as internal or external hard drives, removable storage devices and disks/hard drives, floppy disk drives and diskettes, CD-R, CD-RW, DVD drives and disks, tape drives and tapes, optical storage devices or other memory storage devices, integral RAM or ROM devices; peripheral input/output devices such as keyboards, touch pads, printers, scanners, plotters, cameras, video display monitors, modems, external data storage devices, optical readers and related communication devices such as acoustic or electrical modems, or other controlling devices such as diskettes, CD-R, CD-RW, DVD disks, power back-up devices, connecting switches, interface devices, software to run programs, connecting cables, switches, power sources, and plugs.

Examination and search of all of the above components is for files, data, images, software, operating systems, deleted files, system configurations, drive and disk configurations, date and time, unallocated and slack space, for evidence.

It is your Affiant's experience that computer system forensic examinations and searches cannot be completed within the ten days in which the Search Warrant must be served and the Return to Search Warrant filed with the Search Warrant. It is requested that the 10-day requirement be waived to provide your Affiant ample time to have it processed and comply with the Search Warrant in a timely manner. The Return to Search Warrant and Search Warrant will be filed promptly upon completion of the computer system forensic examination and search.

Any articles of personal property tending to establish the identity of persons who have dominion and control over the premises, automobiles, or items to be seized, including rent receipts, utility bills, telephone bills, miscellaneous addressed mail, personal letters, personal identification, keys, purchase receipts, sales

"... statements by ..."/"check stubs, photographs, vehicle ... ... ... certificates and pink slips," and vehicle registration slips.

AND TO SEIZE IT / THEM IF FOUND and bring it / them forthwith before me, or this court, at the courthouse of this court. This Search Warrant and Affidavit and attached and incorporated Statement of Probable Cause were sworn to as true under penalty of perjury and subscribed before me on this _____ day of _____, _____, at _____ A.M./ P.M. Wherefore, I find probable cause for the issuance of this Search Warrant and do issue it.

_____
(Signature of Magistrate)

Judge of the Superior Court of California, County of Napa

_____
(Magistrate's Printed Name)

JOHN N. ANTON

KNOCK - NOTICE EXCUSED: YES ☐  NO ☒
NIGHT SEARCH APPROVED: YES ☐  NO ☒

............... NSD # ...

07 003262

J JONES, #175

Reviewed by: _____  Date: _____  at _____ A.M. / P.M.

NAPA SHERIFF'S DEPARTMENT
CONTROLLED DOCUMENT
NOT TO BE DUPLICATED

RELEASED TO _____
RELEASED BY _____
DATE _____

ATTACHED and INCORPORATED

07003262

# STATEMENT OF PROBABLE CAUSE, #175

Affiant declares under penalty of perjury that the following facts are true and that there is probable cause to believe, and Affiant does believe, that the designated articles, property, and persons are now in the described locations, including all rooms, buildings, and structures used in connection with the premises and buildings adjoining them, the vehicles and the persons:

Your affiant, Detective Joseph Jones, is employed as a full-time, sworn law enforcement officer for The Napa County Sheriff's Department and has been for the past 5 years. Your affiant has a total of 7 years of Law Enforcement experience.

During Your Affiant's tenure, Your Affiant has investigated numerous cases involving violent crimes, financial crimes, thefts, burglaries, computer- and communications-related crimes, and identity theft related crimes. On May 12, 1995 your affiant graduated from the Butte College Basic Law Enforcement Academy, your affiant has also obtained a basic and intermediate P.O.S.T. Certificate. Your Affiant has received 40 hours of training in the examination of subjects under the influence of narcotics and drugs. In addition Your Affiant completed an 8 hour course from the California Narcotics Officers Association in Narcotic Street Development, and 32 hours of instruction from the California Department of Justice in Informant Development and Maintenance. Your Affiant has received 60 hours of P.O.S.T. training from the Sacramento County Sheriff's Department in, Basic Crime Scene Investigation and Reconstruction. Your Affiant holds an Associate of Science Degree, in Administration of Justice from Napa Valley College.

Your Affiant has received 160 hours of P.O.S.T. training from the Contra Costa County Sheriff's Department training facility in Advanced Accident Reconstruction. Your Affiant also received an additional 80 hours of training from the California Highway Patrol in, Commercial Vehicle Enforcement.

Additionally, your affiant has received training in electronic crimes from the California Department of Justice and the Northern California Computer Crimes Task Force, including High Technology Computer Crime Investigation, and the Investigation of Internet crimes. In November of 2000 Your Affiant received 8 hours of training from the Search Foundation in the Introduction to Internet Crime Investigations. In December of 2003 Your Affiant received 36 hours of instruction in High Technology and Computer Crime Investigations, from The California Department of Justice. In October of 2004, Your Affiant received 80 hours of instruction from The California Department of Justice in Computer Digital Evidence Recovery. In February of 2005 Your Affiant received 80 hours of instruction from the California Department of Justice in, Computer Forensics. In August, 2005 Your Affiant received 84 hours of training from the California State University, Sacramento and the Institute of Criminal Investigations.

NAPA SHERIFF'S DEPARTMENT
CONTROLLED DOCUMENT
NOT TO BE DUPLICATED
RELEASED TO:
RELEASED BY:
DATE

tasked with the investigation ... crimes as they relate to the illegal use, abuse or theft of electronic service, technology, online fraud, computer equipment theft, general thefts/burglaries, crimes against persons, child pornography, and identity theft.

07003262

In July, 2007 Your Affiant received information from the Department of Homeland Security, Immigration Customs Enforcement Division. In November, 2005 special agents with the Cleveland Office of the Department of Homeland Security received information related to the possession and/or distribution of child pornography. Agents were lead to believe that Lee Sly of North Royalton Ohio had received child pornography via an email.

In January 20007, agents received additional information from the Orland Park, IL Police Department. Officials discovered Richard Darkey was involved in trading child pornography via the Internet. Darkey received an image of child pornography from the screen name 'SIRJOLI'3' identified as Lee Sly.

On March 1, 2007 agents served America Online with a federal search warrant for Sly's email account information. A further examination of his account revealed 125 other individuals engaged in trading child pornography (Reference Attachment). All ... investigative leads containing at least one image or movie file of child pornography received, forwarded, and/or traded ... each located between January and February for 2007. The America Online search warrant results indicated that Timothy Craig was a suspect in the investigation. That records indicated the following ...

NAPA SHERIFF'S DEPART
CONTROLLED DOCUMENT
NOT TO BE DUPLICATED

RELEASED TO _____

RELEASED BY _____

DATE

Based on this information Special Agent Charles H. Demore summonsed records from Pacific Gas & Electric for records of service as 3271 Beard Road, Napa, California, 94015. Those records indicate a customer name of "Tim Craig" with a telephone number of (707)257-1282.

Your Affiant further conducted a records check and discovered Timothy Charles Craig (09.03.1958) residing at 3271 Beard Road, Napa, California is a PC290 registered sex offender with the California Department of Justice.

Your Affiant requests a warrant be issued for the following:

THE PREMISES at 3271 Beard Road, Napa, California, 94558; further described as a two-story apartment complex with peach colored, stucco exterior, and off white wood trim, and the numbers 3271 affixed on the outside of the residence, to the left of the off white wood front door; including all rooms, attics, basements, and other parts therein, the surrounding grounds and any garages, storage rooms, trash containers, and outbuildings of any kind located thereon.

THE VEHICLE described as 2006, Jeep, Larado, silver bearing California license # 5PSH833 including containers of any kind within the vehicle.

Case 3:08-cr-00329-JSW    Document 28-6    Filed 07/31/2008    Page 7 of 13

07003262

THE VEHICLE described as a 2005, Ford bearing California license # 5TMV102 including containers of any kind within the vehicle.

J JONES, #175

THE PERSON of Timothy Charles Craig, described as a male, white, 6 ft 4 inches tall, weighing approximately 255 pounds, with red hair, hzl eyes, born on 09.03.1958, with California drivers license #: N4589759.

Child pornography, including message # 223, in Craig's inbox, including records, images, and videos whether stored on paper, on magnetic media such as tape, cassette, disk, diskette or on memory storage devices such as optical disks, programmable instruments such as telephones, "electronic calendar\address books" calculators, or any other storage media, together with indicia of use, ownership, possession, or control of such records.

Electronic data processing and storage devices, computers and computer systems, such as central processing units, internal and peripheral storage devices such as fixed disks, external hard disks, floppy disk drives and diskettes, tape drives and tapes, optical storage devices or other memory storage devices; peripheral input/output devices such as keyboards, printers, video display monitors, optical readers and related communication devices such as acoustic or electrical modems, associated telephone sets, speed dialers, or other controlling devices, plotters, software to run programs, connecting cables and plugs, peripherals such as joysticks, or other input devices, scanners, writing pads, manuals, power backup devices, connecting switches, power sources, telephones and telephone cables, and interface devices.

All of the above records, whether stored on paper, on magnetic media such as tape, cassette, disk, diskette or on memory storage devices such as optical disks, programmable instruments such as telephones, "electronic calendar\address books" calculators, or any other storage media, together with indicia of use, ownership, possession, or control of such records.

Computing or data processing software, stored on any type of medium such as: hard disks, floppy disks, CD-R's, CD-RW's, DVD's, cassette tapes, integral RAM or ROM units, or other permanent or transient storage medium.

Computer or data processing literature, such as instruction books, manuals or listed computer programs in whole or in part.

Examination and search of computers and computer system components such as; CPU central processing units, internal and peripheral storage devices such as internal or external hard drives, removable storage devices and disks/hard drives, floppy disk drives and diskettes, CD-R, CD-RW, DVD, drive and disks, tape drives and tapes, optical storage devices or other memory storage devices, integral RAM or ROM devices; peripheral input/output devices such as keyboards, touch pads, printers, scanners, plotters, cameras, video

NAPA SHERIFF'S DEPARTMENT
CONTROLLED DOCUMENT
NOT TO BE DUPLICATED

RELEASED TO _____
RELEASED BY _____
DATE _____

2   such as acoustic couplers, modems, or other controlling devices such as diskettes, CD-R, CD-RW, DVD

3   disks, power back-up devices, connecting switches, interface devices, software to run programs, connecting

4   cables, switches, power sources, and plugs.

5

6   Examination and search of all of the above components is for files, data, images, software, operating systems,

7   deleted files, system configurations, drive and disk configurations, date and time, unallocated and slack

8   space, for evidence.

9

10   -- It is your Affiant's experience that computer system forensic examinations and searches cannot be completed

11   within the ten days in which the Search Warrant must be served and the Return to Search Warrant filed with

12   the Search Warrant.  It is requested that the 10-day requirement be waived to provide your Affiant ample time

13   to have it processed and comply with the Search Warrant in a timely manner.  The Return to Search Warrant

14   and Search Warrant will be filed promptly upon completion of the computer system forensic examination and

15   search.

16

17   Any articles of personal property tending to establish the identity of persons who have dominion and control

18   over the premises, automobiles, or items to be seized, including rent receipts, utility bills, telephone bills,

19   miscellaneous addressed mail, personal letters, personal identification, keys, purchase receipts, sales

20   receipts, tax statements, payroll check stubs, photographs, vehicle ownership certificates or "pink slips,"

21   and vehicle registration slips.

22

23   Your Affiant requests that during the execution of this search warrant that law enforcement officers or

24   assigned representatives are authorized to video tape and / or photograph / digital image the site, evidence

25   at the site and / or people or persons at the site.

26

27   Through experience and training, your affiant knows those individuals engaged in the possession, and

28   distribution of child pornography will store those files in various locations, and on various forms of digital

29   media including computer hard drives, and external storage locations.  These individuals will often obtain,

30   trade, and distribute these pornographic images via an internet connection, provided by an Internet Service

31   Provider.

32

33   YOUR AFFIANT requests that a Search Warrant be issued based upon the aforementioned facts, for the

34   seizure of said property, or any part thereof, between the hours of 7:00 A.M. and 10:00 P.M., good cause

35   being shown thereof, and the same be brought before this Magistrate or retained subject to the order of the

36   court, or of any court in which the offense(s) in respect to which the property of things taken, triable,

37   pursuant to Section 1536 of the Penal Code.

38

39   Items attached and incorporated by Reference: YES  ☒       NO  ☒

40   YOUR AFFIANT certify (declare) under penalty of perjury that the foregoing is true and correct.

41

42   Executed at Napa , California _____

07 0 0 3 2 6 2

NAPA SHERIFFS DEPARTMENT
CONTROLLED DOCUMENT
NOT TO BE DUPLICATED
RELEASED TO
RECEIVED BY

SW/SPC.doc - revised 02-15-2003 MLV          Statement of Probable Cause          Case Report # 07D08262
                                                   Page 4 of 5

(Signature of Affiant)

Date: 8 / 7 / 2007                at    1115    (A.M.)/ P.M.

Reviewed by: _____    Date: _____    at _____ NSD #  A.M. / P.M.

_____

07 0 0 3 2 6 2

J. JONES, #175

NAPA SHERIFF'S DEPARTMENT
CONTROLLED DOCUMENT
NOT TO BE DUPLICATED
RELEASED TO _____
RELEASED BY _____
DATE _____

# ATTACHMENT "B"

104

# STATE of CALIFORNIA - COUNTY of NAPA

# RETURN TO SEARCH WARRANT

**FILED**

**AUG 16 2007**

Clerk of the Napa Superior Court

By: _____ Deputy

Police Officer / Investigator **Joseph Jones**, being sworn, says that he/she conducted a search pursuant to the Search Warrant described below:

Issuing Magistrate **Judge John Anton**

Magistrate's Court : **Superior Court of California, County of Napa.**

Date of Issuance : **August 7th, 2007**                    Date of Service : **August 7th, 2007**

and searched the following **location(s), vehicle(s), and person(s):**

THE PREMISES at **3271 Beard Road, Napa**, California, **94558**; further described as a two-story apartment complex with peach colored, stucco exterior, and off white wood trim, and the numbers 3271 affixed on the outside of the residence, to the left of the off white wood front door; including all rooms, attics, basements, and other parts therein, the surrounding grounds and any garages, storage rooms, trash containers, and outbuildings of any kind located thereon.

THE VEHICLE described as a **2006, Jeep, Lerado, silver** bearing California license # **5PSH633** including containers of any kind within the vehicle.

THE VEHICLE described as a **2005, Ford** bearing California license # **5TMV102** including containers of any kind within the vehicle.

THE PERSON of **Timothy Charles Craig**, described as a male, white, 6 ft 4 inches tall, weighing approximately 255 pounds, with **red hair, hzl** eyes, born on **09.03.1958**, with California drivers license #: **N4589759**.

and **Seized the items***

☒     described in the attached and incorporated inventory.

☐     described below :

I further swear that this is a true and detailed account of all the property taken by me pursuant to the search warrant, and the pursuant to Penal Code Sections 1528 and 1536 this property will be retained in my custody, subject to the order of this court or of any other court in which the offense in respect to which the seized property is triable.

_____
(Signature of Affiant)

Sworn to and Subscribed before me this _16_ day of _August_ _2007_, at _2:38_ A.M./P.M.

_____
(Signature of Magistrate)

Judge of the Superior Court of California, County of Napa.

_____
(Magistrate's Printed Name)

* List all items seized, including those not specifically listed on the Search Warrant

## NAPA COUNTY SHERIFF'S DEPARTMENT
## PROPERTY RECORD

| 2 DATE OF THIS REPORT | 3 CRIME CODE | | 5 |
|---|---|---|---|
| 8-8-07 | 311.11 PC | | PAGE 1 OF 3 |

| 6 LOCATION PROPERTY COLLECTED | 7 | PROPERTY ROOM ONLY |
|---|---|---|
| 3271 Beard Road | ☐ FELONY ☐ ADULT ☐ ARREST ☐ MISD. ☐ JUVENILE ☐ FOUND PROPERTY | ☐ CITATION ☐ OTHER |

| 8 VICTIM/OWNER/SUSPECT/FINDER/OTHER | 9 D.O.B. | 10 ADDRESS | 11 PHONE | 12 PID |
|---|---|---|---|---|
| 1. Craig, Timothy | | 3271 Beard, Napa | | |
| 13 VICTIM/OWNER/SUSPECT/FINDER/OTHER 2. | 14 D.O.B. | 15 ADDRESS | 16 PHONE | 17 PID |
| 18 VICTIM/OWNER/SUSPECT/FINDER/OTHER 3. | 19 D.O.B. | 20 ADDRESS | 21 PHONE | 22 PID |
| 23 VICTIM/OWNER/SUSPECT/FINDER/OTHER 4. | 24 D.O.B. | 25 ADDRESS | 26 PHONE | 27 PID |

**27**
1. PROPERTY CODE

E = EVIDENCE

C = IN CUSTODY

N = NOT IN STORAGE

**28**
2. PROPERTY TYPE

A = ASSET FORFEITURE  O = OTHER
C = CONTRABAND  R = RECOVERED
E = EVIDENCE  S = STOLEN
F = FOUND  W = SEARCH WARRANT
K = SAFEKEEPING
H = 8102 W & I (5150 GUNS)

**29 COMMENTS:** FIREARMS WANTS (10-29) HISTORY (10-28) TO BE ATTACHED BY OFFICER

### 3. PROPERTY CATEGORIES

A = AUTOMOTIVE
B = BICYCLE
C = CAMERA/PHOTO EQUIP
D = DRUG/PARAPHERNALIA
E = EQUIPMENT/TOOLS

F = FIREARMS/WEAPONS
G = TRACE EVIDENCE
H = HOUSEHOLD GOODS
I = INDICIA
J = JEWELRY/WATCH/PRECIOUS METALS

K = PHYSIOLOGICAL FLUIDS
L = CLOTHING
M = MUSICAL EQUIP
N = CASSETTES
O = OFFICE/COMPUTER EQUIP

P = PERSONAL ACCESSORY
R = RADIO/STEREO/SOUND
S = SPORT/CAMPING EQUIP
T = TELEVISION/VCR/VIDEO
U = CONSUMABLES

V = PHOTO LINE UP/PHOTOS
W = WALLET/PURSE
X = MONEY
Y = OTHER
Z = CREDIT CARDS

| E | E | VHS TAPE - KITCHEN COUNTER |
|---|---|---|
| E | E | BLOW UP DOLL CHILD SIZED - FOUND IN KITCHEN CABINET ABOVE FRIDGE |
| | | 3 CD ROMS FOUND ON KITCHEN COUNTER |
| | | "NICKELBACK" CD ROM - KITCHEN TABLE |
| | | NIKON CAMERA |
| | | CANON DIGITAL CAMERA |
| | | JVC COMPACT VHS CAMERA |

☐ NOTIFICATION OF RIGHTS    This form constitutes notification of your rights according to law. Your signature is not an admission of responsibility, but indicates that you have received a copy of this notice. Please review the back of this sheet for an explanation of your rights.

☐ FOUND PROPERTY    (Required by Cal. Civil Code 2080) I declare under penalty of perjury, that the listed items were found, that all items found have been surrendered and I do not know the identity of the true owner. Finder wishes to claim found property after 90 days: ☐ YES ☐ NO. X

SIGNATURE                                        DATE

WHITE - PROPERTY ROOM          CANARY - MASTER FILE          PINK - PROPERTY ROOM          GOLDENROD - RECEIPT / NOTIFICATION OF RIGHTS.

# NAPA COUNTY SHERIFF'S DEPARTMENT
## CONTINUATION
# PROPERTY RECORD

| 45 DATE OF THIS REPORT 8/8/07 | 46 CRIME CODE | | | | 47 PAGE 2 of 3 | | PROPERTY ROOM ONLY |
|---|---|---|---|---|---|---|---|
| 48 VICTIM/OWNER/SUSPECT (circle one) | | | 49 D.O.B. | 50 PHONE | | | |
| 51 ADDRESS 3271 BEARD RD. | | | | 52 PID # | | | |

| EVID. | CODE | TYPE | | ARTICLE | BRAND | CHOPPER | SERIAL NO. | PROP. ROOM ONLY |
|---|---|---|---|---|---|---|---|---|
| 1 | | | TOSHIBA SATELLITE M115 S/N X61049302 LIVING ROOM STAND - w/ WIRELESS CARD | | | | | |
| 2 | | | MISC CD's LIVING ROOM FLOOR | | | | | |
| 3 | | | MISC 3/4" FLOPPY DISCS L/R FLOOR | | | | | |
| 4 | | | GLOSSY PRINTS "JETSONS" UNDER L/R TABLE | | | | | |
| 5 | | | PORNOGRAPHY CATALOGUE - BLACK BAG D/R | | | | | |
| 6 | | | ROLL 35mm FILM EXPOSED COFFEE TABLE | | | | | |
| 7 | | | MISC TEEN RELATED PORNOGRAPHY L/R FLOOR NEAR OR UNDER COUCH | | | | | |
| 8 | | | WOOD CONTAINER w/ MARIJUANA | | | | | |
| 9 | | | CD SPOOL w/ MISC CD-R's L/R SHELF | | | | | |
| 10 | | | BOXES w/ PORN DVD's BEDROOM CLOSET | | | | | |
| 11 | | | PORNOGRAPHY BEDROOM FLOOR | | | | | |
| 12 | | | GIRLS PANTIES & HAT | | | | | |

| COLLECTING OFFICER | | RECEIVING OFFICER | DELIVERED BY |
|---|---|---|---|

WHITE - PROPERTY ROOM

EXHIBIT C - ATTACHMENT 3

# NAPA COUNTY SHERIFF'S DEPARTMENT
## CONTINUATION
# PROPERTY RECORD

| 45 DATE OF THIS REPORT | 46 CRIME CODE | | | 47 PAGE 3 of 3 | | PROPERTY ROOM ONLY |
|---|---|---|---|---|---|---|
| 8-8-07 | | | | | | |
| 48 VICTIM/OWNER/SUSPECT (circle one) | | | 49 D.O.B. | 50 PHONE | | |
| 51 ADDRESS  3271 BEARD ROAD | | | | 52 PID # | | |

| ITEM | CODE/TYPE | CAL | ARTICLE | BRAND | MODEL | SERIAL NO./CAL | | PROP. ROOM ONLY |
|---|---|---|---|---|---|---|---|---|
| 20 | | | GLASS MARIJUANA PIPE w/ BURNT VEG | | | | | |
| | | | 4R COFFEE TABLE | | | | | |
| 21 | | | 2 WOOD BOXES, 2 BAGGIES LOOSE MARIJUANA | | | | | |
| | | | CONT MARIJUANA, PIPES, WHITE RESIDUE 4R COUCH | | | | | |
| 22 | | | 2 VHS TAPES BEDROOM & CLOSET | | | | | |
| 23 | | | SONY PS 1 S/N P022749176b w/ MEM CARD | | | | | |
| | | | 4R BY TV | | | | | |
| 24 | | | RED BOX CONT DIGITAL MEDIA, CD RS | | | | | |
| | | | 4R TV | | | | | |
| 25 | | | VHS TAPES, DVD'S TV STAND 4R | | | | | |
| 26 | | | INDICIA KITCHEN | | | | | |
| 27 | | | "GRASSROOTS" CD - CONT BLANK CD-R | | | | | |
| | | | 4R TABLE | | | | | |
| 28 | | | POLAROID NAKED BOY - NEGATIVES | | | | | |
| | | | KITCHEN TABLE | | | | | |
| 29 | | | SONY CD-R 4R FISHTANK | | | | | |
| 30 | | | YELLOW PAD W/ HANDWRITTEN STORY | | | | | |
| | | | CARPORT #8 STORAGE | | | | | |

WHITE - PROPERTY ROOM

## Incident / Investigation Report

*Napa Sheriff's Department*

OCA: *NSD07-003262*

### Additional Property List

| Status Codes | | S = Stolen   R = Recovered   D = Damaged   Z = Seized   B = Burned   C = Counterfeit / Forged   F = Found   U = Unknown (Check "OJ" column if recovered for other jurisdiction) | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Victim # | UCR | Status | Value | OJ | QTY | Property Description | Make/Model | Serial Number |
| | 07 | EVI – | $1.00 | | 1.00 | Th13  35mm Fill Roll, Exposed | | |
| | 07 | EVI – | $1.00 | | 1.00 | Th14  Misc Teen Related Porn | | |
| | 07 | EVI – | $1.00 | | 1.00 | Th16 Cd Spool With Blank Or Audio | | |
| | 07 | EVI – | $1.00 | | 1.00 | Th17 2 Boxes Cont Porn Dvd's | | |
| | 11 | EVI – | $1.00 | | 1.00 | Th18 Child Rape Story, Porn, Dvd | | |
| | 06 | EVI – | $1.00 | | 1.00 | Th19 Womens Panties, Girls Ski Hat | | |
| | 07 | EVI – | $1.00 | | 1.00 | Th22 Two Vhs Tapes | | |
| | 07 | EVI – | $1.00 | | 1.00 | Th23 Sony Playstation W/Memory | SONY/SCPH– | P0227491766 |
| | 26 | EVI – | $1.00 | | 1.00 | Th24 Misc Cds, Computer/Tv Cables | | |
| | 26 | EVI – | $1.00 | | 1.00 | Th25 Misc Dvd's And Vhs Tapes | | |
| | 11 | EVI – | $1.00 | | 1.00 | Th26 Indicia Tim Craig | | |
| | 07 | EVI – | $1.00 | | 1.00 | Th27 Audio Cd Grass Roots | | |
| | 1P | EVI – | $1.00 | | 1.00 | Th28 Polaroid Naked Boy  Film | | |
| | 07 | EVI – | $1.00 | | 1.00 | Th29 Cd-Rw  Blank Label | | |
| | 11 | EVI – | $1.00 | | 1.00 | Th30  Yellow Legal Pad W/Writings | | |

NAPA SHERIFF'S DEPARTMENT
CONTROLLED DOCUMENT
NOT TO BE DUPLICATED

RELEASED TO _____

RELEASED BY _____

DATE _____

## NAPA COUNTY SHERIFF'S DEPARTMENT
## PROPERTY RECORD

| | |
|---|---|
| 2 DATE OF THIS REPORT 8-8-07 | 3 CRIME CODE 311.11 PC |

**6 LOCATION PROPERTY COLLECTED** 3271 BEARD ROAD

☐ FELONY ☐ MISD.   ☐ ADULT ☐ JUVENILE   ☐ ARREST ☐ FOUND PROPERTY   ☐ CITATION ☐ OTHER   PROPERTY ROOM ONLY

| 8 VICTIM/OWNER/SUSPECT/FINDER/OTHER | 13 D.O.B. | 10 ADDRESS | 11 PHONE | 12 PID |
|---|---|---|---|---|
| 1. CRAIG TIMOTHY | | 3271 BEARD, NAPA | | |
| 2. | 14 D.O.B. | 15 ADDRESS | 16 PHONE | 17 PID |
| 3. | 19 D.O.B. | 20 ADDRESS | 21 PHONE | 22 PID |
| 4. | 24 D.O.B. | 25 ADDRESS | 26 PHONE | 27 PID |

**27 1. PROPERTY CODE**

E = EVIDENCE

D = IN CUSTODY

N = NOT IN STORAGE

**28 2. PROPERTY TYPE**

A = ASSET FORFEITURE   O = OTHER

C = CONTRABAND   R = RECOVERED

E = EVIDENCE   S = STOLEN

F = FOUND   W = SEARCH

K = SAFEKEEPING   WARRANT

H = B102 W & I (5150 GUNS)

**29 COMMENTS: FIREARM WANTS (10-29) HISTORY (10-28) TO BE ATTACHED BY OFFICER**

### 3. PROPERTY CATEGORIES

A = AUTOMOTIVE
B = BICYCLE
C = CAMERA/PHOTO EQUIP
D = DRUG/PARAPHERNALIA
E = EQUIPMENT/TOOLS

F = FIREARM/WEAPONS
G = TRACE EVIDENCE
H = HOUSEHOLD GOODS
I = INDICIA
J = JEWELRY/WATCH/PRECIOUS METALS

K = PHYSIOLOGICAL FLUIDS
L = CLOTHING
M = MUSICAL EQUIP
N = CASSETTES
O = OFFICE/COMPUTER EQUIP

P = PERSONAL ACCESSORY
R = RADIO/STEREO/SOUND
S = SPORT/CAMPING EQUIP
T = TELEVISION/VCR/VIDEO
U = CONSUMABLES

V = PHOTO LINE UP/PHOTOS
W = WALLET/PURSE
X = MONEY
Y = OTHER
Z = CREDIT CARDS

| | | | |
|---|---|---|---|
| E | E | VHS TAPE KITCHEN COUNTER | |
| E | E | BLOW UP DOLL CHILD SIZED - FOUND IN KITCHEN CABINET ABOVE STOVE | |
| | | 3 CD ROMS FOUND ON KITCHEN COUNTER | |
| | | "NICKLBACK" CD ROM - KITCHEN TABLE | |
| | | NIKON CAMERA | |
| | | CANON DIGITAL CAMERA | |
| | | JVC COMPACT VHS CAMERA | |

NAPA SHERIFF
CONTROLLED DOCUM
NOT TO BE DUPLICA
RELEASED TO
RELEASED BY
DATE

☐ NOTIFICATION OF RIGHTS   This form constitutes notification of your rights according to law. Your signature is not an admission of responsibility, but indicates that you have received a copy of this notice. Please review the back of this sheet for an explanation of your rights.

☐ FOUND PROPERTY   (Required by Cal. Civil Code 2080) I declare under penalty of perjury, that the listed items were found, that all items found have been surrendered and I do not know the identity of the true owner. Finder wishes to claim found property after 90 days: ☐ YES ☐ NO. X

SIGNATURE     DATE

# NAPA COUNTY SHERIFF'S DEPARTMENT
## CONTINUATION
## PROPERTY RECORD

| 45 DATE OF THIS REPORT | 46 CRIME CODE | | | 47 PAGE 2 OF 3 | | PROPERTY ROOM ONLY |
|---|---|---|---|---|---|---|
| 8/8/07 | | | | | | |
| 48 VICTIM/OWNER/SUSPECT (circle one) | | | 49 D.O.B. | 50 PHONE | | |
| 51 ADDRESS  3271 BEARD RD | | | | 52 PID # | | |

| ITEM | CODE | TYPE | CAT. | ARTICLE | BRAND | MODEL | SERIAL # | PROP. ROOM ONLY |
|---|---|---|---|---|---|---|---|---|
| 1 | | | | TOSHIBA SATELLITE M115 S/N X6109930Q | | | | |
| | | | | LIVING ROOM STAND — W/ WIRELESS CARD | | | | |
| 2 | | | | MISC CD'S   LIVING ROOM FLOOR | | | | |
| 3 | | | | MISC 3¼" FLOPPY DISCS   L/R FLOOR | | | | |
| 4 | | | | GLOSSY PRINTS "JETSONS" UNDER L/R | | | | |
| | | | | TABLE | | | | |
| 5 | | | | PORNOGRAPHY CATALOGUE — BLACK BAG | | | | |
| | | | | D/R | | | | |
| 6 | | | | ROLL 35mm FILM EXPOSED COFFEE | | | | |
| | | | | TABLE | | | | |
| 7 | | | | MISC TEEN RELATED PORNOGRAPHY   L/R | | | | |
| | | | | FLOOR NEAR OR UNDER COUCH | | | | |
| 8 | 21 | | | WOOD CONTAINER W/ MARIJUANA | | | | |
| 9 | | | | CD SPOOL W/ MISC CD-R'S   L/R SHELVE | | | | |
| 10 | | | | BOXES W/ PORN DVDS   BEDROOM CLOSET | | | | |
| 11 | | | | PORNOGRAPHY   BEDROOM FLOOR | | | | |
| 12 | | | | GIRLS PANTIES + HAT | | | | |

NAPA SHERIFF'S DEPARTMENT
CONTROLLED DOCUMENT
NOT TO BE DUPLICATED
RELEASED TO
RELEASED BY
DATE

WHITE - PROPERTY ROOM    CANARY - MASTER FILE    PINK - PROPERTY ROOM    GOLDENROD - RECEIPT

NAPA COUNTY SHERIFF'S DEPARTMENT
CONTINUATION
# PROPERTY RECORD

| 45 DATE OF THIS REPORT 8-8-07 | 46 CRIME CODE | 47 PAGE 3 OF 3 | PROPERTY ROOM ONLY |
| 48 VICTIM/OWNER/SUSPECT (circle one) | 49 D.O.B. | 50 PHONE | |
| 51 ADDRESS 3271 Beard Road | 52 PID # | | |

| EVID # | CODE | FREE | REC CAT | ARTICLE | BRAND | MODEL | SERIAL NO | | PROP. ROOM ONLY |
|---|---|---|---|---|---|---|---|---|---|
| | | | | GLASS MARIJUANA PIPE W/ BURNT VEG. 4R COFFEE TABLE | | | | | |
| | 15 | | | 2 WOOD BOXES, 2 BAGGIES LOOSE MARIJUANA CONT MARIJUANA, PIPES, WHITE RESIDUE 4/R COUCH | | | | | |
| | | | | 2 VHS TAPES BEDROOM & CLOSET | | | | | |
| | | | | SONY PS 1  S/N P0227491766  W/ MEM CARD 4R BY TV | | | | | |
| | | | | RED BOX CONT DIGITAL MEDIA; CD RS 4R TV | | | | | |
| | | | | VHS TAPES, DVD'S  TV STAND 4R | | | | | |
| | | | | INDICIA  KITCHEN | | | | | |
| | | | | "GRASS ROOTS" CD- CONT 4R TABLE | | | | | |
| | | | | POLAROID NAKED BOY - NEGATIVES KITCHEN TABLE | | | | | |
| | | | | SONY CD-R  4R FISHTANK | | | | | |
| | | | | YELLOW PAD W/ HANDWRITTEN STORY CARPORT #8 STORAGE | | | | | |

NAPA SHERIFF'S DEPARTMENT
CONTROLLED DOCUMENT
NOT TO BE DUPLICATED
RELEASED TO
RECEIVED BY
DATE

| 83 INVESTIGATING OFFICER HANCOCK | 84 PROPERTY RELEASED TO | CODEB NO | 86 DATE 8-8-07 | 88 APPROVED BY | RECEIPT |

WHITE - PROPERTY ROOM    CANARY –MASTER FILE    PINK - PROPERTY ROOM    GOLDENROD - RECEIPT

# STATE of CALIFORNIA - COUNTY of NAPA    NSD #

# RETURN TO SEARCH WARRANT 3262

FILED

AUG 16 2007

Clerk of the Napa Superior Court

By: _____ Deputy

Police Officer / Investigator Joseph Jones, being sworn, says that he/she conducted a search pursuant to the Search Warrant described below:

Issuing Magistrate Judge John Anton

Magistrate's Court : Superior Court of California, County of Napa.

Date of Issuance : August 7th, 2007                Date of Service : August 7th, 2007

and searched the following location(s), vehicle(s), and person(s):

THE PREMISES at 3271 Beard Road, Napa, California, 94558; further described as a two-story apartment complex with peach colored, stucco exterior, and off white wood trim, and the numbers 3271 affixed on the outside of the residence, to the left of the off white wood front door; including all rooms, attics, basements, and other parts therein, the surrounding grounds and any garages, storage rooms, trash containers, and outbuildings of any kind located thereon.

THE VEHICLE described as a 2006, Jeep, Lerado, silver bearing California license # 5PSH633 including containers of any kind within the vehicle.

THE VEHICLE described as a 2005, Ford bearing California license # 5TMV102 including containers of any kind within the vehicle.

THE PERSON of Timothy Charles Craig, described as a male, white, 6 ft 4 inches tall, weighing approximately 255 pounds, with red hair, hzl eyes, born on 09.03.1958, with California drivers license #: N4589759.

and Seized the items*

☒    described in the attached and incorporated inventory.

☐    described below :

I further swear that this is a true and detailed account of all the property taken by me pursuant to the search warrant, and the pursuant to Penal Code Sections 1528 and 1536 this property will be retained in my custody, subject to the order of this court or of any other court in which the offense in respect to which the seized property is triable.

_____
(Signature of Affiant)

Sworn to and Subscribed before me this 16 day of August, 2007, at 2:38 A.M./P.M.

_____
(Signature of Magistrate)

Judge of the Superior Court of California, County of Napa.

_____
(Magistrate's Printed Name)

NAPA SHERIFF'S DEPARTMENT
CONTROLLED DOCUMENT
NOT TO BE DUPLICATED

RELEASED TO _____
RELEASED BY _____
DATE _____

* List all items seized, including those not specifically listed on the Search Warrant

Return to Search Warrant
Page 1 of 1

Case Report # NSD070039262

NSD #

## NAPA COUNTY SHERIFF'S DEPARTMENT
## PROPERTY RECORD

| 2 DATE OF THIS REPORT | 3 CRIME CODE | | 5 PAGE 1 OF 3 |
|---|---|---|---|
| 8-8-07 | 311.11 PC | | |

| 6 LOCATION PROPERTY COLLECTED |
|---|
| 3771 BEARD ROAD |

| 7 □ FELONY  □ ADULT  □ ARREST  J. JONES #17 |
|---|
| □ MISC  □ JUVENILE  □ FOUND PROPERTY  □ OTHER |

| 9 VICTIM/OWNER/SUSPECT/FINDER/OTHER | 9 D.O.B. | 10 ADDRESS | 11 PHONE | 12 PID |
|---|---|---|---|---|
| 1. CRAIG, TIMOTHY | | 3771 BEARD, NAPA | | |
| 13 VICTIM/OWNER/SUSPECT/FINDER/OTHER | 14 D.O.B. | 15 ADDRESS | 16 PHONE | 17 PID |
| 2. | | | | |
| 18 VICTIM/OWNER/SUSPECT/FINDER/OTHER | 19 D.O.B. | 20 ADDRESS | 21 PHONE | 22 PID |
| 3. | | | | |
| 23 VICTIM/OWNER/SUSPECT/FINDER/OTHER | 24 D.O.B. | 25 ADDRESS | 26 PHONE | 27 PID |
| 4. | | | | |

**1. PROPERTY CODE**

E = EVIDENCE

C = IN CUSTODY

N = NOT IN STORAGE

**2. PROPERTY TYPE**

A = ASSET FORFEITURE   C = OTHER

C = CONTRABAND   R = RECOVERED

E = EVIDENCE   S = STOLEN

F = FOUND   W = SEARCH

K = SAFEKEEPING   WARRANT

H = 0102 W & I (9160 GUNS)

29 COMMENTS: FIREARMS WANTS (10-28) HISTORY (10-28) TO BE ATTACHED OFFICER

NAPA SHERIFF'S DEPARTMENT
CONTROLLED DOCUMENT
NOT TO BE DUPLICATED

RELEASED TO
RELEASED BY
DATE

**3. PROPERTY CATEGORIES**

A = AUTOMOTIVE
B = BICYCLE
C = CAMERA/PHOTO EQUIP
D = DRUG/PARAPHERNALIA
E = EQUIPMENT/TOOLS

F = FIREARMS/WEAPONS
G = TRACE EVIDENCE
H = HOUSEHOLD GOODS
I = INDICIA
J = JEWELRY/WATCH/PRECIOUS METALS

K = PHYSIOLOGICAL FLUIDS
L = CLOTHING
M = MUSICAL EQUIP
N = CASSETTES
O = OFFICE/COMPUTER EQUIP

P = PERSONAL ACCESSORY
R = RADIO/STEREO/SOUND
S = SPORT/CAMPING EQUIP
T = TELEVISION/VCR/VIDEO
U = CONSUMABLES

V = PHOTO LINE UP/PHOTOS
W = WALLET/PURSE
X = MONEY
Y = OTHER
Z = CREDIT CARDS

| | | | |
|---|---|---|---|
| E | E | VHS TAPE - KITCHEN COUNTER | |
| E | E | BLOW UP DOLL CHILD SIZED - FOUND IN KITCHEN CABINET ABOVE FRIDGE | |
| | | 3 CD ROMS FOUND ON KITCHEN COUNTER | |
| | | "NICKLEBACK" CD ROM - KITCHEN TABLE | |
| | | NIKON CAMERA | |
| | | CANON DIGITAL CAMERA | |
| | | JVC COMPACT VHS CAMERA | |

□ NOTIFICATION OF RIGHTS    This form constitutes notification of your rights according to law. Your signature is not an admission of responsibility, but indicates that you have received a copy of this notice. Please review the back of this sheet for an explanation of your rights.

□ FOUND PROPERTY    (Required by Cal. Civil Code 2080) I declare under penalty of perjury, that the listed items were found, that all items found have been surrendered and I do not know the identity of the true owner. Finder wishes to claim found property after 90 days: □ YES    □ NO. X

SIGNATURE _____    DATE _____

WHITE - PROPERTY ROOM    CANARY - MASTER FILE    PINK - PROPERTY ROOM    GOLDENROD - RECEIPT / NOTIFICATION OF RIGHTS

NAPA COUNTY SHERIFF'S DEPARTMENT
CONTINUATION
**PROPERTY RECORD**

| 48 DATE OF THIS REPORT | 48 CRIME CODE | | 47 | | PROPERTY ROOM ONLY |
|---|---|---|---|---|---|
| 8/8/07 | | | PAGE 2 of 3 | | |
| 48 VICTIM/OWNER/SUSPECT (circle one) | | 49 D.O.B. | 50 PHONE | | JONES #175 |
| 51 ADDRESS | | | 52 MO # | | |
| 3271 BEARD RD. | | | | | |

| CODE | TYPE/DAY | | DESCRIPTION | | PROP. ROOM ONLY |
|---|---|---|---|---|---|
| | | TOSHIBA SATELITE M115 S/N X61099302 LIVING ROOM STAND - W/ WIRELESS CARD | | | |
| | | MISC CD'S      LIVING ROOM FLOOR | | | |
| | | MISC 3¼" FLOPPY DISCS      L/R FLOOR | | | |
| | | GLOSSY PRINTS "JETSONS" UNDER L/R TABLE | | | |
| | | PORNOGRAPHY CATALOGUE - BLACK BAG D/R | | | |
| | | ROLL 35 mm FILM EXPOSED COFFEE TABLE | | | |
| | | MISC TEEN RELATED PORNOGRAPHY FLOOR NEAR OR UNDER COUCH | | | |
| | | WOOD CONTAINER W/ MARIJUANA | | | |
| | | CD STOOL W/ MISC CD-R's L/R SHELF | | | |
| | | BOXES W/ PORN DVD'S      BEDROOM CLOSET | | | |
| | | PORNOGRAPHY      BEDROOM FLOOR | | | |
| | | GIRLS PANTIES & HAT | | | |

NAPA SHERIFF'S DEPARTMENT
CONTROLLED DOCUMENT
NOT TO BE DUPLICATED
RELEASED TO _____
RELEASED BY _____
DATE _____

WHITE - PROPERTY ROOM      CANARY - MASTER FILE      PINK - PROPERTY ROOM      GOLDENROD - RECEIPT

NAPA COUNTY SHERIFF'S DEPARTMENT
CONTINUATION
## PROPERTY RECORD

| 45 DATE OF THIS REPORT | 46 CRIME CODE | | 47 PAGE 3 OF 3 | | PROPERTY ROOM ONLY |
|---|---|---|---|---|---|
| 8-8-07 | | | | | |
| 48 VICTIM/OWNER/SUSPECT (circle one) | | 49 D.O.B. | 50 PHONE | | NSD # |
| 51 ADDRESS 3271 Beard Road | | | 52 PID # | | 07003262 |

| ITEM CODE | TYPE | QUAN | ARTICLE | BRAND/MAKE | MODEL NO. | | PROP ROOM ONLY |
|---|---|---|---|---|---|---|---|
| | | | GLASS MARIJUANA PIPE W/ BURNT VEG      J. JONES, #173 | | | | |
| | | | 4R COFFEE TABLE | | | | |
| | | | 2 WOOD BOXES, 2 BAGGIES LOOSE MARIJUANA | | | | |
| | | | CONT MARIJUANA, PIPES, WHITE RESIDUE 4R COUCH | | | | |
| | | | 2 VHS TAPES BEDROOM & CLOSET | | | | |
| | | | SONY PS 1 S/N PO227491760 W/MEM CARD | | | | |
| | | | 4R BY TV | | | | |
| | | | RED BOX CONT DIGITAL MEDIA, CD RS | | | | |
| | | | 4R TV | | | | |
| | | | VHS TAPES, DVD'S   TV STAND 4R | | | | |
| | | | INDICIA    KITCHEN | | | | |
| | | | "GRASSROOTS" CD - CONT POETRY | | | | |
| | | | 4R TABLE | | | | |
| | | | POLAROID NAKED BOY - NEGATIVES | | | | |
| | | | KITCHEN TABLE | | | | |
| | | | SONY CD-R 4R FISHTANK | | | | |
| | | | YELLOW PAD W/ HANDWRITTEN STORY | | | | |
| | | | CARPORT #8 STORAGE | | | | |
| | | | | | | | |

NAPA SHERIFF'S DEPARTMENT
CONTROLLED DOCUMENT
NOT TO BE DUPLICATED
RELEASED TO
RELEASED BY D.R.
DATE

WHITE - PROPERTY ROOM    CANARY - MASTER FILE    PINK - PROPERTY ROOM    GOLDENROD - RECEIPT

## STATE of CALIFORNIA - COUNTY of NAPA

# RETURN TO SEARCH WARRANT

**FILED**

AUG 16 2007

Clerk of the Napa Superior Court

By: _____ Deputy

**Police Officer / Investigator Joseph Jones**, being sworn, says that he/she conducted a search pursuant to the Search Warrant described below:

Issuing Magistrate **Judge John Anton**

Magistrate's Court : **Superior Court of California, County of Napa.**

Date of Issuance : August 7th, **2007**                  Date of Service : **August 7th, 2007**

and searched the following **location(s), vehicle(s), and person(s):**

THE PREMISES at **3271 Beard Road**, Napa, California, **94558**; further described as a two-story apartment complex with peach colored, stucco exterior, and off **white wood** trim, and the numbers 3271 affixed on the outside of the residence, to the left of the off white wood front door; including all rooms, attics, basements, and other parts therein, the surrounding grounds and any garages, storage rooms, trash containers, and outbuildings of any kind located thereon.

THE VEHICLE described as a **2006, Jeep, Lerado, silver** bearing California license # **5PSH633** including containers of any kind within the vehicle.

THE VEHICLE described as a **2005, Ford** bearing California license # **5TMV102** including containers of any kind within the vehicle.

THE PERSON of **Timothy Charles Craig**, described as a **male, white, 6 ft 4** inches tall, weighing approximately **255** pounds, with **red** hair, **hzl** eyes, born on **09.03.1958**, with California drivers license #: **N4589759.**

and **Seized the Items***

☒        described in the attached and incorporated inventory.

☐        described below :

I further swear that this is a true and detailed account of all the property taken by me pursuant to the search warrant, and the pursuant to Penal Code Sections 1528 and 1536 this property will be retained in my custody, subject to the order of this court or of any other court in which the offense in respect to which the seized property is triable.

_____
(Signature of Affiant)

Sworn to and Subscribed before me this _16_ day of _August_, _2007_, at _2:38_ A.M. / P.M.

_____
(Signature of Magistrate)

Judge of the **Superior Court of California, County of Napa.**

_____
(Magistrate's Printed Name)

* List all items seized, including those not specifically listed on the Search Warrant

## NAPA COUNTY SHERIFF'S DEPARTMENT
## PROPERTY RECORD

| 1 ORIGINAL CODE | | | | | CASE NUMBER 07-3262 |
|---|---|---|---|---|---|
| 2 DATE OF THIS REPORT 4-8-07 | 3 CRIME CODE 311.11 PC | 4 | | 5 PAGE 1 OF 3 | PROPERTY ROOM ONLY |

6 LOCATION PROPERTY COLLECTED: 3271 Beard Road

7 ☐ FELONY ☐ ADULT ☐ ARREST ☐ CITATION
☐ MISD. ☐ JUVENILE ☐ FOUND PROPERTY ☐ OTHER

| 8 VICTIM/OWNER/SUSPECT/FINDER/OTHER 1. Craig, Timothy | 9 D.O.B. | 10 ADDRESS 3271 Beard, Napa | 11 PHONE | 12 PID |
|---|---|---|---|---|
| 13 VICTIM/OWNER/SUSPECT/FINDER/OTHER 2. | 14 D.O.B. | 15 ADDRESS | 16 PHONE | 17 PID |
| 18 VICTIM/OWNER/SUSPECT/FINDER/OTHER 3. | 19 D.O.B. | 20 ADDRESS | 21 PHONE | 22 PID |
| 23 VICTIM/OWNER/SUSPECT/FINDER/OTHER 4. | 24 D.O.B. | 25 ADDRESS | 26 PHONE | 27 PID |

**27 1. PROPERTY CODE**

E = EVIDENCE

C = IN CUSTODY

N = NOT IN STORAGE

**28 2. PROPERTY TYPE**

A = ASSET FORFEITURE    O = OTHER
C = CONTRABAND    R = RECOVERED
E = EVIDENCE    S = STOLEN
F = FOUND    W = SEARCH
K = SAFEKEEPING    WARRANT
H = 8102 W & I (5150 GUNS)

29 COMMENTS; FIREARMS WANTS(10-29) HISTORY (10-28) TO BE ATTACHED BY OFFICER

### 3. PROPERTY CATEGORIES

A = AUTOMOTIVE    F = FIREARMS/WEAPONS    K = PHYSIOLOGICAL FLUIDS    P = PERSONAL ACCESSORY    V = PHOTO LINE UP/PHOTOS
B = BICYCLE    G = TRACE EVIDENCE    L = CLOTHING    R = RADIO/STEREO/SOUND    W = WALLET/PURSE
C = CAMERA/PHOTO EQUIP    H = HOUSEHOLD GOODS    M = MUSICAL EQUIP    S = SPORT/CAMPING EQUIP    X = MONEY
D = DRUG/PARAPHERNALIA    I = INDICIA    N = CASSETTES    T = TELEVISION/VCR/VIDEO    Y = OTHER
E = EQUIPMENT/TOOLS    J = JEWELRY/WATCH/PRECIOUS METALS    O = OFFICE/COMPUTER EQUIP    U = CONSUMABLES    Z = CREDIT CARDS

| ITEM | | | DESCRIPTION |
|---|---|---|---|
| TH 1 | E | E | VHS TAPE KITCHEN COUNTER |
| TH 2 | E | E | BLOW UP DOLL CHILD SIZED - FOUND IN KITCHEN CABINET ABOVE FRIDGE |
| TH 3 | | | 3 CD ROMS FOUND ON KITCHEN COUNTER |
| TH 4 | | | "NICKLEBACK" CD ROM - KITCHEN TABLE |
| TH 5 | | | NIKON CAMERA |
| TH 6 | | | CANON DIGITAL CAMERA |
| TH 7 | | | JVC COMPACT VHS CAMERA |

☐ NOTIFICATION OF RIGHTS    This form constitutes notification of your rights according to law. Your signature is not an admission of responsibility, but indicates that you have received a copy of this notice. Please review the back of this sheet for an explanation of your rights.

☐ FOUND PROPERTY    (Required by Cal. Civil Code 2080) I declare under penalty of perjury, that the listed items were found, that all items found have been surrendered and I do not know the identity of the true owner. Finder wishes to claim found property after 90 days:  ☐ YES  ☐ NO. X

SIGNATURE _____    DATE _____

| COMPLETED BY | LOCKED INTO | DELIVERED TO | LOCKED INTO | APPROVED BY | DATE |
|---|---|---|---|---|---|
| | | 8-8-07 | | | |

# NAPA COUNTY SHERIFF'S DEPARTMENT
## CONTINUATION
## PROPERTY RECORD

CASE NUMBER: 07 - 3267

| 45 DATE OF THIS REPORT | 46 CRIME CODE | | 47 PAGE 2 of 3 | PROPERTY ROOM ONLY |
|---|---|---|---|---|
| 8/8/07 | | | | |
| 48 VICTIM/OWNER/SUSPECT (circle one) | | 49 D.O.B. | 50 PHONE | |
| 51 ADDRESS 3271 BEARD RD. | | | 52 PID # | |

| 53A EVID. NO. | 53B CODE | 53C TYPE | 55 CAT. | ARTICLE | BRAND | MODEL | SERIAL/NO. | VALUE | PROP. ROOM ONLY |
|---|---|---|---|---|---|---|---|---|---|
| H8 | | | | TOSHIBA SATELLITE M115 S/N X61099308 LIVING ROOM STAND - W/ WIRELESS CARD | | | | | |
| H9 | | | | MISC CD's LIVING ROOM FLOOR | | | | | |
| H10 | | | | MISC 3½" FLOPPY DISCS L/R FLOOR | | | | | |
| H11 | | | | GLOSSY PRINTS "JETSONS" UNDER L/R TABLE | | | | | |
| H12 | | | | PORNOGRAPHY CATALOGUE - BLACK BAG D/R | | | | | |
| H13 | | | | ROLL 35mm FILM EXPOSED COFFEE TABLE | | | | | |
| H14 | | | | MISC TEEN RELATED PORNOGRAPHY L/R FLOOR NEAR OR UNDER COUCH | | | | | |
| H15 | | | | WOOD CONTAINER W/ MARIJUANA | | | | | |
| H16 | | | | CD SPOOL W/ MISC CD-R's L/R SHELVE | | | | | |
| H17 | | | | BOXES W/ PORN DVD's BEDROOM CLOSET | | | | | |
| H18 | | | | PORNOGRAPHY BEDROOM FLOOR | | | | | |
| H19 | | | | GIRLS PANTIES + HAT | | | | | |

| 62 COLLECTING OFFICER | 63 PROPERTY DELIVERED TO: | LOCKER NO: | 64 DATE | 65 APPROVED BY: | 66 DATE: |
|---|---|---|---|---|---|
| I HANCOCK #57 | | | 8-8-07 | | |

WHITE - PROPERTY ROOM      CANARY - MASTER FILE      PINK - PROPERTY ROOM      GOLDENROD - RECEIPT

# NAPA COUNTY SHERIFF'S DEPARTMENT
## CONTINUATION
# PROPERTY RECORD

CASE NUMBER: 07-3262

| 45 DATE OF THIS REPORT | 46 CRIME CODE | | 47 PAGE 3 of 3 | PROPERTY ROOM ONLY |
|---|---|---|---|---|
| 8-8-07 | | | | |

48 VICTIM/OWNER/SUSPECT (circle one)    49 D.O.B.    50 PHONE

51 ADDRESS   3271 Beard Road    52 PID #

| EVIDENCE # | CODE | TYPE | CAT. | ARTICLES | # | BRAND | # | MODEL | SERIAL NO. | VALUE | PROP. ROOM ONLY |
|---|---|---|---|---|---|---|---|---|---|---|---|
| H20 | | | | GLASS MARIJUANA PIPE w/ BURNT VEG L/R COFFEE TABLE | | | | | | | |
| H21 | | | | 2 WOOD BOXES, 2 BAGGIES LOOSE MARIJUANA, CONT MARIJUANA, PIPES, WHITE RESIDUE L/R COUCH | | | | | | | |
| H22 | | | | 2 VHS TAPES   BEDROOM & CLOSET | | | | | | | |
| H23 | | | | SONY PS 1   S/N P0227491766 w/ MEM CARD L/R BY TV | | | | | | | |
| H24 | | | | RED BOX CONT DIGITAL MEDIA, CD'RS L/R TV | | | | | | | |
| H25 | | | | VHS TAPES, DVD'S   TV STAND L/R | | | | | | | |
| H26 | | | | INDICIA   KITCHEN | | | | | | | |
| H27 | | | | "GRASSROOTS" CD- CONT BLANK CD-R L/R TABLE | | | | | | | |
| H28 | | | | POLAROID NAKED BOY - NEGATIVES KITCHEN TABLE | | | | | | | |
| H29 | | | | SONY CD-R   L/R FISHTANK | | | | | | | |
| H30 | | | | YELLOW PAD w/ HANDWRITTEN STORY CARPORT #8   STORAGE | | | | | | | |

| 82 COLLECTING OFFICER | 83 PROPERTY DELIVERED TO | LOCKER NO. | 84 DATE | 85 APPROVED BY | 86 DATE |
|---|---|---|---|---|---|
| E. Hancock | | | 8-8-07 | | |

**WHITE - PROPERTY ROOM    CANARY - MASTER FILE    PINK - PROPERTY ROOM    GOLDENROD - RECEIPT**

SW NO. ___

# STATE of CALIFORNIA, COUNTY of NAPA,

# SEARCH WARRANT AND AFFIDAVIT
# (AFFIDAVIT)

**FILED**

AUG 16 2007

Clerk of the Napa Superior Court
By _____ Deputy

**Detective Joseph Jones** declares under penalty of perjury that the facts expressed by him/her in the attached and incorporated **Statement of Probable Cause** are true and that based thereon he/she has probable cause to believe that the articles, property, and persons described below are lawfully seizable pursuant to Penal Code Section 1524, as indicated below, and are now located at the locations set forth below. Wherefore, Affiant requests that this Search Warrant be issued.

_____, NIGHT SEARCH REQUESTED: YES ☐  NO ☒
(Signature of Affiant)

# (SEARCH WARRANT)

THE PEOPLE OF THE STATE OF CALIFORNIA TO ANY SHERIFF, POLICEMAN OR PEACE OFFICER IN THE COUNTY OF NAPA: proof by affidavit, under penalty of perjury, having been made before me by **Police Officer / Investigator Detective Joseph Jones** that there is probable cause to believe that the property or person described herein may be found at the location(s) set forth herein and that it is lawfully seizable pursuant to Penal Code Section 1524 as indicated below by "x"(s) in that it:

☐   was stolen or embezzled.
☐   was used as the means of committing a felony.
☒   is possessed by a person with the intent to use it as means of committing a public offense or is possessed by another to whom he or she may have delivered it for the purpose of concealing it or preventing its discovery.
☐   tends to show that a felony has been committed or that a particular person has committed a felony.
☒   tends to show that sexual exploitation of a child, in violation of Penal Code Section 311.3, or possession of matter depicting sexual conduct of a person under the age of 18 years, in violation of Section 311.11, has occurred or is occurring.
☐   there is a warrant to arrest the person.

**You are Therefore COMMANDED to SEARCH:**    (premises, vehicles, persons)

THE PREMISES at **3271 Beard Road, Napa**, California, **94558**; further described as a two-story apartment complex with peach colored, stucco exterior, and off **white wood** trim, and the numbers 3271 affixed on the outside of the residence, to the left of the off white wood front door; including all rooms, attics, basements, and other parts therein, the surrounding grounds and any garages, storage rooms, trash containers, and outbuildings of any kind located thereon.

THE VEHICLE described as a **2006, Jeep, Lerado, silver** bearing California license # **5PSH633** including containers of any kind within the vehicle.

THE VEHICLE described as a **2005, Ford** bearing California license # **5TMV102** including containers of any kind within the vehicle.

THE PERSON of **Timothy Charles Craig**, described as a **male, white, 6 ft 4** inches tall, weighing approximately **255** pounds, with **red** hair, **hzl** eyes, born on **09.03.1958**, with California drivers license #: **N4589759**.

## For the FOLLOWING PROPERTY or PERSON(s):

Child pornography, including message # 223, in Craig's inbox, including records, images, and videos whether stored on paper, on magnetic media such as tape, cassette, disk, diskette or on memory storage devices such as optical disks, programmable instruments such as telephones, "electronic calendar\address books" calculators, or any other storage media, together with indicia of use, ownership, possession, or control of such records.

Electronic data processing and storage devices, computers and computer systems, such as central processing units, internal and peripheral storage devices such as fixed disks, external hard disks, floppy disk drives and diskettes, tape drives and tapes, optical storage devices or other memory storage devices; peripheral input/output devices such as keyboards, printers, video display monitors, optical readers and related communication devices such as acoustic or electrical modems, associated telephone sets, speed dialers, or other controlling devices, plotters, software to run programs, connecting cables and plugs, peripherals such as joysticks, or other input devices, scanners, writing pads, manuals, power backup devices, connecting switches, power sources, telephones and telephone cables, and interface devices.

All of the above records, whether stored on paper, on magnetic media such as tape, cassette, disk, diskette or on memory storage devices such as optical disks, programmable instruments such as telephones, "electronic calendar\address books" calculators, or any other storage media, together with indicia of use, ownership, possession, or control of such records.

Computing or data processing software, stored on any type of medium such as: hard disks, floppy disks, CD-R's, CD-RW's, DVD's, cassette tapes, integral RAM or ROM units, or other permanent or transient storage medium.

Computer or data processing literature, such as instruction books, manuals or listed computer programs in whole or in part.

Examination and search of computers and computer system components such as; CPU central processing units, internal and peripheral storage devices such as internal or external hard drives, removable storage devices and disks/hard drives, floppy disk drives and diskettes, CD-R, CD-RW, DVD drives and disks, tape drives and tapes, optical storage devices or other memory storage devices, integral RAM or ROM devices; peripheral input/output devices such as keyboards, touch pads, printers, scanners, plotters, cameras, video display monitors, modems, external data storage devices, optical readers and related communication devices such as acoustic or electrical modems, or other controlling devices such as diskettes, CD-R, CD-RW, DVD disks, power back-up devices, connecting switches, interface devices, software to run programs, connecting cables, switches, power sources, and plugs.

Examination and search of all of the above components is for files, data, images, software, operating systems, deleted files, system configurations, drive and disk configurations, date and time, unallocated and slack space, for evidence.

It is your Affiant's experience that computer system forensic examinations and searches cannot be completed within the ten days in which the Search Warrant must be served and the Return to Search Warrant filed with the Search Warrant. It is requested that the 10-day requirement be waived to provide your Affiant ample time to have it processed and comply with the Search Warrant in a timely manner. The Return to Search Warrant and Search Warrant will be filed promptly upon completion of the computer system forensic examination and search.

Any articles of personal property tending to establish the identity of persons who have dominion and control over the premises, automobiles, or items to be seized, including rent receipts, utility bills, telephone bills, miscellaneous addressed mail, personal letters, personal identification, keys, purchase receipts, sales

receipts, tax statements, payroll check stubs, photographs, vehicle ownership certificates or "pink slips," and vehicle registration slips.

**AND TO SEIZE IT / THEM IF FOUND** and bring it / them forthwith before me, or this court, at the courthouse of this court. This **Search Warrant** and **Affidavit** and attached and incorporated **Statement of Probable Cause** were sworn to as true under penalty of perjury and subscribed before me on this _____ day of _____, _____, at _____ A.M. / P.M. Wherefore, I find probable cause for the issuance of this Search Warrant and do issue it.

_____
(Signature of Magistrate)

KNOCK - NOTICE EXCUSED: YES ☐ NO ☒

NIGHT SEARCH APPROVED: YES ☐ NO ☒

Judge of the Superior Court of California, County of Napa

_____
(Magistrate's Printed Name)

JOHN N. ANTON

Reviewed by: _____   Date: _____   at _____ A.M. / P.M.

_____

**STATE of CALIFORNIA, COUNTY of NAPA,**

ATTACHED and INCORPORATED

# STATEMENT OF PROBABLE CAUSE

Affiant declares under penalty of perjury that the following facts are true and that there is probable cause to believe, and Affiant does believe, that the designated articles, property, and persons are now in the described locations, including all rooms, buildings, and structures used in connection with the premises and buildings adjoining them, the vehicles and the persons:

Your affiant, Detective Joseph Jones, is employed as a full-time, sworn law enforcement officer for The Napa County Sheriff's Department and has been for the past 5 years. Your affiant has a total of 7 years of Law Enforcement experience.

During Your Affiant's tenure, Your Affiant has investigated numerous cases involving violent crimes, financial crimes, thefts, burglaries, computer- and communications-related crimes, and identity theft related crimes. On May 12, 1995 your affiant graduated from the Butte College Basic Law Enforcement Academy, your affiant has also obtained a basic and intermediate P.O.S.T. Certificate. Your Affiant has received 40 hours of training in the examination of subjects under the influence of narcotics and drugs. In addition Your Affiant completed an 8 hour course from the California Narcotics Officers Association in Narcotic Street Development, and 32 hours of instruction from the California Department of Justice in Informant Development and Maintenance. Your Affiant has received 60 hours of P.O.S.T. training from the Sacramento County Sheriff's Department in, Basic Crime Scene Investigation and Reconstruction. Your Affiant holds an Associate of Science Degree, in Administration of Justice from Napa Valley College.

Your Affiant has received 160 hours of P.O.S.T. training from the Contra Costa County Sheriff's Department training facility in Advanced Accident Reconstruction. Your Affiant also received an additional 80 hours of training from the California Highway Patrol in, Commercial Vehicle Enforcement.

Additionally, your affiant has received training in electronic crimes from the California Department of Justice and the Northern California Computer Crimes Task Force, including High Technology Computer Crime Investigation, and the investigation of Internet crimes. In November of 2000 Your Affiant received 8 hours of training from the Search Foundation in the Introduction to Internet Crime Investigations. In December of 2003 Your Affiant received 36 hours of instruction in High Technology and Computer Crime Investigations, from The California Department of Justice. In October of 2004, Your Affiant received 80 hours of instruction from The California Department of justice in Computer Digital Evidence Recovery. In February of 2005 Your Affiant received 80 hours of instruction from the California Department of Justice in, Computer Forensics. In August, 2005 Your Affiant received 84 hours of training from the California State University, Sacramento and the Institute of Criminal Investigations.

1    Your affiant is currently assigned to the Napa County Sheriff's Department, Investigations Division, and is

2    tasked with the investigation of crimes as they relate to the illegal use, abuse or theft of electronic service,

3    technology, online fraud, computer equipment theft, general thefts/burglaries, crimes against persons, child

4    pornography, and identity theft.

5

6    In July, 2007 Your Affiant received information from the Department of Homeland Security, Immigration

7    Customs Enforcement Division.   In November 2005 special agents with the Cleveland office of the

8    Department of Homeland Security received information related to the possession and/or distribution of child

9    pornography.   Agents were lead to believe that Lee Sly of North Royalton Ohio had received child

10    pornography via an email.

11

12    In January 20007, agents received additional information from the Orland Park, IL Police Department.

13    Officers discovered Richard Darkey was involved in trading child pornography via the internet.   Darkey

14    received an image of child pornography from the screen name "SIRIOUT3", identified as Lee Sly.

15

16    On March 1, 2007 agents served America Online with a federal search warrant for Sly's email account

17    information.   A further examination of his account revealed 125 other individuals engaged in trading child

18    pornography (Reference Attachment). All the investigative leads contained at least one image or movie file

19    of child pornography received, forwarded, and/or traded by each target in January and February of 2007.

20    The America Online search warrant results indicated that Timothy Craig was a suspect in this investigation.

21    The records indicated the following:

22

23    "Limosdude"- Tim Craig, 3271 Beard Rd., Napa, CA, 94558, (707)257-1282.

24    Message # 223 in Sly's "sent" folder.

25

26    Based on this information Special Agent Charles H. Demore summonsed records from Pacific Gas &

27    Electric for records of service as 3271 Beard Road, Napa, California, 94015.   Those records indicate a

28    customer name of "Tim Craig" with a telephone number of (707)257-1282.

29

30    Your Affiant further conducted a records check and discovered Timothy Charles Craig (09.03.1958)

31    residing at 3271 Beard Road, Napa, California is a PC290 registered sex offender with the California

32    Department of Justice.

33

34    Your Affiant requests a warrant be issued for the following:

35    THE PREMISES at **3271 Beard Road, Napa**, California, **94558**; further described as a two-story apartment

36    complex with peach colored, stucco exterior, and off **white wood** trim, and the numbers 3271 affixed on the

37    outside of the residence, to the left of the off white wood front door; including all rooms, attics, basements, and

38    other parts therein, the surrounding grounds and any garages, storage rooms, trash containers, and

39    outbuildings of any kind located thereon.

THE VEHICLE described as a **2006, Jeep, Lerado, silver** bearing California license # **5PSH633** including containers of any kind within the vehicle.

THE VEHICLE described as a **2005, Ford** bearing California license # **5TMV102** including containers of any kind within the vehicle.

THE PERSON of **Timothy Charles Craig**, described as a **male, white, 6 ft 4** inches tall, weighing approximately **255 pounds**, with **red** hair, **hzl** eyes, born on **09.03.1958**, with California drivers license #: **N4589759**.

Child pornography, including message # 223, in Craig's inbox, including records, images, and videos whether stored on paper, on magnetic media such as tape, cassette, disk, diskette or on memory storage devices such as optical disks, programmable instruments such as telephones, "electronic calendar\address books" calculators, or any other storage media, together with indicia of use, ownership, possession, or control of such records.

Electronic data processing and storage devices, computers and computer systems, such as central processing units, internal and peripheral storage devices such as fixed disks, external hard disks, floppy disk drives and diskettes, tape drives and tapes, optical storage devices or other memory storage devices; peripheral input/output devices such as keyboards, printers, video display monitors, optical readers and related communication devices such as acoustic or electrical modems, associated telephone sets, speed dialers, or other controlling devices, plotters, software to run programs, connecting cables and plugs, peripherals such as joysticks, or other input devices, scanners, writing pads, manuals, power backup devices, connecting switches, power sources, telephones and telephone cables, and interface devices.

All of the above records, whether stored on paper, on magnetic media such as tape, cassette, disk, diskette or on memory storage devices such as optical disks, programmable instruments such as telephones, "electronic calendar\address books" calculators, or any other storage media, together with indicia of use, ownership, possession, or control of such records.

Computing or data processing software, stored on any type of medium such as: hard disks, floppy disks, CD-R's, CD-RW's, DVD's, cassette tapes, integral RAM or ROM units, or other permanent or transient storage medium.

Computer or data processing literature, such as instruction books, manuals or listed computer programs in whole or in part.

Examination and search of computers and computer system components such as; CPU central processing units, internal and peripheral storage devices such as internal or external hard drives, removable storage devices and disks/hard drives, floppy disk drives and diskettes, CD-R, CD-RW, DVD drives and disks, tape drives and tapes, optical storage devices or other memory storage devices, integral RAM or ROM devices; peripheral input/output devices such as keyboards, touch pads, printers, scanners, plotters, cameras, video

1. display monitors, modems, external data storage devices, optical readers and related communication devices

2. such as acoustic or electrical modems, or other controlling devices such as diskettes, CD-R, CD-RW, DVD

3. disks, power back-up devices, connecting switches, interface devices, software to run programs, connecting

4. cables, switches, power sources, and plugs.

5.

6. Examination and search of all of the above components is for files, data, images, software, operating systems,

7. deleted files, system configurations, drive and disk configurations, date and time, unallocated and slack

8. space, for evidence.

9.

10. It is your Affiant's experience that computer system forensic examinations and searches cannot be completed

11. within the ten days in which the Search Warrant must be served and the Return to Search Warrant filed with

12. the Search Warrant. It is requested that the 10-day requirement be waived to provide your Affiant ample time

13. to have it processed and comply with the Search Warrant in a timely manner. The Return to Search Warrant

14. and Search Warrant will be filed promptly upon completion of the computer system forensic examination and

15. search.

16.

17. Any articles of personal property tending to establish the identity of persons who have dominion and control

18. over the premises, automobiles, or items to be seized, including rent receipts, utility bills, telephone bills,

19. miscellaneous addressed mail, personal letters, personal identification, keys, purchase receipts, sales

20. receipts, tax statements, payroll check stubs, photographs, vehicle ownership certificates or "pink slips,"

21. and vehicle registration slips.

22.

23. Your Affiant requests that during the execution of this search warrant that law enforcement officers or

24. assigned representatives are authorized to video tape and / or photograph / digital image the site, evidence

25. at the site and / or people or persons at the site.

26.

27. Through experience and training, your affiant knows those individuals engaged in the possession, and

28. distribution of child pornography will store those files in various locations, and on various forms of digital

29. media including computer hard drives, and external storage locations. These individuals will often obtain,

30. trade, and distribute these pornographic images via an internet connection, provided by an Internet Service

31. Provider.

32.

33. YOUR AFFIANT requests that a Search Warrant be issued based upon the aforementioned facts, for the

34. seizure of said property, or any part thereof, between the hours of 7:00 A.M. and 10:00 P.M., good cause

35. being shown thereof, and the same be brought before this Magistrate or retained subject to the order of the

36. court, or of any court in which the offense(s) in respect to which the property of things taken, triable,

37. pursuant to Section 1536 of the Penal Code,

38.

39. **Items attached and incorporated by Reference: YES** ☒ **NO** ☒

40. YOUR AFFIANT certify (declare) under penalty of perjury that the foregoing is true and correct.

41.

42. Executed at <u>Napa</u>, California _____

SWSPC.doc - revised 02-15-2003 MLV

Case Report # 07003262

(Signature of Affiant)

Date: _8/7 2007_____ at __1115__ (A.M. /)P.M.

Reviewed by: _____ Date: _____ at _____ A.M. / P.M.

_____

EXHIBIT D

1  BARRY J. PORTMAN
   Federal Public Defender
2  STEVEN G. KALAR
   Assistant Federal Public Defender
3  450 Golden Gate Avenue
   San Francisco, CA 94102
4  Telephone: (415) 436-7700

5  Counsel for Defendant Craig

6

7

8              IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,        )  No. CR 08-0329 JSW
                                     )
12          Plaintiff,               )  DEFENDANT'S MOTION TO
                                     )  SUPPRESS EVIDENCE
13      v.                           )  SEIZED IN VIOLATION OF
                                     )  THE FOURTH AMENDMENT
14  TIMOTHY CRAIG,                   )
                                     )  NOTICE OF UNDER-SEAL
15          Defendant.               )  FILING OF EXHIBIT D
                                     )
16  ─────────────────────────────────)

17                                      **Hearing Date**: Thursday,
                                        September 25, 2008 at 2:30
18                                      p.m.

19

20          Exhibit D in Mr. Craig's motion to suppress is the declaration of the Honorable

21  Judge John Anton, along with a packet of materials that he reviewed before signing his

22  declaration. That packet is the material that Napa Detective Jones claims to have

23  submitted in support of his application for a Napa search warrant on August 7, 2007.

24  Within the packet is ICE Report of Investigation #9. Because of sensitive information

25  within that Report, it has been filed under seal.

26

27

28

EXHIBIT E

CL07QR06PT0009 -- Lee SLY

Enclosed are:

1.  CD with contents of SLY's e-mail account. The message number(s) notated on the ROI for your target will correspond to the e-mail message number(s) in the appropriate folders: "Sent" or "Read". In addition, this message number will correspond to any image/movie files attached to the e-mail. AOL separates the image/movie files from the text of the e-mail message. All image/movie files will be located in the "Attachment" folder within either the "Sent" or "Read" folders; just look for the number that corresponds with your e-mail message number(s) and make note that there may be multiple images attached to an e-mail message. Also, please remember that I have not notated every single e-mail message involving your target -- I only went through and noted the ones with images that could be considered actionable. So if you want to show a back and forth conversation between your target and SLY, you may want to go through all messages to see if there are any more messages dealing with your target.

2.  Floppy disk with your target's subscriber information, detailed billing information and any buddy lists. In addition, the word document contains the last IP login (at the date of the search warrant) for each target. Because AOL and many other ISPs only keep records for 90 days, you may want to send a Summons out fairly quickly for the IP address/ANI information that will put the computer at the target's residence. In addition, any NCMEC response (if there was one for your target) and a word doc. containing my search warrant will be located on this floppy.

3.  Copy of the search warrant signed on 3/1/2007 at 1:58 pm. Even though there is no signature on the search warrant cover sheet, it was signed (the court will not issue a case number unless it is signed.)

4.  If you open a case, please use the project code for Operation Bulldog, as the RAC/Fresno is still tracking the spin-offs from their original case.

If you have any questions, feel free to give me a call (216)706-4292 x.422.

Thanks,
Gabriel Hagan

EXHIBIT F

| | | |
|---|---|---|
| Agency Name *Napa Sheriff's Department* | **INCIDENT / INVESTIGATION REPORT** | OCA *NSD07-003262* |

**INCIDENT DATA**

ORI *CA0280000*

Date / Time Reported *MO Jul 30, 2007* **14:32**

| | Crime Incident | UCR: | Local Statute: | Att | Last Known Secure |
|---|---|---|---|---|---|
| #1 | *FEL - POSSESS/ETC MATTER DEPICTING* | Activity: | | Com | *MO Jul 30, 2007* **14:32** |
| #2 | Crime Incident *FEL - FAIL REGISTER/CHANGE* | UCR:*90Z* | Local Statute: *290* | Att Com | At Found *MO Jul 30, 2007* **14:32** |
| #3 | Crime Incident | UCR: | Local Statute: | Att Com | |

Location of Incident  *3271 Beard Rd, Napa, CA 94558*     Premise Type *Other/Unknown*     Offense Tract

**MO**

How Attacked or Committed

Weapon / Tools     Forcible Entry     Yes     No     N/A

**VICTIM**

# Victims  **1**  Type *Society/ Public*    Injury *None*     Residency Status

| V1 | Victim/Business Name (Last, First, Middle) *State Of Ca 2006-2007* | Victim of Crime # *1*     **370** | Age / DOB | Race | Sex |
|---|---|---|---|---|---|
| | | Relationship to Offenders *Not Specified* | | | |

Home Address     Home Phone

Employer Name/Address     Business Phone

| VYR | Make | Model | Style | Color | Lic/Lis | VIN |
|---|---|---|---|---|---|---|

**OTHERS INVOLVED**

CODES:  V- Victim (Denote V2, V3)  O = Owner (if other than victim)  R = Reporting Person (if other than victim)  I = Other Involved

| Code | Name (Last, First, Middle) | Victim of Crime # | Age / DOB | Race | Sex |
|---|---|---|---|---|---|
| | **NAPA SHERIFF'S DEPARTMENT** ~~CONTROLLED DOCUMENT~~ **NOT TO BE DUPLICATED** | | | | |

Home Address     Home Phone

Employer Name/Address  **RELEASED TO** D̶A̶ attn: DDA Lieberstein     Business Phone

| Code | Name (Last, First, Middle)  **RELEASED BY** _____ ~~RC~~ | Victim of Crime # | Age / DOB | Race | Sex |
|---|---|---|---|---|---|

**DATE** _____ 1-3-08     **RECEIVED**

JAN 0 4 2008

Home Address     Home Phone

Employer Name/Address     NAPA COUNTY DIST.     Business Phone
ATTORNEY

**PROPERTY**

Status Codes    L = Lost  S = Stolen  R = Recovered  D = Damaged  Z = Seized  B = Burned  C = Counterfeit / Forged  O = Other  U = Unknown
(Check "OJ" column if recovered for other jurisdiction)

| Victim # | UCR | Status - Date | Value | OJ | QTY | Property Description | Make/Model | Serial Number |
|---|---|---|---|---|---|---|---|---|
| | 26 | EVI - 8/13/2007 | $1.00 | | 1.00 | Th1 Vhs Tape | | |
| | 77 | EVI - 8/13/2007 | $1.00 | | 1.00 | Th2 Child Blow-Up Doll | | |
| | 26 | EVI - 8/13/2007 | $1.00 | | 3.00 | Th3 Cd Rom Discs | | |
| | 07 | EVI - 8/13/2007 | $1.00 | | 1.00 | Th5 Nikon 35mm Camera | NIKON/N75 | 2209860 |
| | 26 | EVI - 8/13/2007 | $1.00 | | 1.00 | Th4 Nichelback Cd | | |
| | 07 | EVI - 8/13/2007 | $1.00 | | 1.00 | Th6 Canon Digital Camera | CANON/A530 | 2822211805 |
| | 07 | EVI - 8/13/2007 | $1.00 | | 1.00 | Th7 Jvc Camcorder | JVC/GRAXM80 | 14220640 |
| | 07 | EVI - 8/13/2007 | $1.00 | | 1.00 | Th8 Toshiba Laptop Computer | TOSHIBA/M115 | X6104930Q |
| | 07 | EVI - 8/13/2007 | $1.00 | | 8.00 | Th9 Misc Cd's, Various Labels | | |
| | 07 | EVI - 8/13/2007 | $1.00 | | 5.00 | Th10 5 3.25 Floppy Discs | | |
| | 1IN | EVI - 8/13/2007 | $1.00 | | 3.00 | Th11 Jetson's Pornography Printout | | |
| | 1IN | EVI - 8/13/2007 | $1.00 | | 1.00 | Th12 Porn Catalogue | | |

Number of Vehicles Stolen     *0*     Number Vehicles Recovered     *0*

**ID**

| Officer *(250175) JONES, JOSEPH JAMES* | Officer Signature | Supervisor Signature *(250087) FOSTER, MARK* |
|---|---|---|
| Complainant Signature | Case Status: *Closed And Cleared By Arrest December 5, 2007* | Case Disposition: *Cleared By Arrest / Misd Cite Dec 5, 2007* |

Printed at: 1/3/2008  19:44     Page:  1

Incident / Investigation Report

*Napa Sheriff's Department*

OCA: **NSD07-003262**

| Status Codes | L = Lost | S = Stolen | R = Recovered | D = Damaged | Z = Seized | B = Burned | C = Counterfeit / Forged | F = Found | U = Unknown |
|---|---|---|---|---|---|---|---|---|---|

**D R U G S**

| Status | Quantity | Type Measure | Suspected Drug Type |
|---|---|---|---|
| *EVI - 8/13/2007* | *1.00* | | *Th15 2 Wood Boxes W/Marijuana,* |
| *EVI - 8/13/2007* | *1.00* | | *Th20 Glass Mj Pipe, Burnt Residue* |
| *EVI - 8/13/2007* | *1.00* | | *Th21 Wood Container W/Marij Pipe* |

**O F F N D R**

| Offender(s) Suspected of Using | Offender 1 **OF1** | Offender 2 | Offender 3 | Primary Offender Resident Status |
|---|---|---|---|---|
| - Drugs   N/A | Age: **48** Race: **W** Sex: **M** | Age: Race: Sex: | Age: Race: Sex: | þ Resident |
| - Alcohol | Offender 4 | Offender 5 | Offender 6 | - Non-Resident |
| þ Computer | Age: Race: Sex: | Age: Race: Sex: | Age: Race: Sex: | - Unknown |

**S U S P E C T**

| Name (L, F M) **Craig, Timothy Charles** | | Home Address | Home Ph. 1282 |
|---|---|---|---|
| **OF1**   AKA  **Craig Charles** | | **4095 Fairfax Dr, Napa, CA 94558** | |
| Occupation   Chauffeur | Business Address  Napa Valley Tours / ADRIAN ST, NAPA | | *Business Phone* |

| DOB. / Age 1958   48 | Race **W** | Sex **M** | Hgt **6'04** | Wgt **250** | Build | Hair Color **Gray Or** | Eye Color **Hazel** |
|---|---|---|---|---|---|---|---|
| | | | | | Hair Style | Hair Length | Glasses |

Scars, Marks, Tattoos, or other distinguishing features (i.e. limp, foreign accent, voice characteristics)
*Scars/Scars Hand-Bi Lateral Carpal Tunnel-Both Hands*

| Hat | Shirt/Blouse | Coat/Suit | Socks |
|---|---|---|---|
| Jacket | Tie/Scarf | Pants/Dress/Skirt | Shoes |
| Was Suspect Armed? | Type of Weapon | Direction of Travel | Mode of Travel |

| VYR **2006** | Make **JEEP** | Model **J-10** | Style/Doors **STATIO** | Color **SIL** | Lic/Lis H633 | Vin |
|---|---|---|---|---|---|---|

| Suspect Hate / Bias Motivated: | - Yes  þ No | Type: |
|---|---|---|

**W I T N E S S**

| Name (Last, First, Middle) | D.O.B. | Age | Race | Sex |
|---|---|---|---|---|
| Home Address | Home Phone | Employer | | Phone |

**N A R R T I V E**

**AWARENESS:**

In July, 2007 I received information from the Department of Homeland Security, Immigration Customs Enforcement Division. I spoke to agents with Immigration and Customs Enforcement who requested my assistance with this investigation. Agents provided detailed reports, Subpoenaed information, and court ordered documents.

**INVESTIGATION:**

In November 2005 special agents with the Cleveland office of the Department of Homeland Security received information related to the possession and/or distribution of child pornography. Agents were lead to believe that Lee Sly of North Royalton Ohio had received child pornography via an email.

In January 20007, agents received additional information from the Orland Park, IL Police Department.

Printed at:  *1/3/2008  19:44*                                        Page:  **2**

## Incident / Investigation Report

*Napa Sheriff's Department*

OCA: **NSD07-003262**

### Officer's Narrative (continued)

Officers discovered Richard Darkey was involved in trading child pornography via the internet. Darkey received an image of child pornography from the screen name "SIRIOUT3", identified as Lee Sly.

On March 1, 2007 agents served America Online with a federal search warrant for Sly's email account information. A further examination of his account revealed 125 other individuals engaged in trading child pornography (Reference Attachment). All the investigative leads contained at least one image or movie file of child pornography received, forwarded, and/or traded by each target in January and February of 2007. The America Online search warrant results indicated that Timothy Craig was a suspect in this investigation. The records indicated the following:

"Limosdude"- Tim Craig, 3271 Beard Rd., Napa, CA, 94558, ████-1282.
Message # 223 in Sly's "sent" folder.

Based on this information Special Agent Charles H. Demore summoned records from Pacific Gas & Electric for records of service as 3271 Beard Road, Napa, California, 94015. Those records indicate a customer name of "Tim Craig" with a telephone number of (707)257-1282.

I conducted a records check and discovered Timothy Charles Craig (████.1958) residing at 3271 Beard Road, Napa, California is a PC290 registered sex offender with the California Department of Justice. Craig also had previous convictions for 288PC offenses.

On 08/06/2007 I drove to 3271 Beard Road, in Napa, and made note of this address. I observed a silver Jeep parked in a parking stall in front of the apartment. The vehicle returned registered to Timothy Charles Craig. I also checked the law enforcement, Megan's Law website and noted Craig's address and previous convictions.

Based on my training and experience I formed the opinion Craig may be in possession of child pornography. I prepared and authored a search warrant for Craig's residence, and vehicles.

I referred this case to Detective Hancock for further investigation.

### SEARCH WARRANT EXECUTION:

On 08/08/2007 I assisted in the execution of this search warrant at Craig's address. We approached the residence and determined no one was inside the apartment. I assisted federal agents and other investigators in processing the residence. We collected numerous items of evidence and retained them.

### RECOMMENDATIONS:

CASE PENDING- This case is pending additional investigation and has been referred to Detective Hancock.

TC00047

## Incident / Investigation Report

*Napa Sheriff's Department*

OCA: **NSD07-003262**

### Additional Officer Supplements

### THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

Officer **(250057) HANCOCK, TODD**

Supplement Type: **SUPPLEMENTAL**                                    Date / Time **9/20/2007   10:56**

**Search Warrant: 3271 Beard Road**

On 8/8/07 at 0945 hrs., Napa County Sheriff's investigations personnel, accompanied by ICE agents executed a search warrant for the premises located at 3271 Beard Road. Knock /Notice was made at the front door to the ground floor apartment without acknowledgement. After repeated attempts to notify, forced entry was made to the front door. The interior was cleared with no one present. The residence was searched with numerous items of potential evidence seized. A property sheet detailing the seized items and copy of the warrant were left behind and the apartment manager was notified to secure the door.

Evidence:

The following is a summary of items seized from the residence and a brief statement regarding the evidentiary value of the item after later examination at the Sheriff's Department. Items seized which required extensive analysis are noted and reported in detail separately. NEV=No Evidentiary Value

**TH1:** VHS Tape from kitchen counter. NEV

**TH2:** Child-sized plastic blow-up doll. Located in cabinet above kitchen refrigerator.

**TH3:** 3 CD`s on kitchen counter. Music NEV

**TH4:** CD-R "Nichelbach" Music NEV

**TH5:** Nikon Camera. Living room.

**TH6:** Canon Digital Camera. Living room.

**TH7:** JVC Compact VHS camcorder. Living room. Contains VHS-C tape with images of two male juveniles sitting on a couch, possibly in suspects living room. One juvenile smoking what appears to be marijuana.

**TH8:** Toshiba Satellite laptop computer, living room. Child Pornography/See forensic report.

**TH9:** Numerous CD-R`s found on living room floor and couch. TH-9A: Unlabelled CD-R containing numerous images of young children in provocative poses, includes indicia and photo of (S) Craig. See Forensic Report.

**TH10:** Misc 3.5" floppy discs. Living room floor. NEV

**TH11:** Glossy computer printouts. Living room floor. Cartoon pornography Jetsons.

**TH12:** Pornographic catalogue.

**TH13:** 35MM film roll, exposed. Living room.

**TH14:** Teen related pornography. Living room floor under couch. References to "Childmodel.com" "LaurieModel.com" Sherri-model.com" Sexyteenz.org"

**TH15:** 2 Wood boxes. Living room couch. Containing baggies with loose marijuana, smoking pipes and white residue.

**TH16:** CD-spool with misc CD-R`s. Bedroom closet. NEV

**TH17:** Boxes of pornographic DVD`s. Bedroom closet.

**TH18:** Printed pornography. Bedroom floor. Contains text rape story involving 15 year old female with adult male teacher.

**TH19:** Girls panties. Knit children`s hat. Bedroom bed stand.

**TH20:** Glass marijuana pipe w/burnt residue. Living room table.

**TH21:** Wood box containing marijuana. Living room.

**TH22:** 2VHS tapes. Bedroom closet. NEV

TC00048

# Incident / Investigation Report

*Napa Sheriff's Department*

OCA: **NSD07-003262**

## Additional Officer Supplements

**THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY**

Officer   *(250057) HANCOCK, TODD*

**TH23:** Sony PS1 game console. Living room. NEV
**TH24:** Red box containing numerous VDV/CD`s/ Living room. NEV
**TH25:** VHS Tapes, DVD`s. Living room. NEV
**TH26:** Indicia. Mail belonging to Timothy Craig @ 3271 Beard Road. Kitchen office.
**TH27:** CD-R labeled "grassroots". NEV
**TH28:** Polaroid photo of nude young boy. Film negatives. Kitchen office table.
**TH29:** Sony CD-R unlabelled. Living room near fishtank. Child pornography/Tim Craig indicia. See forensic report.
**TH30:** Yellow notepad, handwritten notes and fiction. Carport. NEV

TC00049

## Incident / Investigation Report

*Napa Sheriff's Department*

OCA: **NSD07-003262**

### Additional Officer Supplements

#### THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

Officer   *(250057) HANCOCK, TODD*

Supplement Type: **EVIDENCE RESULTS**                                    Date / Time  **9/20/2007  16:50**

**Report of Forensic Computer Examination**

**Digital evidence imaged and examined using FTK (Forensic ToolKit) version 1.71.1**

**The complete report is documented on CD and includes images, e-mail and other data retrieved from the examined media.**

**Item TH-8**
**Toshiba Satellite laptop computer, Model M115 containing an 80 GB SATA HDD.**

**This laptop was located in the living room of Timothy Craig`s apartment.  It had a wireless Internet card installed.**

**The computer BIOS was checked to confirm the computer clocks accuracy.  The computer was last used or operated on 8/7/07 at 3:53 AM.   The Windows operating system lists only one unique identified user as "Tim".  There was no evidence that any other identifiable person used this computer.  This computer was used extensively to access the Internet, primarily via America Online (AOL), which was last activated on 8/7/07 at 3:49 AM.**

**Within the AOL directory were several unique screen names, used by the user to interact with the AOL program as sub-accounts to the primary.  The following AOL names were located:  Craigncalif, Limosdude, NorCalTC58 and TCgiantsfan58.  It should be noted that Timothy Craig`s birth date is in 1958 and that he drives a limousine for a living.**
**The user name "Limosdude" was identified during the initial federal investigation being associated with known child pornography traffickers.**

**Each of the AOL screen names were used to receive and send images containing child pornography.  Craig was a member of several Internet image trading groups; for example, Craig sent and received erotic images of adolescent teen females on an e-mail list titled, "List A: Send those CUTIES & HOTTIES from behind only pics."  The typical email to and from this trading group would contain over 20 other e-mail names and include at least one attached image.   E-mail dates recovered on the computer range from April-August 2007.**

**While examining the contents of e-mail messages sent and received by Timothy Craig I located messages to and from over 30 unique AOL accounts that appeared to belong to adolescent or pre-teen females.   These messages, from AOL account names such as "KilleDawn14" and "SeaSprite12" included digital images of the sender, often dressed provocatively, in underwear or in suggestive poses.  Craig replied to several of these messages with a picture of himself dressed in a white shirt, vest and tie.  These AOL screen names were cross referenced with NCMEC for known victims of child exploitation (see attached report).**

**Within the "My Pictures" folder in the "Tim" user directory were over 190 digital photographs of adolescent and pre-teen females.  Many of these pictures depict the young females fully or partially nude.  Most are**

TC00050

# Incident / Investigation Report

*Napa Sheriff's Department*

OCA: *NSD07-003262*

### Additional Officer Supplements

## THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

Officer    *(250057) HANCOCK, TODD*

posed provocatively or with their legs spread.   These files were created on the computer between May and August 2007 and were last accessed on 8/7/07 up to 3:15 AM.

Several hundred HTML (Web site) files were located within the Internet History and Temp folders.  These files indicated the computer was used to visit Internet sites focused primarily on child pornography and child erotica sites, many based in Eastern Europe.  Access dates on these files indicate viewing up to August 7, 2007.

### ITEM TH-9, TH-29
Unlabelled writable CD discs found in Timothy Craig's living room.  Both discs contain child pornography and numerous digital images of young females previously located on the laptop computer.  Data indicates CD's were created and images transferred from the laptop computer  between January and March 2007.

TC00051

## Incident / Investigation Report

*Napa Sheriff's Department*

OCA: *NSD07-003262*

---

### Additional Officer Supplements

---

### THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

Officer    *(250057) HANCOCK, TODD*

---

Supplement Type: *SUPPLEMENTAL*                    Date / Time  *9/20/2007  16:58*

**Recommendation:**
**Evidence recovered from digital media belonging to (S) Timothy Craig indicates he knowingly possessed and trafficked in obscene material (child pornography).**
**Forward to Napa County DA for review and prosecution:**
**F  PC 311.1  Trafficking in depictions of sexual conduct by minors**
**F  PC 311.3  Sexual exploitation of a child**
**M  PC 311.11  Possession of depictions of sexual conduct by minors**

**Additionally, Timothy Craig is a registered sex offender per PC 290 with two prior felony convictions for enticing minors via the Internet and travelling to engage in sexual acts with minors.**

**Copy of this report to ICE/San Francisco Attn: Agent Vergara**

TC00052

---

## Incident / Investigation Report

*Napa Sheriff's Department*

OCA: *NSD07-003262*

### Additional Officer Supplements

### THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

Officer   *(250057) HANCOCK, TODD*

Supplement Type: *EVIDENCE RESULTS*                                    Date / Time   *12/3/2007  13:48*

**Follow Up Computer Analysis**

**At the request of the Napa County District Attorneys Office, the following exhibits and items of evidence were separated from the original FTK report for the purpose of consolidation, clarification and interpretation.**

**IMAGES**

**1."cumalot.jpg":  Image of nude young girl (under age 12).  Girl is masturbating an adult male penis, which is shown ejaculating.  Adult male hand is seen apparently penetrating her vagina.  Image is located on TH-8 (Toshiba Laptop belonging to Tim Craig) at C:\Documents and Settings\Tim\My Documents and was last accessed on 7/31/07**

**2."innocent.jpg":  Close up image of vaginal area of apparent pubescent female.  Image is located on TH-8 (Toshiba Laptop belonging to Tim Craig) at C:\Documents and Settings\Tim\My Documents and was last accessed on 8/7/07**

**3."Mandy1":  Image of  juvenile female, apparently under age 16, exposing nude breasts with her shirt pulled up.  Image is located on TH-8 (Toshiba Laptop belonging to Tim Craig) at C:\Documents and Settings\Tim\My Documents and was last accessed on 7/31/07.**

**4."sexxxxy.jpg":  Image of nude female juvenile, apparently under the age of 16.  Girl is posed exposing her nude breasts and vaginal area.  Image is located on TH-8 (Toshiba Laptop belonging to Tim Craig) at C:\Documents and Settings\Tim\My Documents and was last accessed on 8/7/07**

**5."db-twocute.jpg":  Image of two girls, exposing nude breasts.  Girls have partially taken off pants, exposing underwear and are posed provocatively, with one girl grasping other girls waist.  Image is located on TH-8 (Toshiba Laptop belonging to Tim Craig) at C:\Documents and Settings\Tim\My Documents and was last modified on 7/3/07.**

**6."sweetbreasts.jpg":  Image of young girl (Under age 12) nude from waist up, exposing breasts.  Image is located on TH-8 (Toshiba Laptop belonging to Tim Craig) at C:\Documents and Settings\Tim\My Documents and was last accessed on 8/7/07.**

**7."xxx dau 0920070322-14562a.jpg":  Image of  adult male ejaculating into mouth of young girl ((under 14).  Image is located on TH-8 (Toshiba Laptop belonging to Tim Craig) at C:\Documents and Settings\Tim\My Documents and was last accessed on 7/31/07.**

**8."sanditori2.jpg":  Image of two young girls, under 12 years of age, sitting next to each other on a trampoline.  Girls are scantily clothed and posed provocatively.  Image is located on TH-8 (Toshiba Laptop belonging to Tim Craig) at C:\Documents and Settings\Tim\My Documents and was last accessed on 8/7/07.  This picture is a part of a large series of photos showing images of "sandi" in provocative poses apparently taken over a period of several years.**

**9."triciahot.jpg":  Image of young girl (Under age 12) posed in yellow bikini barely covering breasts.  Image is located on TH-8 (Toshiba Laptop belonging to Tim Craig) at C:\Documents and Settings\Tim\My Documents and was last accessed on 7/31/07.**

**10."MYLITT~1.jpg"  Image of two teenage females laying on stomachs facing away from camera, the girls are wearing short skirts and the camera angle is from between their legs.  Image is located on TH-8 (Toshiba Laptop belonging to Tim Craig) at C:\Documents and Settings\Tim\My Documents and was last accessed on**

TC00053

## Incident / Investigation Report

*Napa Sheriff's Department*

OCA:  **NSD07-003262**

Additional Officer Supplements

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

Officer   *(250057) HANCOCK, TODD*

---

7/31/07.

The above samples are representative of the over 400 pictures found within Timothy Craig`s "My Documents" folder.  The images contained within this folder are overwhelmingly child erotica oriented. While the majority of the images do not contain explicitly obscene material, they focus on young females from ages 10-14 and contain provocative poses of a sexual nature.  The images are stored within the "My Documents" and "My Pictures" folders on this Windows operating system.  Storage in these areas indicates active knowledge of the contents and manipulation by the computer user.

YGP FOLDER

America Online, Timothy Craig`s Internet Service Provider, allows users to create an online photo gallery in which users can upload and store digital images.  The purpose of an on-line photo gallery is make these pictures available to others to view.  Images stored within this AOL photo gallery are assigned unique file-names when they are uploaded to the web server.  This file name is typically a sequential number preceded by the letters "YGP" (ex: ygp124.tmp).  I found over 400 digital images associated with a shared photo gallery on Tim Craig`s computer.  These images are also stored on the users computer in the following directory:  \Documents and Settings\Tim\Local Settings\Temp.
The images are predominantly of provocatively posed young girls, nude and in various other costumes, with many of the same images found on other areas of Craig`s computer.  Additionally one image, "ygpFAFD.JPG", is found in this directory.  This image is of a young nude female (approx 6 years of age) pictured kneeling on a bed with her hands bound behind her back.  This particular image was last accessed on 7/3/07.  By posting obscene images to this online photo gallery, Tim Craig allows other users to view and download the illegal images.

CHILD ABUSE IMAGE TRADING

Timothy Craig had hundreds of e-mails received from a large group of subjects focused on the trading of obscene images of children.   For example, on 7/2/07, Craig received an e-mail from "SubCarol2Fems" titled, "List "B":  Send some young SPANKINGS/Bondage pics."  The writer states, "Hi..I am back nowLet`s ALL send & trade as alwaysNON-SENDERS will be REMOVEDLove you all, Carol."  This e-mail contained 3 attached images, one of which, titled, "bond-yng2.jpg" is the same nude and bound young female found previously in Craig`s AOL gallery.   Craig received the image on July 2nd and apparently placed it onto the gallery the following day, July 3rd to share with others.
I separated several of these e-mails as examples and included them on the attached disk.

TH-9 and TH29

These items are CD-R writable CD-Rom discs located in Timothy Craig`s apartment.

TC00054

---

## Incident / Investigation Report

*Napa Sheriff's Department*

OCA: *NSD07-003262*

### Additional Officer Supplements

#### THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

Officer   *(250057) HANCOCK, TODD*

TH-29 contains over 500 images.  These images consist of child pornography, child erotica and some adult pornographic images.  Some of these images are also found on TH-8, the laptop computer.
TH-9 contains over 700 images.  In addition to child pornography, child erotica and other pictures, photographs of Tim Craig were on this disc.


TEMP INTERNET

The "Temp Internet" directory is a depository for graphics and web pages that the Windows operation system uses to refresh and reload Internet web sites faster.  All web sites consist of many parts, and most contain graphics or small images, which are also stored in the Temp Internet folder.  A search of this folder will give the examiner a very clear picture of the users` Internet usage and often will reveal specific web-sites visited.  These images are stored automatically and without the knowledge of the user.
There were over 11,000 images stored inside the "Temp Internet" folder associated with the user, "TIM" (The only unique username on this computer).  I found over 100 images of child pornography, including dozens of illegal child pornography web sites focused on pre-teen girls.  In my training and experience, the preponderance of these types of web sites over others indicates the user was primarily focused on using the Internet to search for and view illegal child abuse images.


CHAT

Internet Relay Chat (IRC) enables two (or more) persons to communicate by writing or voice instantly via the Internet.  Users will typically use an Internet Service Provider (like AOL) and browse "chat rooms" which are places for persons with common interests to meet.  Users can enter into "private chat" rooms where they can write to each other without anyone else seeing the content of their chat.  Depending on the client, settings and user preferences, some of this chat text is captured or logged by the computer system.  I know from training and experience that AOL chat does not typically "log" or leave a text transcript on the users computer.  I was able to locate numerous references to chat room activity indicating the room names visited and saw rooms predominantly focused on pedophilia, (ex: ygspredlegs, grd8hotties, herliilpantees).  I found two distinct chat transcripts on Tim Craig`s computer:  In a conversation with MeganR0892, Craig (as NorCalTC58) discusses sending pictures and raping Megan and her sister, admitting he was aroused by the conversation.  In the second, a chat with Kayla65478, Craig mentions he saw her in a chat room named "grandpa 4lilf" and immediately begins to focus the conversation on grooming and seducing the 12 year old female.


CONCLUSION

Based upon my examination of the digital medial listed above, I have developed the following opinions:

1.The computer belonged to Timothy Craig who was the only identifiable user.
2.Timothy Craig used his AOL account to receive e-mail communications with known traders in child

TC00055

## Incident / Investigation Report

*Napa Sheriff's Department*

OCA: *NSD07-003262*

Additional Officer Supplements

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

Officer    *(250057) HANCOCK, TODD*

pornography.

3. Timothy Craig received dozens of images of child sexual abuse from these traders.

4. Timothy Craig uploaded obscene images to a shared AOL photo gallery, allowing other users to access view and download the images.

5. Timothy Craig saved images of child pornography he received from other traders as well as the Internet and placed them into a user-defined directory. He made copies of some of the material and burned the images to CD-Rom.

6. Timothy Craig was in active Internet communication with several dozen girls he had apparently met in AOL chat rooms. Based upon the chat text recovered he appeared to be actively pursuing these females and had received several pictures from juvenile females.

Copy to DA, Attn Paul Gero

TC00056

EXHIBIT G

1
2
3
4
5
6

GARY LIEBERSTEIN
DISTRICT ATTORNEY
County of Napa
State Bar no. 92812
931 Parkway Mall
Napa, CA 94559
(707) 253-4211
FAX: (707) 253-4041

7
8

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF NAPA

9
10
11
12
13
14
15
16
17
18
19
20

THE PEOPLE OF THE STATE OF CALIFORNIA,

Plaintiff,

vs.

TIMOTHY CHARLES CRAIG

Defendant.

NSC NUMBER:

NDA NUMBER:     198602021-05

## CRIMINAL COMPLAINT

DATE:
TIME:
DEPT:

RECEIVED

DEC 1 1 2007

NAPA CO.
PUBLIC DEFENDER

21
22

The undersigned is informed and believes that:

23
24
25
26
27

**COUNT ONE**

POSSESSION OR CONTROL OF CHILD PORNOGRAPHY WITH A PRIOR
PC311.11(b)
FELONY

28
29
30
31
32
33
34
35

On or about August 8, 2007 in the County of Napa, State of California, the crime of
POSSESSION OR CONTROL OF CHILD PORNOGRAPHY WITH A PRIOR in violation of
section 311.11(b) of the Penal Code, a Felony, was committed by TIMOTHY CHARLES
CRAIG, who did unlawfully and knowingly possess and control matter depicting a person
under the age of 18 years personally engaging in and simulating sexual conduct as defined in
Penal Code Section 311.4(d).

36
37

It is further alleged that defendant TIMOTHY CHARLES CRAIG, was previously convicted of:

38
39
40

**PC 664/288(a)**          **Los Angeles**          **#SA036062-01**          **8/5/99**



**COUNT TWO**
EXHIBITING A MINOR IN PORNOGRAPHY
PC311.2(b)
FELONY

On or about August 8, 2007 in the County of Napa, State of California, the crime of
EXHIBITING A MINOR IN PORNOGRAPHY in violation of section 311.2(b) of the  Penal
Code, a Felony, was committed by TIMOTHY CHARLES CRAIG, who  did unlawfully, and
knowingly  send and cause to be sent and bring and cause to be brought into the State of
California for sale and distribution, and in the State of California did prepare, publish, produce,
print, exhibit, distribute, and offer to distribute for commercial consideration and have in his/her
possession with intent to distribute for commercial consideration, obscene matter, to wit, child
pornography , knowing such matter depicted a person under the age of eighteen years, to wit,
Jane Doe, personally engaging in and personally simulating sexual conduct as defined in
Penal Code Section 311.4.


**SPEC ALLEG-2/3 STRIKES (ONE PRIOR)**
PC667(b)-(i)

It is further alleged as to count ONE and TWO  pursuant to Penal Code section(s) 667(b)
through (i) that the  defendant(s) TIMOTHY CHARLES CRAIG, has suffered the following prior
conviction(s) of a serious or violent felony or juvenile adjudication:

**PC 664/288(a)**          **Los Angeles**          **#SA036062-01**          **8/5/99**


**SPEC ALLEG-PRIOR-ANY FELONY**
PC667.5(b)

It is further alleged as to Count(s)  ONE and TWO  pursuant to Penal Code Section 667.5(b)
that the  defendant TIMOTHY CHARLES CRAIG,   has suffered the following prior
conviction(s):

**PC 664/288(a)**          **Los Angeles**          **#SA036062-01**          **8/5/99**

and that a term was served as described in Penal Code section 667.5 for said offense(s), and
that the  defendant TIMOTHY CHARLES CRAIG,  did not remain free of prison custody for,

and did commit an offense resulting in a felony conviction during, a period of five years subsequent to the conclusion of said term.

Complainant therefore prays that a warrant be issued and that said defendant(s) be dealt with according to law.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED:  December 4, 2007

GARY LIEBERSTEIN
DISTRICT ATTORNEY

By: _____
     Paul Gero
     Deputy District Attorney
pg

---

### NOTICE
PLEASE TAKE NOTICE THAT COUNSEL FOR THE PEOPLE HEREBY MAKE AN INFORMAL DEMAND FOR DISCOVERY (PURSUANT TO PC 1054.3) WITHIN FIFTEEN DAYS

---

### SUMMARY OF CHARGES AND PUNISHMENT
TIMOTHY CHARLES CRAIG
( DOB : 09/03/1958 )

| COUNT | CHARGE | PUNISHMENT | EFFECT |
|-------|--------|------------|--------|
| ONE | PC311.11(b) | 2-4-6 | |
| TWO | PC311.2(b) | 2-3-6 | |
| SPEC | PC667(b)-(i) | Check Code | |
| SPEC | PC667.5(b) | +1 yr. per prior | |

EXHIBIT H

GARY LIEBERSTEIN
DISTRICT ATTORNEY
931 Parkway Mall
Napa, CA 94559
(707) 253-4211
FAX: (707) 253-4041

RECEIVED
JAN 16 2008
NAPA CO.
PUBLIC DEFENDER

SUPERIOR COURT OF CALIFORNIA

COUNTY OF NAPA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff,<br><br><br>vs.<br><br><br>TIMOTHY CHARLES CRAIG,<br><br>Defendant(s). | COURT NUMBER(S):    CR138178<br>PID NUMBER(S):        198602021-05<br><br>**PEOPLE'S POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE & QUASH OR TRAVERSE SEARCH WARRANT (PC 1538.5)**<br><br>DATE:            January 18, 2008<br>TIME:            8:30 a.m.<br>DEPARTMENT:    E |

## I. STATEMENT OF THE CASE

The search warrant challenged in this case resulted in the prosecution of defendant. He is charged by Complaint with violating Penal Code Sections 311.11(b), 311.2(b) and 290(a)(1)(A) and special allegations, specifically Penal Code Sections 667(b)-(i) (Prior Strike) and 667.5(b) (Prior Prison Term). On January 4, 2008, defendant filed a Motion to Suppress and Quash Warrant. This motion attempts to suppress and return defendant's property, including child pornography, seized by the Napa County Sheriff's Department. He would like to prevent the People from proceeding against the defendant in the prosecution for Possession of Child Pornography With a Prior and Exhibiting a Minor in Pornography.

COPY

## II. STATEMENT OF FACTS

In January 2007, the Department of Homeland Security through Immigration and Customs Enforcement ("ICE") was conducting an ongoing operation ("Operation Bulldog") against child pornography. An investigation by the Orland Park, Illinois Police Department discovered that Richard Darkey received an image of child pornography from Lee Sly. This email, titled "6th graders from the REAR only", was forwarded unwittingly to law enforcement on December 12, 2006.

On March 1, 2007, ICE served America Online with a federal search warrant for Lee Sly's e-mail account. According to ICE, the account revealed 125 other individuals engaged in trading child pornography. All of these contain at least one image or movie file of child pornography received, forwarded and/or traded by each target in January and February 2007.

Pursuant to the federal search warrant, one of the 125 individuals was identified to ICE by America Online as "Limosdude" – Tim Craig, 3271 Beard Rd., Napa, CA 94558, (707) 257-1282. Message # 228 in Lee Sly's "sent" folder.

Defendant is identified as a registered sex offender for a conviction of attempt Child Molest in Los Angeles County. His is also identified as the defendant in a 2002 prosecution out of San Mateo County. This case involved the luring of a 13 year old girl, played by an undercover police officer from the Daly City Police Department.

On June 11, 2007, Special Agent Vladimir Venerga subpoenaed Pacific Gas and Electric to produce records for defendant. These records verify the name and address for defendant. Defendant, Tim Craig, lived at 3271 Beard Road in Napa, California since August, 2003.

In July, 2007 Napa County Sheriff's Department Detective Joe Jones received the aforementioned information from ICE and initiated an investigation. Detective Jones conducted a records check and

discovered that defendant resided at 3271 Beard Road, is registered with the Department of Justice as a sex offender, and had previous PC 288 offenses. On August 6, 2007, Detective Jones drove to 3271 Beard Road and observed a silver Jeep parked in front of the apartment. That vehicle was registered to defendant. The address was also consistent with the information held by law enforcement, the Meagan's Law website and previous convictions. Based on his training and experience, Detective Jones formed the opinion that defendant may be in possession of child pornography. He prepared and authored a search warrant for defendant's residence and vehicles. On August 7, 2007 at 11:15 a.m., Detective Jones personally presented the search warrant, including affidavit and attachment (ICE documents) to the Honorable John N. Anton. Judge Anton reviewed the search warrant and attachment, and signed it.

On August 8, 2007 at 9:45 a.m., Napa County Sheriff's Department Investigations detectives accompanied by ICE agents executed the search warrant at 3271 Beard Road. Approximately 30 items of evidence were seized, including child pornography, evidence of trading in child pornography, conversations with children on the internet, child-sized plastic blow-up doll, girl's panties, marijuana paraphernalia and indicia.

### III. ARGUMENT

If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants . . . must be tested and interpreted by magistrates and courts in a common-sense and realistic fashion. They are normally drafted by non-lawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting.

This is not to say that probable cause can be made out by affidavits which are purely conclusory, stating only the affiant's or an informer's

belief that probable cause exists without detailing any of the "underlying circumstances" upon which that belief is based. [Citation.] Recital of some of the underlying circumstances in the affidavit is essential if the magistrate is to perform his detached function and not serve merely as a rubber stamp for the police. However, where these circumstances are detailed, where reason for crediting the source of the information is given, and when a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a common sense, manner. Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants.

(*United States v. Ventresca* (1965 380 U.S. 102, 108-109 [85 S.Ct. 741, 746].) The United States Supreme Court in *Illinois v. Gates* (1983) further stated:

> Similarly, we have repeatedly said that after-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of *de novo* review. A magistrate's "determination of probable cause should be paid great deference by reviewing courts." [Citation.] "A grudging or negative attitude by reviewing courts toward warrants," [Citation], is inconsistent with the Fourth Amendment's strong preference for searches conducted pursuant to a warrant . . . ."

> The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of the reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . conclud[ing]" that probable cause existed. [Citation.]

(*Illinois v. Gates* (1983) 462 U.S. 213, 236, 238-239 [103 S.Ct. 2317, 2331, 2332].)

**A. Defendant Must Establish Standing To Raise A Fourth Amendment Violation.**

The Proponent of a motion to suppress evidence has the burden of establishing that the challenged search or seizure violated his or her own Fourth Amendment rights.  (Rawlings v. Kentucky (1980) 448 U.S. 98, 105; Rakas v. Illinois (1978) 439 U.S. 128, 143; People v. Moreno (1992) 2

Cal.App.4th 577.) "The demonstration of a legitimate expectation of privacy 'is a threshold standing requirement, and analysis cannot proceed further without its establishment.'" (United States v. Singleton (9th Cir. 1993) 987 F.2d 1444,1449, citing United States v. Cruz Jimenez (1st Cir. 1990) 894 F.2d 1, 5.)

The People may challenge the defendant's standing even if their theory of the case is based on evidence that the defendant's standing has a possessory interest in the seized item. As the Court noted in United States v. Salvucci (1980) 448 U.S. 83, 87, a "prosecutor may simultaneously maintain that the defendant criminally possessed the seized good, but was not subject to a Fourth Amendment deprivation, without legal contradiction." (Id. at p. 100) In Singleton, supra, the defendant was charged with possession of cocaine that was found in a separate unit in back of his father's home. At the suppression hearing, the district court found standing based upon the government's theory that because the defendant lived in the back house, he had possession of the drugs. On appeal, the court held that the defendant's standing to contest a search could not be based solely on the theory advanced by the government. The court held that a defendant cannot "rely on estoppel to discharge his allotted burden of proof, nor may a court overlook a defendant's failure to carry that burden." (United States v. Singleton, supra, 987, F.2d at p. 1449.)

The United States Supreme Court has held that the government may challenge a defendant's standing to object to the search of his girlfriend's purse, despite its contention that the defendant owned drugs found in the purse. (Rawlings v. Kentucky, supra, 448 U.S. at p. 104-106.) Similarly, in United States v. Irizarry (1st Cir. 1982) 678 F.2d 554, 556, the court permitted the government to challenge a defendant's standing to object to the search of an apartment belonging to another while maintaining that the checks found in the apartment belonged to the defendant.

In this case, Defendant must show that a privacy right exists.

**B. Standard of Review**

The standard under which search warrants are to be reviewed for adequate probable cause was set out by the United States Supreme Court in *Illinois v. Gates* (1983) 462 U.S. 213 [103 S.Ct. 2317] as follows:

> [W]e conclude that it is wiser to abandon the "two-prong" test established by our decisions in *Aguilar* and *Spinelli*. In its place we affirm the totality-of-the-circumstances analysis that traditionally has informed probable-cause determinations. [Citations.] The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis for knowledge" of persons supplying the hearsay information, there is a **fair probability** that contraband or evidence of a crime will be found in a particular place. And the duty of the reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . conclud[ing]" that probable cause existed. [Citation.]

(*Illinois v. Gates* (1983) 462 U.S. 213, 238-239 [103 S.Ct. 2317, 2332], emphasis added.) "Fair probability" is a lesser standard than the "substantially probable" standard that had been articulated by the California Supreme Court in *People v. Cook* (1978) 22 Cal.3d 67, 84, fn. 8.) The *Gates* case and the totality of the circumstances standard are applicable in California. (See *People v. Spears* (1991) 228 Cal.App.3d 1, 19.)

Both the magistrate and reviewing courts are to interpret an affidavit for a search warrant in a common sense and realistic fashion. (Illinois v. Gates (1983) 462 U.S. 213, 238; United States v. Ventresca (1965) 380 U.S. 102, 108.) The issuing magistrate's task was to make a practical and common-sense decision whether, given all the information contained in the affidavit, "there is a fair probability that contraband or evidence of a crime will be found in a particular place." (Illinois v. Gates, *supra* at p. 238)

A court reviewing issuance of the warrant does not determine probable cause de novo.  Its task is simply to insure the magistrate had a substantial basis for concluding that probable cause existed. (Massachusetts v. Upton (1984) 466 U.S. 727, 733; Illinois v. Gates, *supra*, 462 U.S. at p. 238.)  The reviewing court must pay great deference to the magistrate's decision.  (Illinois v. Gates, *supra*; People v. Glenos (1992) 7 Cal.App.4th 1201, 1206.)  And, doubtful or marginal cases should be resolved by a preference for the warrant.  (Ventresca, supra, 380 U.S. at p. 108; People v. Superior Court (Corona) (1981) 30 Cal.3d 193, 203.)  "A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting." (Ventresca, supra.)  The duty of the reviewing court is to save the warrant if it can do so in good conscience.  (Caligari v. Superior Court (1979) 98 Cal.App.3d 725, 729.)


**C. Defendant's Motion To Quash Must Be Denied.**

**1. Sufficient Evidence Was Present In The Affidavit To Establish Probable Cause.**

Probable cause to issue a search warrant is a fluid concept depending on the totality of the circumstances.  The issuing magistrate must "make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place."  (Illinois v. Gates (1983) 462 U.S. 213, 232, 238; People v. Camarella (1991) 54 Cal.3d 592, 600-601.)

Additionally, the issuing magistrate may rely upon relevant opinions and conclusions drawn by an experienced affiant-officer on the issue of probable cause.  (People v. Sandlin (1991) 230 Cal.App.3d 1310, 1315; People v. Cleland (1990) 225 Cal.App.3d 388, 393; People v. Johnson (1971) 21

Cal.App.3d 235, 243, 245.) " 'The rule should not be understood as placing the ordinary man of ordinary care and prudence and the officer experienced in the detection of narcotics offenders in the same class. Circumstances and conduct which would not excite the suspicion of the man on the street might be highly significant to an officer who had had extensive training and experience in the devious and cunning devices used by narcotics offenders to conceal their crimes.' [Citations.]" (People v. Superior Court (Kiefer) (1970) 3 Cal.3d 807, 827; see also People v. Rich (1977) 72 Cal.App.3d 115, 121.)

"Matters which may be taken into account include the past criminal record of the suspected person and his association with known narcotics users [Citations], and the fact that a person was to be in possession of a narcotic shortly after he left the premises of the suspected person. [Citation.]" (People v. Perez (1961) 189 Cal.App.2d 526, 533.) In People v. Thomas (1980) 112 Cal.App.3d 980, part of the probable cause used by the officers in acquiring their search warrant was that during their surveillance of defendant's apartment, "they saw various people make brief, five- to ten-minute visits to the apartment; however, due to the inclement weather the officers were unable to get good descriptions of most of these visitors." (People v. Thomas (1980) 112 Cal.App.3d 980, 984.) Furthermore, "officers maintaining the surveillance observed a blue 1967 Volkswagen drive up in front of the apartment; two men left the car, entered the apartment, and returned about five minutes later. A check of the car's license number revealed an outstanding felony warrant—possession of heroin—for the registered owner . . . ." (Id. at p. 984.)

"Frequent brief visits to residence by numerous persons is an indication of narcotics traffic. [Citations.] Some innocent explanation for these comings and goings may be imagined. But, '[t]he possibility of an innocent explanation does not deprive the officer of the capacity to entertain a reasonable suspicion of criminal conduct.' [Citation.]" (People v. Kershaw (147 Cal.App.3d 750, 759-

760.) "'It is fundamental that an officer's observations can give rise to probable cause [for a search] . . . if that officer had sufficient training and experience from which to draw the conclusions necessary to create a reasonable belief in the presence of contraband.' [Citation.]" (People v. Kershaw, 147 Cal.App.3d 750, 760.)

The recent case of People v. Mikesell (1996) 46 Cal.App.4th 1711 is illustrative. In Mikesell, an informant witnessed heavy car traffic to and from the defendant's home. The visitor's stayed at the home for only 15 to 20 minutes. The informant had been told by friends that drugs were being sold at the home, and that one could buy just about anything. Approximately three weeks later, officers conducted a surveillance of the home, and saw numerous cars pull into the driveway. During a 70-minute period, eight cars pulled in and out of the driveway.  All but one of the visitors stayed for just a few minutes. This was the only recent information provided. (Mikesell, supra, at p. 1715.) Older information was included in the warrant about extensive narcotics involvement of defendant as old as four years and up to six months prior to the current information. (Id. at pp. 1714-1715.)

The Mikesell court also had the following observation regarding corroboration:

Defendants also assert that Deputy Hagwood's observation of heavy car traffic to and from their home did not adequately corroborate the informant's information in the Rives warrant because the traffic could be the result of wholly innocent activity. However, defendants have misstated the relevant standard for corroborating information. "For corroboration to be incriminating it is not necessary that the activities the police observe point unequivocally toward guilt. It is sufficient that those activities give rise to a reasonable inference or strong suspicion of guilt." [Citations.]

We conclude that a review of the totality of the circumstances presented by the Rives and Gamberg warrants leads to this conclusion: a fair probability existed that evidence of an ongoing drug sales operation would be found at the Mikesell's home. Our conclusion is strengthened when we apply the rule that doubtful or marginal cases are to be resolved with a preference for upholding a search under a warrant. (People v. Mesa, supra, 14 Cal.3d at p. 470.)

Defendant first takes aim at the sources of information gathered by Detective Jones. The primary source is law enforcement officers from ICE, a division of the Department of Homeland Security. ICE agents told Detective Jones that Tim Craig in Napa, California received at least one image of child pornography from Lee Sly. Police officers and other law-enforcement officers are considered credible by virtue of their occupation. People v. Hill (1974) 12 Cal..3d 731, 761. The affiant neeed only state that the person from whom he received information is a police officer in order to satisfy the requirement of reliability. For example, in People v. Paris (1975) 48 Cal.App.3d 766, a statement given to the affiant by a police officer regarding his off-duty observation of kilos of marijuana was considered credible. In his affidavit, Detective Jones plainly identifies special agents from ICE as the source of his information. In addition, he went the additional step of providing the documents utilized by ICE in the form of an attachment to the search warrant.

The secondary source of information is America Online who identified defendant while complying with a federal search warrant. Because of AOL's obligation to comply with federal law (42 U.S.C. Section 13032) and mandated compliance with a federal search warrant, there is a presumption of reliability akin to that afforded a citizen informant. In State v. Woolridge (Fla. Ct. App., 2d Dist. 2007) --- So.2d ---, 2007 WL 548805, the court held that AOL was "acting in a manner analogous that that of a citizen informant when it forwarded the information to NCMEC", making the tip's reliability thereby presumed and there is no need for corroboration. That is certainly true in the present case. Therefore, the identifying information supplied by America Online in the instant case should be considered reliable and accurate. And it is most informative that everything revealed to law enforcement, including the defendant's name, address, phone number and screen name, was accurate.

Defendant alleges that the affidavit submitted by Detective Jones is "based exclusively on conclusionary statements" and there is "no evidence whatsoever". This argument fails for two primary reasons. First, the affidavit included an attachment with the ICE reports, federal search warrant and

America Online records. Although the Napa County Clerk's Office misplaced this document, this was still part of the affidavit and reviewed by Judge Anton. The attachment clearly demonstrates that America Online identified the defendant as a person who was possessing child pornography. Second, the affidavit alone sufficiently identified the defendant as a person who was possessing child pornography. Pursuant to federal search warrant, America Online identified 125 individuals trading in child pornography with Lee Sly. Lee Sly sent child pornography in "Message #223" to Tim Craig, defendant, with the corresponding residence and phone number. Thus, defendant possessed child pornography. The defendant's identifying information was checked by Special Agent Denmore through Pacific Gas & Electric and double checked by Detective Jones through his Department of Justice sex registration records. Defendant's assertion that there is "no evidence whatsoever" and "without a shred of supporting evidence" connecting to Tim Craig to "Limosdude" rings hollow. It states in the affidavit that America Online search warrant results indicated the following: ""Limosdude" – Tim Craig , 3271 Beard Rd., Napa, CA, 94558, (707) 257-1282.

## 2. The Information Was Not Stale

It has been held that the information presented to a magistrate supporting probable cause to issue a search warrant must consist of "facts so closely related to the time of the issuance of the warrant as to justify a finding of probable cause at that time. Whether the proof meets this test must be determined by the circumstances of each case." (Sgro v. United States (1932) 287 U.S. 206, 210-211)

There is no bright line between fresh and stale information. A marijuana buy 15 days earlier was held fresh enough to support a search warrant in People v. Wilson (1968) 268 Cal.App.2d 581, 588-589. And the passage of 18 days between the time marijuana was seen at the search location and the time the search warrant did not make the information stale in People v. Scott (1968) 259 Cal.App.2d 268, 277.

The finding of probable cause was supported by the suggestion in the affidavit that the drug activity described had been conducted as a "regular business." (Ibid.)

In <u>People v. Thompson</u> (1979) 89 Cal.App.3d 425, the court of appeal upheld the magistrate's conclusion that it was probable that contraband would be on the premises described even though there had been a lapse of from 10 to 16 days between the officer's receipt of information upon which the affidavit was based and the application for the warrant. Again, the evidence indicated that the defendant was engaged in a "continuing and ongoing activity." (Id. at pp. 429-430; see also <u>Brown v. Superior Court</u> (1973) 34 Cal.App.3d 539, 544 [nine days not too old]; <u>People v. Wilson</u> (1986) 182 Cal.App.3d 742, 754-755 [information of ongoing enterprise 40 days old was not stale]; <u>People v. Hulland</u> (2003) 110 Cal.App.4th 1646, 1652-1653 [52-day-old information was stale].)

In this case, law enforcement officers discovered that defendant traded child pornography in January or February, 2007. In March, 2007 ICE served America Online with federal search warrants. In July, 2007, verification of defendant's location was made by ICE. The search warrant in this case was signed and served in August, 2007. The time of delay, at most, would be seven months. The affidavit in this case provides ample reason to believe the items sought were still in defendant's residence. Defendant, a registered sex offender and trader of illicit images was likely to have contraband in his possession based upon good reasons and common sense. Collectors of child pornography rarely if ever dispose of sexually explicit materials because they value the material so highly. The long-term nature of the crime provides good reason to believe the computerized visual depictions downloaded by defendant would be present in his residence when the search was conducted months later. It is also unreasonable to believe that defendant, a collector and pedophile, would destroy it or give it away. Thus, the information provided in the affidavit was not stale.

**D. Defendant Fails To Make An Adequate Preliminary Showing To Support Any Traversal Motion.**

In the leading case of Franks v. Delaware (1978) 438 U.S. 154, the Court held a defendant has a limited Fourth Amendment right to challenge the validity of a search warrant by controverting the factual allegations made in the supporting affidavit.  A defendant is entitled to an evidentiary hearing on the affidavit's veracity only after making a substantial preliminary showing that (1) the affidavit includes a false statement made "knowingly and intentionally, or with reckless disregard for the truth," and (2) "the allegedly false statement is necessary to the finding of probable cause." (Id. at pp. 155-156; People v. Hobbs (1994) 7 Cal.4th 948, 974; People v. Luttenberger (1990) 50 Cal.3d 1, 9-11.)

Because there is a presumption of validity in favor of the affidavit supporting a search warrant, a challenger's attack,

> [M]ust be more than conclusory and must be supported by more than a mere desire to cross examine.  There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof.  They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons.  Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained.  Allegations of negligence or innocent mistake are insufficient.

(Franks v. Delaware, *supra*, 438 U.S. at p. 171.)

In addition to this substantial preliminary showing that a false statement knowingly and intentionally, or recklessly was included in the affidavit, a defendant must also show that when this misstatement is set to one side, the remaining content of the affidavit is insufficient to support a finding of probable cause. (Id. at pp. 171-172.)  Only then is the defense entitled to an evidentiary hearing.  If sufficient

unchallenged information remains to support a finding of probable cause, the motion to traverse must be denied without a hearing.

A conclusory and uncorroborated defense declaration, which simply denies the acts alleged in the affidavit, or which appears to be unreliable because it is contradicted by established facts, is wholly insufficient to require a hearing. (People v. Box (1993) 14 Cal.App.4th 177, 184-186; People v. Sandlin (1991) 230 Cal.App.3d 1310, 1318.)  Even a tape recorded statement of a witness disavowing information attributed to him in the search warrant affidavit has been held insufficient because it was unsworn. (People v. Box, supra, at pp. 183-184.)  "In short, the message delivered by the highest judicial authority is plain. . . .  With specific reference to facially sufficient warrants issued by neutral magistrates, it is a rare day indeed when they can be successfully challenged.  One who ventures upon that effort better have his facts and figures, and they should be compelling.  A fishing expedition will not be entertained."  (People v. Wilson (1986) 182 Cal.App.3d 742, 750.)

At this time, the defendant has failed to make a substantial preliminary showing that the affidavit includes a false statement made knowingly and intentionally, or with reckless disregard for the truth, and that the allegedly false statement is necessary to the finding of probable cause.  Therefore, the court should deny his motion to traverse if raised at this hearing.

**E. Evidence Will Not Be Excluded If Law Enforcement Acted On The Warrant In Good faith.**

Assuming, arguendo, that the court finds the search warrant affidavit contains insufficient probable cause, the People contend that, under *United States v. Leon* (1984) 468 U.S. 897 [82 L.Ed.2d 677, 104 S.Ct. 3405] (*Leon*), the "good faith" exception to the exclusionary rule should apply because of the officer's "objectively reasonable" good faith reliance upon the search warrant.

In *Leon*, the United States Supreme Court declared that the Fourth Amendment does not require suppression of evidence "obtained by officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be unsupported by probable cause." (*United States v. Leon* (1984) 468 U.S. 897, 900 [104 S.Ct. 3405, 3409]; see also *Massachusetts v. Shepard* (1984) 468 U.S. 981, 987-988 [104 S.Ct. 3424, 3427]; *People v. Ruiz* (1990) 217 Cal.App.3d 574, 580-581; *People v. Alvarez* (1989) 209 Cal.App.3d 660, 665.) "[T]he essential prerequisite to the reasonable good faith exception [I]s a finding that the officers had a good faith objectively reasonable belief that the search they conducted was authorized by a valid warrant [and] . . . that the officers properly executed the warrant and searched only those places and for those objects that it was reasonable to believe were covered by the warrant." (*People v. Fortune* (1988) 197 Cal.App.3d 941, 950, italics, citation and internal quotation marks omitted; see also *People v. Alvarez, supra*, at p. 665; *People v. MacAvoy* (1984) 162 Cal.App.3d 746, 764.)

Suppression remains a remedy if the magistrate in issuing a warrant was: (1) misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth; (2) where the issuing magistrate wholly abandoned his judicial role; (3) if a warrant was based on the officer's manifest objective good faith in relying on a warrant based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) if the warrant itself is so facially deficient that the executing officers cannot reasonably presume it to be valid. (*United States v. Leon, supra*, at p. 923 [104 S.Ct. at p. 3421]; *People v. Camarella* (1991) 54 Cal.3d 592, 596.)

"'In most cases, the fact that a warrant was issued by a neutral and detached magistrate will suffice to establish that the officer has acted in good faith in conducting the search' [Citation.] *Leon* applies an objective standard which 'requires officers to have a reasonable knowledge of what the law prohibits.' [Citation.] 'Where the affidavit is sufficient to create disagreement among thoughtful and competent judges, the officer's reliance on the magistrate's determination of probable cause should be deemed objectively reasonable.' [Citation.]" (*People v. McDaniels* (1994) 21 Cal.App.4th 1560, 1566.) But: "If a well-trained officer should reasonably have *known* that the affidavit failed to establish

probable cause and hence that the officer should not have sought a warrant), exclusion is required under the third situation described in *Leon*, and a court may not rely on the fact that a warrant was issued in assessing objective reasonableness of the officer's conduct in seeking the warrant." (*People v. Camarella, supra*, 54 Cal.3d at p. 596.) "A police officer may shift all of the responsibility for the protection of an accused's Fourth Amendment rights to the magistrate by executing a warrant no matter how deficient it may be in describing the places to be searched and the items to be seized. An officer applying for a warrant is required to exercise reasonable professional judgment." (*People v. Bradford* (1997) 15 Cal.4th 1229, 1292.)

A perfect example of the good faith doctrine is found in the California Supreme Court decision of *People v. Camarella* (1991) 54 Cal.3d 592. In *Camarella*, police officers received a call from an anonymous informant who said she used to purchase her cocaine from the defendant. While she no longer used cocaine, a relative of hers did and was currently buying from the defendant. The caller stated defendant's place of business and his approximate residence. (*Id.* at p. 597.)

The officer who applied for the warrant then checked his records and discovered that about nine months earlier, a CI had spoken to the officer and stated that the CI had recently purchased cocaine from Camarella. A records check showed that about three years earlier, Camarella had been arrested for possession of cocaine with "pay/owe" sheets recording probable drug sales in his possession. (*People v. Camarella, supra*, 54 Cal.3d at p. 598.) The only additional investigation taken prior to serving the warrant was to verify Camarella's address. There was no recent observation of heavy traffic to and from Camarella's residence. The *Camarella* court concluded that "a well-trained officer reasonably could have believed that the affidavit presented a close or debatable question on the issue of probable cause. [Citations.] Thus it cannot be said that Detective Addoms should have *known* that his affidavit failed to establish probable cause (and hence that he should not have sought a warrant)." (*People v. Camarella, supra*, 54 Cal.3d at p. 606.)

The *Camarella* court also commented on the defendant's assertions that more investigation could have occurred:

It is true, as the majority in the Court of Appeal noted below, that a reasonable officer might have undertaken additional investigation to augment the affidavit before submitting it to the magistrate. The question under *Leon, supra*, 468 U.S. 879, however, is not whether further investigation would have been reasonable, but whether a reasonable officer in Addom's position would have *known* that the affidavit, as it existed at the time it was to be presented to the magistrate, was legally insufficient without additional and more recent corroboration.

(*People v. Camarella* (1991) 54 Cal.3d 592, 606.)

In general, a search conducted pursuant to a search warrant is presumed lawful. Thus, the burden of establishing the invalidity of the search warrant rests upon the defendant. (Theodor v. Superior Court (1972) 8 Cal.3d 77, 101.) Further, evidence seized by an officer during a search in objectively reasonable reliance on the validity of a search warrant will not be excluded even if the warrant is later determined to have been issued without probable cause. (United States v. Leon (1984) 468 U.S. 897, 922; People v. Lopez (1985) 173 Cal.App.3d 125, 139-142; People v. MacAvoy (1984) 162 Cal.App.3d 746, 759-765.) The People have the burden of proving objectively reasonable reliance to support application of the good faith exception to the exclusionary rule. (People v. Willis (2002) 28 Cal.4th 22.) The very fact the officer is acting on a warrant issued by a neutral and detached magistrate normally suffices to establish that the officer is acting in good faith. (Leon, supra; United States v. Ross (1982) 456 U.S. 798, 823, fn. 32.) The test then becomes "whether a reasonable and well-trained officer 'would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant.' " (People v. Camarella (1991) 54 Cal.3d 592, 605-606, italics original.)

In this case, the affiant received information from law enforcement officers at the Department of Homeland Security, Immigration and Customs Enforcement, and results of a federal search warrant. He also conducted his own investigation, making key observations at defendant's residence and a noting a

criminal history of sexual deviancy. The affiant, an experienced child pornography investigator, had previous success presenting similar search warrants on a state and federal level. The affiant prepared a Search Warrant Affidavit detailing the probable cause for requesting the search warrant. The Honorable Judge John N. Anton, a neutral and detached magistrate, reviewed the affidavit in its entirety and found probable cause to issue the search warrant. The affiant and other law enforcement officers acted on the warrant and conducted a search of the defendant's residence and found the contraband they expected to find. Given that the agents objectively and reasonably relied on the warrant issued by the magistrate, the evidence should not be excluded. It would be highly unfair to attribute to the affiant that he **knew** the affidavit was legally insufficient at the time he presented it to the magistrate. I believe a sound legal case has been made that the affidavit provides sufficient probable cause, therefore, by definition, the good faith exception under *Leon* has been complied with. Defendant's motion to quash the search warrant should be denied.

## IV. CONCLUSION

Based on the foregoing, the People respectfully urge the court to deny defendant's motion to suppress evidence and quash or traverse the search warrant.

Dated:  January 16, 2008                        Respectfully submitted,

                                                GARY LIEBERSTEIN
                                                Napa County District Attorney

                                        By: _____
                                                Paul Gero
                                                Deputy District Attorney

**PROOF OF SERVICE**

1

2          I declare that I am employed in the County of Napa, State of California; that

3    I am over the age of eighteen years; that I am not a party to this action; and that

     my business address is 931 Parkway Mall, Napa, California 94559.

4

5          On January 16, 2008, I served a copy of the attached People's Opposition To

     Defendant's Motion to Suppress Evidence & Quash or Traverse Search Warrant in

6    the attached case, on defense counsel:

7
     Ronald Abernathy
8    Chief Deputy Public Defender

9                                        

10

11   as follows:

12   ☐    FAX NUMBER – I served the above-described document in the above-

13        numbered action by sending a true and correct copy by a facsimile machine to

          the name and telephone number indicated above, and that said transmission

14        was reported as complete and without error;

15

16   ☐    PERSONAL DELIVERY – I personally served the above-described document

          in the above-numbered action by leaving it with the receptionist for the

17        attorney's office named above;

18

     ☐    U.S. MAIL – I served the above-described document in the above-numbered

19        action by placing a true and correct copy thereof enclosed in a sealed envelope

20        with postage thereon fully prepaid, in the U.S. Mail, addressed as indicated

21        above;

22   ☒    SUBSTITUTION SERVICE – I served the above-described document in the

          above-numbered action by placing a true and correct copy thereof in the

23        District Attorney pickup basket/folder and/or the Court file for interoffice

24        pickup.

25          I declare under penalty of perjury under the laws of the State of California

26   that the foregoing is true and correct.

27   Dated: 1/16/08

28                                        D. Warren

                                          D. WARREN

29

EXHIBIT I

**California Crimes Requiring Sex Registration Under the Sex Offender Registration Act, Cal. Penal Code § 290**

**As of October 2007**

| California Penal Code § | Definition |
|---|---|
| 207 | Kidnapping committed with intent to violate sections 261, 286, 288, 288a, or 289. |
| 207(b) | Kidnapping, victim under 14 with the intent to violate any 288 sections. |
| 209 | Kidnapping for ransom committed with intent to violate sections 261, 286, 288, 288a, or 289. |
| 209(b)(1) | Kidnapping for ransom committed with intent to violate sections 261, 286, 288, 288a, or 289. |
| 220 | Assault to commit rape, sodomy, or oral copulation or to violate sections 264.1, 288 or 289. |
| 220/261 | Assault to commit rape. |
| 220/261(2) | Assault to commit rape by force or fear. |
| 220/664.1 | Assault to rape in concert with force/violence. |
| 243.4 | Sexual battery. |
| 243.4(a) | Sexual battery. |
| 243.4(b) | Sexual battery on medically institutionalized person. |
| 243.4(c) | Sexual battery victim unaware-fraudulent misrepresentation. |
| 243.4(d) | Sexual battery involving restrained person. |
| 243.4(e)(1) | Touch person intimately against will for sexual arousal/etc. |
| 261 | Rape: not specified. |
| 261(1) | Rape: victim incapable of consent. |
| 261(2) | (Prior Code) Rape by force or fear. |
| 261(2)/264.1 | Rape in concert by force. |
| 261(3) | Rape of drugged victim. |
| 261(4) | Rape: victim unconscious of the nature of the act. |
| 261(6) | Rape by threat of retaliation. |
| 261(a)(1) | Rape: Victim incapable of giving consent. |
| 261(a)(2) | Rape by force/fear etc. |
| 261(a)(3) | Rape of drugged victim. |
| 261(a)(4) | (Prior Code) Rape: Victim unconscious of the nature of the act. |
| 261(a)(4)(A) | Rape: Victim was unconscious or asleep. |
| 261(a)(4)(B) | Rape: Victim was unconscious and not aware of the act. |

| California Penal Code § | Definition |
|---|---|
| 261(a)(4)(C) | Rape: Victim not aware due to perpetrator's fraud. |
| 261(a)(4)(D) | Rape: Victim not aware - fraudulent misrepresentation. |
| 261(a)(6) | Rape by threat of retaliation. |
| 261.2 | (Prior Code) Rape by force or fear.- |
| 261.2/261.3 | (Prior Code) Rape by force or threat. |
| 261.3 | (Prior Code) Rape by force or victim intoxicated. |
| 261.4 | (Prior Code) Rape by threat or rape of drugged victim. |
| 262(a)(1) | Rape Spouse by force or fear. |
| 264.1 | Rape/etc. in concert with force/violence. |
| 266 | Entice minor female for prostitution/etc. |
| 266c | Induce intercourse/sex acts by false representation with intent to create fear. |
| 266h(b) | Pimping: Prostitute under 16 years of age. |
| 266i(b) | Pandering: Pandering Prostitute under 16 years of age. |
| 266j | Procurement of person under 16 for lewd and lascivious acts. |
| 267 | Abduct minor for prostitution. |
| 269 | Aggravated sexual assault/child under 14 or 10 years. |
| 269(a) | Aggravated sexual assault child under 14 and 10 years younger. |
| 269(a)(1) | Aggravated sexual assault child under 14 to violate 261(a)(2). |
| 269(a)(2) | Aggravated sexual assault child under 14 to violate 264.1. |
| 269(a)(3) | Aggravated sexual assault child under 14 to violate 286 by force or fear. |
| 269(a)(4) | Aggravated sexual assault child under 14 to violate 288a by force or fear. |
| 269(a)(5) | Aggravated sexual assault child under 14 to violate 289(a) by force or fear. |
| 272 | Contribute to the delinquency of a minor (lewd or lascivious). |
| 285 | Incest. |
| 286 | Sodomy. |
| 286(a) | Sodomy: General Category. |
| 286(b)(1) | Sodomy with person under 18 years. |
| 286(b)(2) | Sodomy with person under 16 years. |
| 286(c) | (Prior Code) Sodomy with person under 14 years or with force. |
| 286(c)(1) | Sodomy with person under 14 years. |
| 286(c)(2) | Sodomy with force or violence. |
| 286(c)(3) | Sodomy with threat of retaliation. |

| California Penal Code § | Definition |
|---|---|
| 286(d) | Sodomy in concert with force. |
| 286(e) | Sodomy while confined in prison or jail. |
| 286(f) | Sodomy: victim unconscious of the nature of the act. |
| 286(g) | Sodomy: victim incapable of giving consent. |
| 286(h) | Sodomy: Without consent victim and defendant in mental facility. |
| 286(i) | Sodomy without consent: Victim intoxicated. |
| 286(i) | Sodomy without consent: Victim intoxicated. |
| 286(j) | Sodomy without consent: believe person is spouse. |
| 286(k) | Sodomy by threat of authority to arrest/deport. |
| 286(k) | Sodomy by threat of authority to arrest/deport. |
| 288 | Crimes against children: lewd or lascivious. |
| 288(a) | Lewd or lascivious acts with child under 14 years. |
| 288(b) | (Prior Code) Lewd or lascivious acts with a child under 14 years with force. |
| 288(b)(1) | Lewd or lascivious acts with child under 14 years with force. |
| 288(b)(2) | Oral copulation with person under 16 years. |
| 288(c) | (Prior Code) Oral copulation with person under 14 or by force. |
| 288(c) | (Prior Code) Lewd or lascivious acts with child 14 or 15 years old. |
| 288(c)(1) | Lewd or lascivious acts with child 14 or 15 years old. |
| 288(c)(2) | Caretaker commits lewd or lascivious acts on dependent adult. |
| 288(c)(2) | Caretaker commits sexual act on dependent adult with force. |
| 288a | Oral copulation. |
| 288a | Oral copulation. |
| 288a(a) | Oral copulation. |
| 288a(b)(1) | Oral copulation with person under 18 years. |
| 288a(b)(2) | Oral copulation with person under 16 years. |
| 288a(c) | (Prior Code) Oral copulation with person under 14 or by force. |
| 288a(c)(1) | Oral copulation with person under 14. |
| 288a(c)(2) | Oral copulation with force or violence. |
| 288a(c)(3) | Oral copulation threat of retaliation. |
| 288a(d) | Oral copulation in concert with force or fear. |
| 288a(d)(1) | (Prior Code) Oral copulation in concert with force or fear. |
| 288a(d)(2) | (Prior Code) Oral copulation in concert by threat of retaliation. |
| 288a(d)(3) | (Prior Code) Oral copulation in concert: victim incapable of consent. |
| 288a(e) | Oral copulation while confined in prison or jail. |
| 288a(f) | Oral copulation: Victim unconscious of the nature of the act. |
| 288a(f)(1) | Oral copulation: Victim was unconscious or asleep. |
| 288a(f)(2) | Oral copulation: Victim was unconscious and not aware of act. |

| California Penal Code § | Definition |
|---|---|
| 2888d(f)(3) | Oral copulation: Victim not aware due to perpetrator's fraud. |
| 2888a(f)(4) | Oral copulation: Victim not aware - fraudulent misrepresentation. |
| 2888a(g) | Oral copulation: Victim incapable of giving consent. |
| 2888a(h) | Oral copulation: Victim and defendant in state hospital. |
| 2888a(i) | Oral copulation: Victim intoxicated. |
| 2888a(i) | Oral copulation: Believe person is a spouse. |
| 2888a(k) | Oral copulation by threat of authority to arrest or deport. |
| 288.2 | Harmful matter - special circumstance *(felony only)*. |
| 288.2(a) | Harmful Matter: Seduction of minor via phone |
| 288.2(b) | Harmful Matter: Seduction of minor via mail/internet. |
| 288.3 | Communication with Minor with intent to commit sexual act |
| 288.5 | (Prior Code) Continuous sexual abuse of a child. |
| 288.5(a) | Continuous sexual abuse of child. |
| 288.7 | Sexual Intercourse or sodomy with Child 10 years or younger |
| 289 | (Prior Code): Sexual penetration with foreign object. |
| 289(a) | (Prior Code) Sexual penetration by foreign object. |
| 289(a)(1) | Sexual penetration by foreign object with force. |
| 289(a)(2) | Sexual penetration by foreign object with threat of retaliation. |
| 289(b) | Sexual penetration with foreign object: Victim incapable of consent. |
| 289(c) | Sexual penetration with foreign object. No consent: Victim and defendant in state hospital. |
| 289(d) | Sexual penetration: Foreign object. Victim unaware of nature of act. |
| 289(d)(1) | Sexual penetration: Foreign object. Victim unconscious or asleep. |
| 289(d)(2) | Sexual penetration: Foreign object. Victim unaware. |
| 289(d)(3) | Sexual penetration: Foreign object. Victim unaware of perpetrator's fraud. |
| 289(d)(4) | Sexual penetration: Victim not aware - fraudulent misrepresentation. |
| 289(e) | Sexual penetration with foreign object. Victim drugged. |
| 289(f) | Sexual penetration with foreign object. Victim believes it is spouse. |
| 289(g) | Sexual penetration with foreign object: Authority threat arrest. |
| 289(h) | Sexual penetration with foreign object: Victim under 18. |
| 289(i) | Sexual penetration with foreign object: Victim under 16. |
| 289(j) | Sexual penetration with foreign object: Victim under 14. |

| California Penal Code § | Definition |
| --- | --- |
| 311.1 | (Prior Code) Indecent exposure. |
| 311.1(a) | Send/sell etc. obscene matter depicting minor. |
| 311.1 | (Prior Code) Advertise obscene matter depicting minor. |
| 311.10(a) | Advertise obscene matter depicting minor. |
| 311.11 | (Prior Code) Possess obscene matter, child under 14 years. |
| 311.11(a) | Possess obscene matter of minor in sexual act. |
| 311.11(b) | Possess obscene matter of minor in sexual act with a prior conviction. |
| 311.2(b) | Distribute obscene material depicting minor for commercial consideration. |
| 311.2(c) | Distribute obscene material depicting minor (misdemeanor). |
| 311.2(d) | Distribute obscene matter of minor to minor. |
| 311.3 | (Prior Code) Sexual exploitation of a child. |
| 311.3(a) | Depict sexual conduct of minor. |
| 311.3(b) | Sexual exploitation depicting minor in sex act. |
| 311.3(b)(1) | Sexual exploitation: sexual intercourse. |
| 311.3(b)(2) | Sexual exploitation: penetration by foreign object. |
| 311.3(b)(3) | Sexual exploitation: masterbation. |
| 311.3(b)(4) | Sexual exploitation: sadomasochistic abuse. |
| 311.3(b)(5) | Sexual exploitation: exhibition of genitals. |
| 311.3(b)(6) | Sexual exploitation: defecation/urination for viewer stimulation. |
| 311.3(d) | Prior conviction: punishment. |
| 311.4 | (Prior Code) Employment or use of minor to perform prohibited acts. |
| 311.4(a) | Employment or use of minor to perform prohibited acts. |
| 311.4(b) | Employment or use of minor to perform prohibited acts for commercial purposes. |
| 311.4(c) | Employment or use of minor for obscene matter. |
| 314.1 | Indecent exposure. |
| 314.2 | Assist act of indecent exposure. |
| 646.9 | Stalking (felony) pursuant to 290 (a)(2)(E) only. |
| 647a | (Prior Code) Annoy or molest children. |
| 647a(1) | (Prior Code) Annoy or Molest Children. |
| 647.6 | Annoy or molest child under 18. |
| 647.6(a) | Annoy or molest Children |
| 647.6(b) | Annoy or molest children/illegal entry |

| California Penal Code § | Definition |
| --- | --- |
| 647.6(c)(1) | Annoy or molest children with prior |
| 647.6(c)(2) | Annoy or molest children specific prior conviction |
| 653f(c) | Soliciting commission of 264.1, 288, or 289 by force or violence. |