IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
|     Plaintiff, | No. CR 08-329-1 JSW |
|     v. | **NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING** |
| TIMOTHY CRAIG, | |
|     Defendant. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON SEPTEMBER 25, 2008, AT 2:30 P.M.:

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

//

//

//

The Court **tentatively denies** Defendant's request for a *Franks* hearing. The Court **tentatively grants** Defendant's request for an evidentiary hearing limited to the issue of whether the Federal materials were presented to Judge Anton. The Court does not, however, intend to hold an evidentiary hearing on September 25.

The parties each shall have fifteen (15) minutes to address the following questions:

1. What is the status of Defendant's outstanding discovery requests?

2. The Court understands Defendant's objections to considering the evidence in the Jones declaration for purposes of determining the sufficiency of the warrant. However, with respect to Defendant's request for a *Franks* hearing, would Defendant agree that Detective Jones declaration, submitted in connection with this motion, and the image are relevant as to whether he falsely stated that the image was child pornography?

    a. Defendant raised two new arguments in favor of a *Franks* hearing in his reply brief. What is the Government's response to the two additional alleged misstatements and omissions? In light of the fact that they were raised, in connection with *Franks*, on reply, why should the Court consider them?

3. Is the Government conceding that Detective Jones' affidavit, with or without the Federal materials, is insufficient to establish probable cause for the search warrant?

    a. If the Government is not conceding that Detective Jones affidavit is insufficient, what is its best argument that the affidavit alone, without consideration of the Federal materials, is sufficient to establish probable cause?

    b. What is its best argument that the affidavit with the Federal materials is sufficient to establish probable cause?

    c. Does the Government agree that there is no direct evidence in the Jones Affidavit or the Federal materials to suggest that Craig "actually solicited" the offending email? What is the Government's best argument that the communication between Sly and Defendant was neither unsolicited nor accidental?

    d. If the Federal materials were provided to Judge Anton, what is Defendant's position as to whether the description of other images associated with Lee Sly would provide a basis, considering the totality of the circumstances, for Judge Anton to conclude that "image 223" would also contain "child pornography?" (*See* Exhibit B at D000033-34, ¶ 9.a (describing images).)

4. Recognizing the arguments raised in the motion, and Defendant need not repeat those arguments in response to this question, would Defendant agree that *if* the Court concluded that Detective Jones' affidavit, without the attached materials, provided probable cause to search Defendant's home, that it would not be necessary to hold an evidentiary hearing on what Judge Anton did or did not see?

5. Does Defendant contend that the Federal materials also were not present during the search? *See United States v. Towne*, 997 F.2d 537, 549 (9th Cir. 1993) ("If a copy of Attachment B was presented to Judge Damron, if he relied upon the description it contained in authorizing the search, and if that description was made available to Treiber and to the officers who executed the search, then Attachment B is part of the search

2

1  warrant."). If that is Defendant's contention, how does that impact the Government's argument on the good faith exception?

2

3  6.  Are there any other issues the parties wish to address?

Dated: September 22, 2008

                                                                     _____
                                                                     JEFFREY S. WHITE
                                                                     UNITED STATES DISTRICT JUDGE